United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "AMY", et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RANDALL STEVEN CURTIS,<br><br>　　　　Defendant. | Case No. 19-cv-02184-PJH<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Defendant Randall Steven Curtis' motion to dismiss came on for hearing before this court on August 28, 2019. Plaintiffs appeared through their counsel, Carol Hepburn and John Kawai. Defendant appeared through his counsel, Ethan Balogh. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion.

**BACKGROUND**

According to the complaint, the defendant was indicted in the U.S. District Court for the Northern District of California for knowingly possessing and transporting child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(a)(1), respectively. Compl. ¶ 66. On July 13, 2017, defendant admitted that the offenses occurred on September 6, 2016, and pled guilty to all counts of the indictment. Id. ¶ 70; see United States v. Curtis, Case No. 16 Cr. 510 SI (N.D. Cal.), Dkt. 34 ¶ 2.

On April 23, 2019, fifteen plaintiffs, proceeding under pseudonyms, filed this civil action against Curtis based on the above-described conviction. Dkt. 1. At the time the complaint was filed, seven of the fifteen plaintiffs were adults, Compl. ¶¶ Id. ¶¶ 3, 5, 9, 11, 13, 15, 23 (the "seven adult plaintiffs"), and eight were minors, id. ¶¶ 7, 17, 20, 25, 27.

1  Each plaintiff alleges that they were victims of childhood sexual abuse and that depictions
2  of that abuse have been and continue to be distributed on the internet. Compl. ¶¶ 34-65.
3  Plaintiffs further allege that analysts at the National Center for Missing and Exploited
4  Children (the "NCMEC") matched child pornography images found on the defendant's
5  computer to child pornography images of plaintiffs in NCMEC's database. Id. ¶ 67. "On
6  March 14, 2017, plaintiffs first received notice of their images having been among those
7  possessed by defendant." Id. ¶ 69. Each of the named plaintiffs allege that they have
8  "been and will continue to suffer personal injury by the distribution and possession of
9  child pornography depicting her by persons including the Defendant." Id. ¶¶ 36, 39, 42,
10 45, 50, 53, 56, 59, 62, 65; see also id. ¶ 80 ("The Plaintiffs suffered personal injury as a
11 result of the Defendant's violation of 18 U.S.C. § 2252(a)(4)(B).").

Based on, inter alia, the above allegations, plaintiffs allege a single cause of action under 18 U. S. C. § 2255(a), which allows victims of certain enumerated crimes to recover civil damages against the perpetrators of those crimes.

**DISCUSSION**

**A.  Legal Standard**

**1.  Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). The factual "allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

### 2. 18 U.S.C. § 2255

Section 2255 provides an avenue for victims of certain enumerated crimes to recover civil damages. The relevant part of the statute provides:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255(a).

## B. Analysis

### 1. Whether The Seven Adult Plaintiffs Must Be Dismissed Because They Have Not Alleged They Were Minors At The Time of Defendant's 2016 Violation

Defendant first argues that the seven adult plaintiffs must be dismissed because they have not alleged that they were minors at the time of defendant's 2016 § 2252 offenses, which, according to defendant, is a required element of § 2255(a). Plaintiffs argue that that reading of § 2255 must be wrong because it would blunt Congress' purpose in amending § 2255(a) in 2006.

"As with any question of statutory interpretation," the court's "analysis begins with the plain language of the statute." Jimenez v. Quarterman, 555 U.S. 113, 118 (2009). When undertaking that analysis, the court must "examine not only the specific provision at issue, but also the structure of the statute as a whole, including its object and policy." Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011); Yocupicio v. PAE Grp., LLC, 795 F.3d 1057, 1060 (9th Cir. 2015) (same). "If the plain meaning of the

statute is unambiguous, that meaning is controlling and we need not examine legislative history as an aid to interpretation unless the legislative history clearly indicates that Congress meant something other than what it said." Yocupicio, 795 F.3d at 1060 (internal quotation marks omitted); Carson Harbor Village, Ltd. v. Unocal Corp., 270 F.3d 863, 877 (9th Cir.2001) (en banc) (same). And "[i]f the statutory language is ambiguous, then we consult legislative history." U.S. v. Williams, 659 F.3d 1223, 1225 (9th Cir. 2011). The court's conclusion about the meaning of the statute should not "thwart the purpose of the over-all statutory scheme or lead to an absurd result." Wilshire Westwood Assocs. v. Atl. Richfield Corp., 881 F.2d 801, 804 (9th Cir. 1989).

The court finds it helpful to begin by illustrating how, as relevant here, Congress amended § 2255 in 2006:

> ~~Any minor who is~~ Any person who, while a minor, was a victim of a violation of [certain enumerated sections] . . . of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court . . .

