John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:   (805) 272-4001
Fax:  (805) 719-6858
Email: team3@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia,
And Mya

Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550
Seattle, WA  98119
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah,
Skylar, Savannah, Sally, Sierra, Violet,
Amy, Erika, Tori, Jenny, and Jessica

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| AMY," "ERIKA," JANE SMITH as next of friend for "TORI" minor, "JENNY," "JESSICA," "LILY," "SARAH," JANE DOE as court appointed conservator for  "SKYLAR" and "SAVANNAH" minors,  JOHN DOE as court appointed conservator for "SALLY" and "SIERRA" minors, "MAUREEN," WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET" minor, and JANE ROE as next friend for "PIA," and "MYA," | NO.  19 CV 2184 PJH<br><br>DECLARATION OF RANDALL GREEN, Ph.D. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS<br><br>Judge:  Honorable Phyllis J. Hamilton Chief United States District Judge |

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS  - 1

**CAROL L. HEPBURN, P.S.**
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

|   |   |
|---|---|
| Plaintiffs, | |
| v. | |
| RANDALL STEVEN CURTIS, | |
| Defendant. | |

I, RANDALL L. GREEN, Ph.D., hereby declare under penalty of perjury under the laws of the State of "California" that the following is true and correct:

1.　　I am over the age of 18, and competent to testify as to the matters stated herein. I make this declaration based upon my own personal and professional knowledge.

2.　　I am a Clinical Psychologist licensed in the States of Oregon and Washington. I been in the clinical practice of psychology since 1984. I formerly was Staff Psychologist and Program Director for the Sex Offender Treatment Program within the Oregon State Hospital Forensic Psychiatric Services Division.

3.　　In the course of my professional career, I have assessed and treated many survivors of sexual abuse. Of this large number, I have evaluated approximately 15 victims of sexual abuse and production of images whose images have been subsequently distributed on the internet.

4.　　I also have served as Public Member on the State of Oregon's Board of Bar Examiners, which acts on behalf of the Oregon Supreme Court to oversee admissions to practice law in the State of Oregon.

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS  - 2

**CAROL L. HEPBURN, P.S.**
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

5. I have also served as Public Member from 2015 – 2018 on the Oregon State Bar's State Board of Professional Responsibility.

6. I administer wellness programs for the Oregon Dept. of Justice Internet Crimes Against Children task force, the Linn County Sheriff's Office Sex Crimes detectives and Dispatch/Communication Center staff.

7. I participated in a mental health professional roundtable on issues related to survivors of child sex abuse image exploitation which was sponsored by the National Center for Missing and Exploited Children in 2018.

8. I have been admitted as an expert witness in testimony in Federal, military and state courts about the effects of sexual abuse and/or the effects of internet distribution of images of child sexual exploitation.

9. I have completed forensic evaluations on eleven of the Plaintiffs in this matter. In those involving the Vicky series victim, I have evaluated the victim multiple times because of the passage of years since my first evaluation of her. (2009).

10. These evaluations were carefully conducted according to APA forensic specialty guidelines. The purpose has been to provide to the courts in restitution matters an independent examination of the manner in which, if any, the distribution of images of a victim's sexual victimization has caused or would cause damages to the victim.

11. Through these evaluations, and informed by other research about this unique population of survivors, it is recognized by myself and other mental health providers, as well as legal and law enforcement professionals in this new field, that the pattern of injuries is distinct in some respects from

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS - 3

**CAROL L. HEPBURN, P.S.**
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

those of most child sexual abuse survivors who do not have their images being distributed on the internet.

12. The most salient consequences that tend to set them apart from other survivors of childhood sexual abuse, particularly as it pertains to the questions before the Court, can be summarized as follows:

    A. In the absence of image production and distribution, the original abuser has been adjudicated and, in most cases, sentenced. Where images are being distributed and viewed on an ongoing basis, the victim's abuser has, in effect, metastasized into nameless and potentially numberless others, whose intents are unknown by the victim.

    B. This becomes the reality for the victim attempting to cope with distribution of her/his images.

    C. The implications become more pernicious because of the discovery through National Center of Missing and Exploited Children, (NCMEC), Canadian Centre for Child Protection (CCCP), Department of Homeland Security (DHS) and other agencies that there is activity on the dark web by consumers of child pornography to seek out, obtain and share updated identifying information (current name, location, pictures, etc.) about victims.

