John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel: (805) 272-4001
Fax: (805) 719-6858
Email: jk@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia,
And Mya

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA  98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah,
Skylar, Savannah, Sally, Sierra, Violet,
Amy, Erika, Tori, Jenny, and Jessica

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| "Amy," et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>RANDALL STEVEN CURTIS<br><br>Defendant. | Case No:   4:19-CV-02184PJH<br><br>SUPPLEMENTAL DECLARATION OF CAROL HEPBURN IN CLARIFICATION OF PLAINTIFFS' REPLY  ON PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>NOTE ON MOTION CALENDAR:<br>Date: October 5, 2020<br>Time: 9:00 a.m.<br>Judge: Honorable Phyllis J. Hamilton<br>Chief United States District Court Judge |

SUPPLEMENTAL DECLARATION OF CAROL L. HEPBURN IN
CLARIFICATION OF PLAINTIFFS' REPLY ON
PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE
DEFENSES- 1

I, CAROL L. HEPBURN hereby declare as follows:

1. I am an attorney licensed to practice law in the States of Washington and Oregon, and I am admitted Pro Hac Vice for this case, in the State of California.

2. I represent the Plaintiffs herein. I make this Declaration in support of Plaintiffs' Supplemental Reply in Support of Plaintiffs' Motion to Strike Affirmative Defenses.

3. I make this declaration to clarify language in Plaintiffs' Reply brief (dkt. #111) at p.6 ll.13-19 which I have been informed may be interpreted in a manner at odds with what was intended to be communicated factually.  In late July 2019 Plaintiffs' counsel in this matter were led to believe that Mr. Balogh had likely received identifying information concerning Plaintiffs from the Government during the course of the criminal prosecution.  This belief was based upon statements made by Mr. Balogh and by his failure to answer direct questions concerning what, if any, identifying information he had received.  This issue resurrected the concerns and contentions with the Government that Plaintiffs' counsel had had during the criminal prosecution during the months of June and July 2018 in the underlying criminal case.  At that time Plaintiffs' counsel and the prosecutors were in communication about the possibility that identifying information would be released by the Government to defense counsel as a part of the restitution process.  Mr. Marsh's statements referenced in the Reply brief herein were made concerning the "prospect" of such release of identifying information without notice to the victims' counsel.  In reality, we thereafter learned that no such release of information had in fact been made by the Government, and a review of prior email correspondence, and closer reading of the proposed

stipulation sent to victims' counsel before filing with the court showed that the Government was not mandated by the stipulation to disclose such information.

4. The proposed stipulation (dated June 25, 2018) between the Defendant Curtis and the Government was provided to victims' counsel prior to filing with the court and entry of the order upon which it was based. However, due to the press of other matters with short timelines on victims' counsel's agenda at that time, victims' counsel did not have an opportunity to talk directly to the prosecutors about the stipulation and process involved prior to the filing of the stipulation. Victims counsel interpreted the filing of the stipulation, (and particularly the wording "the United States seeks to produce to the defense certain highly confidential discovery material") and subsequent entry of the order as providing for the release of the identifying information regardless of the victims' concerns. (Dkt. #89 in *U.S. v. Curtis,* 16-cr-00510.) Subsequent contentious conversations ensued between prosecutors and victims' counsel. Victims' counsel were ultimately assured in 2018 that no such release of identifying information had been made. In 2019 when Mr. Balogh intimated that he had in fact received such information and refused to respond to direct questions as to whether he had or had not received such information, the Plaintiffs' counsel were again worried about disclosure of the victims' identifying information.

5. The purpose of this Declaration is to clarify the factual statements made in the Reply memo and to correct any possible inferences that the Plaintiffs' counsel believe that the prosecutors in the underlying criminal matter may have committed any improper acts or violated the victims' rights under the CVRA. Such is not the case. While there were concerns in mid 2018 and again in 2019 a review of the entire circumstances demonstrates that no such improper

SUPPLEMENTAL DECLARATION OF CAROL L. HEPBURN IN
CLARIFICATION OF PLAINTIFFS' REPLY ON
PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE
DEFENSES- 3

acts or failure to communicate took place.  It is not the intention of Plaintiffs' counsel to assert that any wrongdoing took place.

    I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing it true and correct to the best of my knowledge.

    DATED this 18th day of September, 2020.

CAROL L. HEPBURN, P.S.

By /s Carol L. Hepburn
Carol L. Hepburn , *Pro Hac Vice*
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah, Skylar, Savannah, Sally, Sierra, Violet, Amy, Erika, Tori, Jenny, and Jessica

SUPPLEMENTAL DECLARATION OF CAROL L. HEPBURN IN
CLARIFICATION OF PLAINTIFFS' REPLY ON
PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE
DEFENSES- 4

SUPPLEMENTAL DECLARATION OF CAROL L. HEPBURN IN
CLARIFICATION OF PLAINTIFFS' REPLY ON
PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE
DEFENSES- 5