John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel: (805) 272-4001
Fax: (805) 719-6858
Email: jk@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, Pro Hac Vice
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia,
And Mya

Carol L. Hepburn, Pro Hac Vice
200 First Avenue West, #550
Seattle, WA 98119
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah,
Skylar, Savannah, Sally, Sierra, Violet,
Amy, Erika, Tori, Jenny, and Jessica

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| "Amy" et. al., <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL STEVEN CURTIS <br><br> Defendant. | Case Number: 4:19-CV-02184PJH <br><br> PLAINTIFFS' NOTICE OF MOTION AND PLAINTIFFS' MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF DEFENDANT FILED SEPTEMBER 25, 2020 OR PORTIONS THEREOF <br><br> NOTE ON MOTION CALENDAR: <br> Date: November 2, 2020 <br> Time: 9:00 a.m. <br> Judge: Honorable Phyllis J. Hamilton <br> Chief United States District Court Judge |

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF DEFENDANT FILED SEPTEMBER 25, 2020 OR PORTIONS THEREOF - 1

CASE NO.: 4:19-cv-02184-PJH

# PLAINTIFF'S NOTICE OF MOTION
# AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF DEFENDANT FILED ON SEPTEMBER 25, 2020 OR PORTIONS THEREOF

PLEASE TAKE NOTICE that on November 2, 2020, 2020, at 9:00 a.m. or as soon thereafter as this matter may be heard,

Plaintiffs move the Court, pursuant to Local Rules 7-5 and 7-3(d), for an Order Striking Defendant's Supplemental Declaration (Dkt #120) or Portions Thereof (filed of September 25, 2020 at 5:20 pm) on the grounds that it is irrelevant in its entirety, or that portions of the Declaration are hearsay, mere speculation, or contain argument or are untimely.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the complete files and records in this action and any other matters that may properly come before the Court for its consideration.

Dated: September 28, 2020.        CARPENTER, ZUCKERMAN, & ROWLEY

By s/ John A. Kawai
John A. Kawai, SBN 260120
407 Bryant Circle, Suite F
Ojai, California 93023
Phone: 805-272-4001
Email: jk@czrlaw.com

CAROL L. HEPBURN, P.S.
By /s Carol L. Hepburn
Carol L. Hepburn, *Pro Hac Vice Admitted*
PO Box 17718
Seattle, Washington 98127
Phone: 206-957-7272
Email: carol@hepburnlaw.net

DEBORAH A. BIANCO, P.S.
By /s Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice Admitted*
14535 Bel-Red Road, #201
Bellevue, Washington 98007

Attorneys for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF DEFENDANT FILED SEPTEMBER 25, 2020 OR PORTIONS THEREOF - 2

CASE NO.: 4:19-cv-02184-PJH

# TABLE OF CONTENTS

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION………………………………………………………………………4

II. BACKGROUND……………………………………………………………………….4

III. LEGAL STANDARD……………………………………………………...…………..5

IV. DISCUSSION………………………………………………………….……………5-7

V. CONCLUSION…………………………………………………………………………7

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF DEFENDANT FILED SEPTEMBER 25, 2020 OR PORTIONS THEREOF - 3

CASE NO.:  4:19-cv-02184-PJH

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The contents of Supplemental Defendant's Declaration of Ethan A. Balogh, (Dkt. #120) filed September 25, 2020, is of no relevance to the Plaintiffs' Motion to Strike Affirmative Defenses currently pending.  Should the court find some relevance in the Declaration, nevertheless some portions of the Declaration are hearsay and other portions are pure speculation.  Attached hereto at Exhibit 1 is a true and correct copy of the Supplemental Declaration with the portions to which Plaintiffs make individualized objections highlighted.  The Supplemental Declaration is further untimely as to the pending Motion to Strike Affirmative Defenses.

### II.   BACKGROUND

Plaintiffs filed their Reply (Dkt. #111) on the Motion to Strike Defendant's Affirmative Defenses on September 17, 2020.  Shortly, thereafter Plaintiffs' counsel Hepburn was informed by AUSA Julie Garcia, who represented the Government in the underlying criminal matter with regard to restitution, that she had a concern that Plaintiffs' filing would be read by this court to say that she had violated Plaintiffs' rights under the Crime Victims Rights Act.  Plaintiffs' counsel had no such intent to convey an allegation of improper actions on the part of Ms. Garcia.  Plaintiffs' counsel filed her Supplemental Declaration (Dkt. #112) on September 18, 2020 in order to clarify for the record, should there be any question, that no such allegation was being made.