18 U.S.C. § 2255(a) (1998) amended by 18 U.S.C. § 2255(a) (2006) (additions underlined, and deletions struck).

According to one of the amendment's sponsors, those changes were implemented in response to a "Federal district court [interpreting the prior version of § 2255(a)] to restrict recovery to plaintiffs whose injuries occurred while they were minors." 151 Cong. Rec. S14187-03, S14194, 2005 WL 3478050 (daily ed. Dec. 20, 2005) (statement of Sen. Kerry). That interpretation prevented victims who had reached the age majority from "recover[ing] against their perpetrators even if pornographic images of [the victims] as children are still distributed via the internet." Id. Thus, the amendment was meant to "clarify the statute to include victims of child pornography who are injured as adults by the downloading of their pornographic images." Id. (emphasis added). In other words, the amendment was meant to "ensure that victims of child pornography whose images remain in circulation after they have turned 18 can still recover when those images are

4

downloaded." Children's Safety and Violent Crime Reduction Act of 2006, 152 Cong. Rec. S8012-02, S8028, 2006 WL 2034118 (daily ed. July 20, 2006) (statement of Sen. Leahy).[1]

That that was the driving force behind the amendment is not surprising. As both Congress and the Supreme Court have recognized in the present context, a victim's "injuries do not cease to exist simply because the victim has turned 18. They continue and so should the penalties." Id. at S8022 (statement of Sen. Kerry). The Supreme Court recognized the same continuing possibility of injury in Paroline v. United States, 572 U.S. 434 (2014), a case involving 18 U.S.C. § 2259—the criminal restitution statute for victims of child pornography: "[T]he victim suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured." Paroline v. United States, 572 U.S. 434, 457 (2014). "In a sense, every viewing of child pornography is a repetition of the victim's abuse" and "[t]he unlawful conduct of everyone who reproduces, distributes or possesses the images of the victim's abuse . . . plays a part in sustaining and aggravating" the victim's injury. Id. at 457 (emphasis added). "It would undermine the purposes of § 2259 to deny restitution in cases involving possessors of child pornography." United States v. Rothenberg, 923 F.3d 1309, 1325 (11th Cir. 2019) (discussing Paroline). That same reasoning applies to the civil remedy provided for under § 2255(a).

The defendant claims that all of the above should be ignored because § 2255(a) is a picture of clarity. The court disagrees. As an initial matter, the statute fails to even

---

[1] True, part of the legislative history suggests that the 2006 amendment was designed to ensure that a victim may sue for abuse that occurred while a minor, even if the perpetrator was caught after the victim reached the age of majority. See 152 Cong. Rec. S8012-02, S8016, 2006 WL 2034118 (daily ed. July 20, 2006) (statement Sen. Isakson). That purpose, however, is not incompatible with the broader purpose of ensuring that victims of childhood abuse may recover civil damages against those people who traffic or possess images depicting said abuse years after the victim has reached the age of majority.

5

specify who the victim may sue.  That omission has led to the parties attempting to divine the statute's meaning from the word "violation."  Further, in one breath the statute appears to limit its applicability to "minors" that were victims of a predicate offense.  See 28 U.S.C. § 22552(a) ("Any person who, while a minor, was a victim of a violation of . . .").  But in the next, the statute appears to ensure its purview reaches those persons injured after reaching the age of majority.  Id. ("regardless of whether the injury occurred while such person was a minor")' see also Boland, 698 F.3d at 881 (6th Cir. 2012) (discussing that the sufferer of an "injury" and the "victim of a violation" may be "doublets" in § 2255(a)).

      The statute's ambiguity coupled with its described purpose leads this court to conclude that § 2255(a) does not bar the seven adult plaintiffs from seeking civil damages against Curtis.  Other courts have reached a similar conclusion in related contexts.  See Doe v. Boland, 698 F.3d 877, 881 (6th Cir. 2012) ("A child abused through a pornographic video might have one § 2255 claim against the video's creator as soon as it is produced and another against the distributor who sells a copy of the video twenty years later."); Singleton v. Clash, 951 F. Supp. 2d 578, 591 (S.D.N.Y. 2013) (similar); St. Louis v. Perlitz, 176 F. Supp. 3d 97, 99 (D. Conn. 2016) (explaining that the "cause of action under § 2255 [ ] accrues at the time of the distribution," which may have no relation to whether victim has reached the age of majority).  Indeed, accepting defendant's contrary reading would lead to the exact result that the amendment was designed to remedy and "would undermine the purpose of § [2255] to deny [a civil remedy] . . . in cases involving possessors of child pornography."  See Rothenberg, 923 F.3d at 1325 (discussing § 2259); Paroline, 572 U.S. at 457 (same; "With respect to the statute's remedial purpose, there can be no question that it would produce anomalous results to say that no restitution is appropriate in these circumstances.").  Relatedly, defendant's reading would "thwart the purpose of the over-all statutory scheme [ ] [and] lead to an absurd result."  Wilshire Westwood Assocs., 881 F.2d at 804.