    D. Given the nature of such dark web networks, the concern about preserving confidentiality and anonymity is paramount. Through the experience of one or more victims of sexual exploitation on the internet, it has been demonstrated that some persons fixated on those images may seek to discover and share identifiable information about a particular victim of

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS - 4

**CAROL L. HEPBURN, P.S.**
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

internet crimes. Given this potential ongoing risk posed by those fixated on a victim's child abuse images, I now incorporate the following introduction on all my new evaluations:

- ***'NOTE REGARDING PROTECTION OF VICTIM/SURVIVOR PRIVACY***

  o   *The nature of internet exploitation of images of sexual abuse has led to a new standard of practice to identify victims/survivors of this type of crime by a pseudonym chosen by the survivor. Additionally, it is now a standard of practice to omit any identifying place names and other traceable personal information that might lead to the identification of the victim/survivor. Hence, such identifiers have been sanitized or redacted to maximize the continued anonymity of the victim/survivor for her or his protection.*

  o   *This practice of protecting victim/survivor anonymity with internet-based crimes of sexual exploitation is based on information provided by the National Center of Missing and Exploited Children (NCMEC), The Canadian Centre for Child Protection, national law enforcement agencies and international law enforcement agencies. Evidence is clear that there continues to be ongoing criminal activity involving images of children's sexual exploitation that can include any particular survivor's images. The examinee in this report, [victim], is no exception to vulnerability inherent with exposure of her true identity.*

  o   *Further, there exists with this type of criminal activity a known risk that those involved in any capacity with such images of sexual exploitation may be actively seeking current personal information, identification and/or location of victims/survivors. In one particular case, an obsessed consumer of images of victims of child sexual exploitation created a video entitled, "Where is [the victim] now?" Also, persons fixated on a particular victim/survivor are known to have shared newly [any] discovered, current family pictures or images about the survivor on sites on the dark web. In other cases, persons fixated on images of a particular victim/survivor have actually attempted to make contact with victims upon whose images they may be fixated.*

  o   *Accordingly, for the above reasons, high priority is assigned to preserving the anonymity and privacy of the survivor of both sexual exploitation and the distribution of those images of child sexual exploitation on the internet.'*

E.   Victims of the distribution of sexual image exploitation consistently report fear of identification, harassment and/or targeting by faceless persons engaged in pursuit of their images or personal information. These fears are reasonable and not baseless. Accordingly, victims of such crimes have often established provisions for their personal protection that are, in effect, analogous to those of persons living in a witness protection program.  Such provisions are

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS  - 5

**CAROL L. HEPBURN, P.S.**
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

designed to protect the individual from being "outed," in hopes of protecting them from whatever unknown adverse effects that might follow detection and exposure. These efforts include name changes, sanitization of identifying information from legal proceedings and maintaining minimal presence on social media, In this new expression of criminal activity enabled by the internet, social media cell phone activity, etc., the potential for discovery, exposure of identity and the whereabouts of a given survivor is ever present.

12. The uniqueness of the type of injury from internet exploitation, separate from other types of childhood sexual victimization injury is becoming increasingly recognized. The Canadian Centre for Child Protection an International Survivors' Survey in September 2017, summarized the results of a survey of 150 survivors of child sexual abuse whose images were then recorded and/or distributed online. The results underscore the unique injuries sustained in this population that do not exist in the general population of survivors of sexual abuse. In that sample, almost 70% indicated that they worry about being recognized through the recording and/or distribution of their images. Twenty percent of the sample reported having been identified by a person seeing her or his images. These responses are consistent with the information I have received from survivors during the course of the evaluations I have conducted.

13. I also draw upon my sample of approximately 15 evaluations of survivors of sexual abuse who have subsequently been informed about the internet crime activity involving their images. The findings from each of the independent examinations have varied, as would be expected with individual factors in each case. But there also has been general uniformity in the manner in which the *knowledge* of the existence and viewing of the images and the assumed interests of those viewing those images has impacted these victims.

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS - 6

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

14. Knowledge of the circulation of their child sex abuse images on the internet has had a substantial retraumatizing effect on the victims as they become aware that others whom they view to be similar to their original abuser are viewing images of the degrading abuse.

15. Some victims I have evaluated report that attempts have been made by those fixated on their images to make contact with them when they are adults. Many more are hypervigilant and fearful of that prospect.

16. Based on the ongoing threat that hangs over victims like a permanent cloud, generally victims of this type of crime become hypervigilant, have social anxiety, often suffer some type of depression, struggle with relationships and invariably practice avoidance tactics to lower their profile and avoid detection.