Defendant has now filed at Docket Entry #120 a Supplemental Declaration in support of Defendant's Response (ECF 108-1) to Motion to Strike Affirmative Defenses challenging the veracity of Plaintiffs' counsel's assertions and alleging withholding of emails which should have been produced in discovery.  Defendant further alleges that such "withheld" emails are germane to the currently pending Motion to Strike Affirmative Defenses.

PLAINTIFFS' NOTICE OF MOTION AND MOTION
TO STRIKE SUPPLEMENTAL DECLARATION OF
DEFENDANT FILED SEPTEMBER 25, 2020
OR PORTIONS THEREOF - 4

CASE NO.:  4:19-cv-02184-PJH

## III. LEGAL STANDARD

"Irrelevant evidence is not admissible." F.R.E. 402.

Local Rule 7-5 provides that Affidavits or Declarations must contain only facts, must conform to the requirements of Fed. R. Civ. P. 56(e), and avoid argument and conclusions.

Hearsay is inadmissible.  F.R.E. 802.

Local Rule 7-3(d) provides that:

> **Supplementary Material**. Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows:
>
> **(1) Objection to Reply Evidence.** If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.

## IV. DISCUSSION

### A.  The Declaration Lacks Relevance.

Defendant offers the Supplemental Declaration in support of his Response to the Plaintiffs' Motion to Strike Affirmative Defenses.  He now alleges withholding of documents in discovery that he claims are pertinent to the pending issues.

Defendant's Supplemental Declaration contains nothing of relevance to the issues about whether the affirmative defenses contained in his Answer to the First Amended Complaint herein are sufficiently pleaded or legally sufficient.  Rather, it is further effort to "stir the pot" and gin

PLAINTIFFS' NOTICE OF MOTION AND MOTION
TO STRIKE SUPPLEMENTAL DECLARATION OF
DEFENDANT FILED SEPTEMBER 25, 2020
OR PORTIONS THEREOF - 5

CASE NO.:  4:19-cv-02184-PJH

up discord between counsel for Plaintiffs' and counsel for the Government in the underlying criminal matter.

Defendant is injecting a discovery issue into the pending motion concerning affirmative defenses.  Defendant has alerted Plaintiffs to his concern that further emails need be produced in response to his Request for Production of Documents evidencing communications with third parties concerning Defendant.  Plaintiffs' counsel are attempting to attend to this inquiry. (See Decl. of Carol L. Hepburn filed herewith).  Arguably, given the Magistrate's Order of September 8, 2020, Defendant has no right to this information in any event.  If there is a discovery concern then the Local Rules give the parties a method for resolving it.  Conflating such an issue with the pending motion through a supplemental post-Reply Declaration is not the way to do this.

Finally, the emails at Exhibit E and letter at Exhibit F were all available to Defendant at the time of filing his Response to the Motion to Strike Affirmative Defenses (Dkt. #. 107), and have no relevance to proper pleading or legal sufficiency.

Plaintiffs' Supplemental Declaration was filed for one reason and one reason only.  An attorney practicing before this court felt that a memorandum filed by the Plaintiffs called her conduct into question.  The Supplemental Declaration was filed to make clear that such was not the case.  Defendant however views this as an opportunity to inject more argument, and improper evidence, into the record.  The Declaration filed at Dkt. #120 should thus be stricken in whole.

**B.  Hearsay**

Should the court determine that the Docket #120 Supplemental Declaration of Defendant is not improper as a whole, certain portions of it should nevertheless be stricken as in violation of the Rules of Evidence and Local Rules 7-3(d) and 7-5.

PLAINTIFFS' NOTICE OF MOTION AND MOTION
TO STRIKE SUPPLEMENTAL DECLARATION OF
DEFENDANT FILED SEPTEMBER 25, 2020
OR PORTIONS THEREOF - 6

CASE NO.:  4:19-cv-02184-PJH

At the top of page 2 of the Supplemental Declaration begins to recite what counsel was allegedly told by AUSA Garcia. It is offered for the truth of the matter asserted. It fails to fit within any exception to the hearsay rules. See F.R.E. 803. This portion should be stricken. (See Ex. 1 p.2, ll.3-15).