      **2.**    **Whether the Complaint Alleges Defendant's Violation Caused**

6

**Plaintiffs' Personal Injury**

Defendant next argues that the complaint must be dismissed because § 2255(a) requires plaintiffs to allege that Curtis was the "but-for" cause of their injury, which, according to defendant, plaintiffs have not done. Specifically, defendant argues that a supposed default rule of "but-for" causation applies to § 2255(a)'s use of the phrase "as a result of." See 18 U.S.C. § 2255(a) ("Any person . . . who suffers personal injury as a result of such violation . . .").

The court disagrees and joins other courts that have concluded that § 2255(a) does not require plaintiffs to prove defendant was the but-for cause of their alleged injuries. See Boland, 698 F.3d at 881, 884 (finding that images that were never publicly distributed and not known about by the victims caused sufficient injury under § 2255(a)); Lora v. Boland, 825 F. Supp. 2d 905, 909 (N.D. Ohio 2011) (noting that the minors were not told of the images); see also Amy v. Kennedy, No. C13-17 RAJ, 2014 WL 793365, at *3 (W.D. Wash. Feb. 25, 2014) (Section "2255 do[es] not require proximate cause.").

True, "courts regularly read phrases like 'results from' to require but-for causality." Burrage v. United States, 571 U.S. 204, 212 (2014). However, courts need not do so where there are "textual or contextual indication[s] to the contrary." Id.; Paroline, 572 U.S. at 458 (same and rejecting "but-for" causation after determining § 2259 required proximate causation). Courts have instead "departed from the but-for standard where circumstances warrant, especially where the combined conduct of multiple wrongdoers produces a bad outcome." Paroline, 572 U.S. at 451. As the defendant correctly points out, with respect to child pornography offenses, "the Paroline Court recognized that it would be virtually impossible to show that the defendant possessor was a but-for cause of any particular portion of the victim's losses 'where the defendant is an anonymous possessor of images in wide circulation on the Internet.'" Rothenberg, 923 F.3d at 1325 (quoting Paroline). Nevertheless, "it is [also] indisputable that [the child pornography possessor] was a part of the overall phenomenon that caused [the victim's] general losses." Paroline, 572 U.S. at 456-57; see also id. at 449 ("[T]he victim's cost of

7

treatment and lost income . . . are direct and foreseeable results of child-pornography crimes, including possession . . . "). That combination, inter alia, led Paroline to reject the argument that § 2259 required but-for causation: "It would be unacceptable to adopt a causal standard so strict that it would undermine congressional intent where neither the plain text of the statute nor legal tradition demands such an approach." Id. at 457-58.

The same is true with respect to § 2255(a). Given the context and purpose of the statute, the court will not conclude that § 2255(a)'s "unelaborated causal language," id. at 458, requires a causal standard that "would be virtually impossible" for a plaintiff to meet where, as here, the suit is predicated on defendant's possession of child pornography. See also Paroline, 572 U.S. at 444 ("The concept of proximate causation is applicable in both criminal and tort law, and the analysis is parallel in many instances."). Accordingly, the court rejects defendant's argument that § 2255(a) requires but-for causation and finds that plaintiffs have plausibly alleged that they suffered personal injury as a result of defendant's possession of images depicting plaintiffs' childhood abuse.[2]

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is DENIED.[3]

**IT IS SO ORDERED.**

Dated: August 30, 2019

PHYLLIS J. HAMILTON
United States District Judge

---

[2] Defendant also argues that plaintiffs' opposition concedes that plaintiffs' § 2255(a) claim is premised on each plaintiff being a victim of a violation of 18 U.S.C. § 2251, which is not an offense that defendant is alleged to have committed. That argument mischaracterizes plaintiffs' position. Plaintiffs' opposition, like the complaint, contends that defendant's "violation of 18 U.S.C. § 2252, and his subsequent conviction is the predicate behavior that renders him liable to Plaintiffs." Dkt. 29, Opp. at ECF 10; Compl. ¶ 76 (plaintiffs' first cause of action, invoking § 2252(a)(4)(B) as the predicate violation).

[3] The parties' requests for judicial notice are DENIED as moot.

8