17. To the victim, psychologically speaking, the child pornography offender is the equivalent of someone actively participating in mob activity that results in harm to a victim. While that particular offender/participant may not have directly injured the victim in person, that offender collectively has contributed to the body of illegal activity that has caused psychological harm and terror that the victim experienced.

18. I have been informed by Plaintiffs' counsel, Ms. Hepburn, that Counsel for the Defendant in this case would like to have the identities of the survivors revealed, share those identities with his client, depose the Plaintiffs with regard to the details of their sexual assaults as children, inquire about their awareness at the time of abuse that photos/videos were being taken, their knowledge of the content of the photos and how all this has damaged each of them.

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS - 7

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

19.     Having previously evaluated a number of the Plaintiffs in this case, it is my professional opinion, on a more probable than not basis, that such inquiries are invasive, effectively constitute a retraumatization of the Plaintiffs and are at high likelihood of inflicting substantial psychological harm.

20.     Further, the possibility, or even the perception of the possibility by a Plaintiff, that her or his identity and personal information could or would be shared with the Defendant, and possibly others, is highly distressing and fear-inducing to a survivor. [As such, a downloader of the images/videos of her sexual abuse, will be experienced as intimidating, threatening and possibly even dangerous to one or more Plaintiffs.]

21.     Given what is now understood about many of the individuals who engage in internet sexual exploitation activity, the acquisition of such information can be channeled into prurient pursuits of status, power and "currency" on the dark web. The risk that such unredacted, vulnerable information could be subsequently shared with other persons engaged in similar activities is reasonably foreseeable, in my professional opinion. I equate the Plaintiffs' vulnerability status to the risk of exposure someone has in a witness protection program.

21.     For those reasons, it is my professional opinion that such depositions, particularly with an unrestricted scope of inquiry accessible to a Defendant with known prurient interests in the Plaintiffs, pose substantial threat of psychological harm to her.

22.     Further, it will lead to a predictable outcome that the victim will testify she or he never had personal awareness of the specifics of a particular offender/Defendant, since considerable efforts are made to *not* know details of a given Defendant's crimes involving her or him.

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS  - 8

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

23. The harm to the victim of these crimes comes through her, or his, knowledge that one more person is guilty of engaging in the collective involvement with one's images. It is not necessary for the victim of internet sexual exploitation to know the specific individual details of that offender. To do so would traumatize the victim even more. Each convicted offender's actions effectively contribute to the trauma footprint for the victim of this 21st century crime.

24. Accordingly, insofar as the Plaintiffs in this case are concerned, based upon my knowledge, skills, professional experience, and general understanding of the impact of this type of trauma on survivors, it is my professional opinion that a requirement to testify in a deposition would expose the victim/Plaintiff to further trauma, enhance her or his potential for aggravating symptoms of hypervigilance, ideas of reference, social anxiety and possible paranoia. Other consequences exhibited by such survivors can and do include depression, self-injurious behaviors and suicidal ideation.

25. The likelihood that a deposition conducted by a legal representative of the offender/accused/Defendant is high that the Plaintiff/victim will interpret and experience such a deposition as a conduit through which information might become public and/or leaked to the Defendant. This impact would, to a more probable than not basis, cause the victim heightened fear of exposure of their identity, family information, identity of possible children, etc. to others who engage in the seemingly ubiquitous dark web.

26. If the Court rules that such a deposition can be conducted, I recommend that a protective order be issued to maximize the anonymity of the victim/Plaintiff. I further recommend the Court impose a prohibition from sharing any of the victim's identifiable information with the Defendant/offender. This will be little comfort to a victim who has experienced betrayal of trust and

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS  - 9

**CAROL L. HEPBURN, P.S.**
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

violation of privacy in multiple ways. However, it would represent the Court's efforts to protect the victim from identification, exposure and re-injury.

27. Should the court order that depositions go forward, I also recommend that the victim's name, face and voice be covered or disguised to the greatest degree possible in the deposition, as well as in the typed and/or any video transcriptions of the deposition.

28. Finally, I recommend that there be no disclosure or hint by the Defendant's attorney that she or he ever has had access to view the images of the victim. This recommendation represents an attempt to minimize or mitigate the shame, embarrassment, fear, feelings of exposure, feelings of vulnerability and even feelings of anger being further triggered in the Plaintiff.

DATED this 27th day of September, 2019 at 2250 D St. NE, Salem, OR.

_____
RANDALL L. GREEN, Ph.D.

DECLARATION OF RANDALL GREEN, PhD. IN SUPPORT OF LIMITATIONS ON DISCOVERY RELATIVE TO PLAINTIFFS - 10

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273