### C. Argument contained in the Supplemental Declaration.

At page 3, lines 3 to 17, the Supplemental Declaration consists of a request that Plaintiffs' counsel should produce further emails, a statement purporting to explain what is in the attached Exhibit 1 and the argument that it is relevant to the pending motion. These are not facts and should be stricken. (See Exhibit 1 p. 3, ll. 3-17).

### D. The Supplemental Declaration attempts to place additional, untimely and improper documents into evidence.

Exhibit E consists of emails produced to Plaintiffs in discovery weeks ago. Exhibit F to the Supplemental Declaration is a letter of January 24, 2018 sent from Plaintiffs' counsel to Defense co-counsel during the underlying criminal case. No reason is offered as to why the emails and this letter were not available to Defendant to include with his Response to the Motion to Strike Affirmative Defenses. The offer of both these exhibits is untimely (Local Rule 7-3(d)). (See Ex. 1, ¶¶5 and 6).

Further, the letter is an offer of compromise of the claims asserted in this civil matter and is offered to disprove the validity of the claims. The letter is therefore inadmissible and should be stricken pursuant to F.R.E. 408.

### V. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant this motion to strike defendant's supplemental declaration or portions thereof.

PLAINTIFFS' NOTICE OF MOTION AND MOTION
TO STRIKE SUPPLEMENTAL DECLARATION OF
DEFENDANT FILED SEPTEMBER 25, 2020
OR PORTIONS THEREOF - 7

CASE NO.:  4:19-cv-02184-PJH

| | | |
|---|---|---|
| 1 | Dated: September 28, 2020. | CARPENTER, ZUCKERMAN, & ROWLEY |
| 2 | | By s/ John A. Kawai |
| 3 | | John A. Kawai, SBN 260120 |
| | | 407 Bryant Circle, Suite F |
| 4 | | Ojai, California 93023 |
| | | Phone: 805-272-4001 |
| 5 | | Email: jk@czrlaw.com |
| 6 | | CAROL L. HEPBURN, P.S. |
| 7 | | By /s Carol L. Hepburn |
| 8 | | Carol L. Hepburn, Pro Hac Vice |
| | | 200 First Ave. West, Suite 550 |
| 9 | | Seattle, Washington 98119 |
| | | Phone: 206-957-7272 |
| 10 | | Fax: 206-957-7273 |
| 11 | | Email: carol@hepburnlaw.net |
| | | Of Attorneys for Plaintiffs Lily, Sarah, Skylar, |
| 12 | | Savannah, Sally, Sierra, Violet, Amy, Erika, Tori, |
| | | Jenny, and Jessica |
| 13 | | |
| 14 | | DEBORAH A. BIANCO, P.S. |
| 15 | | By /s Deborah A. Bianco |
| | | Deborah A. Bianco, Pro Hac Vice |
| 16 | | 14535 Bel-Red Road, #201 |
| | | Bellevue, Washington 98007 |
| 17 | | Of Attorneys for Plaintiffs Maureen, Pia, and Mya |

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF DEFENDANT FILED SEPTEMBER 25, 2020 OR PORTIONS THEREOF - 8

CASE NO.: 4:19-cv-02184-PJH

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, I caused a copy of the foregoing to be served upon parties of record via the Court's ECF system.

CARPENTER, ZUCKERMAN, & ROWLEY

By s/ John A. Kawai
John A. Kawai, SBN 260120
407 Bryant Circle, Suite F
Ojai, California 93023
Phone: 805-272-4001
Email: jk@czrlaw.com

CAROL L. HEPBURN, P.S.

By /s Carol L. Hepburn
Carol L. Hepburn , Pro Hac Vice
200 First Ave. West, Suite 550
Seattle, Washington 98119
Phone: 206-957-7272
Fax: 206-957-7273
Email: carol@hepburnlaw.net
Of Attorneys for Plaintiffs Lily, Sarah, Skylar, Savannah, Sally, Sierra, Violet, Amy, Erika, Tori, Jenny, and Jessica

DEBORAH A. BIANCO, PLLC

By /s Deborah A. Bianco
Deborah A. Bianco, Pro Hac Vice
14535 Bel-Red Road, #201
Bellevue, Washington 98007
Of Attorneys for Plaintiffs Maureen, Pia, and Mya

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF DEFENDANT FILED SEPTEMBER 25, 2020 OR PORTIONS THEREOF - 9

CASE NO.: 4:19-cv-02184-PJH