1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6

7   "AMY", et al.,

8                    Plaintiffs,                  Case No.  19-cv-02184-PJH

9          v.
                                                  **ORDER GRANTING FIRST MOTION
10  RANDALL STEVEN CURTIS,                         TO STRIKE AND DENYING SECOND
                                                   MOTION TO STRIKE**
11                   Defendant.
                                                  Re: Dkt. Nos. 97, 121
12

13

14          Before the court are plaintiffs' motions to strike.  Dkts. 97, 121.  The matters are

15  fully briefed and suitable for decision without oral argument.  Having read the parties'

16  papers and carefully considered their arguments and the relevant legal authority, and

17  good cause appearing, the court rules as follows.

18                                **BACKGROUND**

19          Fifteen plaintiffs, proceeding under pseudonyms, collectively bring this civil action

20  against defendant Randall Curtis ("defendant") based on his criminal child pornography

21  offenses in violation of title 18 U.S.C. § 2252.  In their first amended complaint ("FAC"),

22  plaintiffs assert a single cause of action under 18 U.S.C. § 2255(a), which allows victims

23  of child pornography to recover civil damages against people who have committed a

24  violation of certain enumerated statutes, including § 2252.  Dkt. 81.

25          On September 6, 2016, the defendant was indicted in the U.S. District Court for

26  the Northern District of California for knowingly possessing and transporting child

27  pornography in violation of § 2252(a)(1) and (a)(4)(B), respectively.  FAC ¶ 35. On July

28  13, 2017, defendant pleaded guilty to both counts.  Id. ¶¶ 35–36.  Judge Illston entered

1   judgment against him on June 8, 2018.  Id. ¶ 36.  As part of his sentencing, defendant

2   and the government entered a stipulation that expressly required defendant to pay

3   restitution to each of the plaintiffs in this case.  Id. ¶ 37.

4        Plaintiffs allege that the Child Victim Identification Program (the "CVIP") matched

5   child pornography images on the defendant's computer to child pornography images

6   depicting plaintiffs in the National Center for Missing and Exploited Children's database.

7   Id. ¶ 38.[1]  The CVIP notified the government of its findings and plaintiffs subsequently

8   received notice that their images were among those possessed by defendant.  Id. ¶ 39.

9        After this court denied his motion to dismiss, (Dkt. 42), defendant filed an answer

10   on September 26, 2019, (Dkt. 48).  With leave of the court, plaintiffs filed their FAC on

11   March 13, 2020.  Dkt. 81.  On April 10, 2020, defendant filed his amended answer

12   ("Answer") to plaintiffs' FAC.  Dkt. 82.  In response, plaintiffs filed the present motion to

13   strike portions of the answer.  Dkt. 97.  After briefing on the first motion to strike was

14   complete, plaintiffs filed a supplemental declaration that purported to respond to certain

15   factual contentions in defendant's reply brief.  Dkt. 112.  Defendant filed a supplemental

16   declaration of his own in response to plaintiffs' supplemental declaration.  Dkt. 120.

17   Then, plaintiffs filed a second motion to strike seeking to strike defendant's supplemental

18   declaration.  Dkt. 121.

**DISCUSSION**

20   **A.    Legal Standard**

21        Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken

22   from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

23   scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a [Rule] 12(f) motion to strike

24   is to avoid the expenditure of time and money that must arise from litigating spurious

25   issues by dispensing with those issues prior to trial."  Whittlestone, Inc. v. Handi-Craft

26   Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524,

27   _____

28   [1] The FAC erroneously uses numbered paragraph 38 twice; the court refers to the
     second paragraph 38.

United States District Court
Northern District of California

1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994)).

Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystem, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (citing Naton v. Bank of Cal., 72 F.R.D. 550, 551 n.4 (N.D. Cal. 1976)).  When a court considers a motion to strike, it "must view the pleadings in light most favorable to the pleading party." Uniloc v. Apple, Inc., No. 18-CV-00364-PJH, 2018 WL 1640267 (N.D. Cal. Apr. 5, 2018) (quoting In re 2TheMart.com, Inc., Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)).  A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be at issue in the action.  In re 2theMart.com, 114 F. Supp. 2d at 965 (citing Fantasy, Inc., 984 F.2d at 1527).  However, a motion to strike is proper when a defense is insufficient as a matter of law.  Chiron Corp. v. Abbot Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994).

**B.    Analysis**

### 1.    Whether Section 2255 Permits Affirmative Defenses

Plaintiffs' first argument applies to all of defendant's affirmative defenses.  They contend that title 18 U.S.C. § 2255(a) does not expressly provide for affirmative defenses and they further argue that if Congress had intended to allow affirmative defenses, it had the power to do so.  Mtn. at 10.  Plaintiffs cite other statutory provisions that explicitly permit certain defenses and point out that no similar provision is mentioned in section 2255.  Id. at 10–11.  According to plaintiffs, Congress intended that statute as a remedial scheme for child victims of sex crimes and because Congress provided for liquidated damages, plaintiffs assert that it would be inappropriate to dilute liquidated damages through the affirmative defenses advanced by defendant.  Id. at 11–12.

In response, defendant argues that plaintiffs cite no authority that section 2255 disallows affirmative defenses.  Opp. at 4–5.  According to defendant, while the statute itself does not include a list of applicable affirmative defenses, most statutes do not provide such defenses.  Id. at 4.

3

The court agrees with defendant.  Plaintiffs cite no authority for the proposition that section 2255 disallows affirmative defenses.  Significantly, Federal Rule of Civil Procedure 8(c) requires a party to state any avoidance or affirmative defense.  The presumption, therefore, is that affirmative defenses are available as a general rule and unless Congress clearly intended to displace Rule 8(c), a defendant can at least plead that defense.

The statutes and cases cited by plaintiffs are not to the contrary.  Rather, the examples cited by plaintiffs involve provisions where Congress enumerated a specific exception to conduct proscribed by a statute or, in the case of Tourgeman v. Nelson & Kennard, 900 F.3d 1105, 1110 (9th Cir. 2018), where Congress affirmatively shifted the burden of persuasion on an element from the plaintiff to defendant.  For example, the Fair Labor Standards Act contains a provision that authorizes a court to reduce liquidated damages where the employer shows that it acted in good faith and had reasonable grounds for believing that act in question was not a violation of the statute.  29 U.S.C. § 260.  That provision simply enumerates a specific exception or affirmative defense to the otherwise allowable liquidated damages.

In sum, plaintiffs have not demonstrated that section 2255 per se bars defendant's affirmative defenses.

**2.      Whether Defendant's Affirmative Defenses Are Sufficiently Pleaded**

As an initial matter, the parties briefly spar over whether an affirmative defense must meet the Twombly/Iqbal pleading standard.  Mtn. at 9–10; Opp. at 4 n.4.  The Ninth Circuit has not explicitly held whether the requirements of Twombly and Iqbal apply to the pleading of affirmative defenses.  Generally, courts in this district have extended the Twombly/Iqbal standard to evaluate the pleading of affirmative defenses, Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (collecting cases), and this court has followed suit, Perez v. Wells Fargo & Co., No. 14-CV-0989-PJH, 2015 WL 5567746, at *3 (N.D. Cal. Sept. 21, 2015).

Defendant disagrees, citing the Ninth Circuit's opinion in Kohler v. Flava

4

Enterprises, Inc., 779 F.3d 1016 (9th Cir. 2015).  The plaintiff in Kohler argued that he did not receive adequate notice because the defendant did not properly plead the affirmative defense.  Id. at 1019.  The court found the defense to be sufficient and cited Wright & Miller's Federal Practice and Procedure for the proposition that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"  Id. (quoting 5 Wright & Miller, Fed. Prac. & Proc., § 1274 (3d ed. 1998)).  The court did not cite Twombly or Iqbal and dealt with the issue in passing.

District courts are split on whether Kohler, in fact, squarely held that Twombly/Iqbal does not apply to affirmative defenses.  See Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd., 2017 WL 1330598, at *3 (N.D. Cal. Apr. 11, 2017) (discussing split).  As noted by defendant, district courts in the Eastern District routinely apply the fair notice standard.  See Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc., 2016 WL 615335, at *3 (E.D. Cal. Feb. 16, 2016) (collecting cases).  Nonetheless, "even after Kohler, courts in this district continue to require affirmative defenses to meet the Twombly/Iqbal standard."  Fishman v. Tiger Nat. Gas Inc., 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) (emphasis added) (quoting J&K IP Assets, LLC v. Armaspec, Inc., 2018 WL 3428757, at *3 (N.D. Cal. July 16, 2018)).  "Indeed, not one court in this district has permitted (over objection) an affirmative defense that asserted a mere legal conclusion."  Id.; see also Finjan, Inc. v. Bitdefender Inc., 2018 WL 1811979, at *3 (N.D. Cal. Apr. 17, 2018) ("The majority of courts in this district continue to apply [the Twombly/Iqbal] standard to affirmative defenses, reasoning that Kohler did not specifically address this issue.").

While defendant need not plead "extensive factual allegations," he must include more than "bare statements reciting mere legal conclusions."  Perez v. Gordon & Wong Law Grp., P.C., 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (citations omitted).  With that framing in mind, the court turns to plaintiffs' arguments as to each affirmative defense.

/ / /

United States District Court
Northern District of California

### a.      First Affirmative Defense: Failure to State a Claim

Defendant's first affirmative defense is that the FAC fails to state facts sufficient to constitute a cause of action.  Answer ¶ 52.  Plaintiffs argue that that defense should be stricken because the court denied defendant's Rule 12(b)(6) motion and the FAC did not add any facts or claims to the allegations.  Mtn. at 13.  Defendant responds that the FAC removed factual allegations and those deletions, and the resulting claims, are properly subject to legal challenge at the summary judgment stage.  Opp. at 5–6.

As a general rule, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (citing Flav–O–Rich v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.), 846 F.2d 1343, 1349 (11th Cir. 1988)).  "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiffs'] prima facie case."  Barnes, 718 F. Supp. 2d at 1174 (citation omitted); see Espitia v. Mezzetti Fin. Servs., Inc., 2019 WL 359422, at *5 (N.D. Cal. Jan. 29, 2019) (same).

Applying here, defendant's first affirmative defense clearly runs afoul of this rule and must be stricken.  Thus, the court STRIKES defendant's first affirmative defense.

### b.      Second Affirmative Defense: Third Party Liability

Defendant's second affirmative defense is that any emotional, mental, and/or physical injury suffered by plaintiffs was caused by the acts or omissions of parties other than defendant.  Answer ¶ 53.  Plaintiffs argue that section 2255 precludes a third party liability defense because each person who possesses child sex abuse images of a victim owes that victim either actual or statutory damages and there is no limit on the number of violations by different offenders which may be compensated.  Mtn. at 13.

Defendant contends that plaintiffs cite no authority that precludes him from challenging that any injury plaintiffs allege arose from another person's conduct.  Opp. at 6.  Defendant asserts that the real issue here is whether section 2255 requires plaintiffs to prove that they are both victims and suffered personal injury as separate elements.  Id. at 7.  He advances three arguments in support of his reading that the elements are

separate.  First, plaintiffs' interpretation would read the second clause—that each person "suffer[ed] personal injury"—out of the statute and the terms are not a doublet, akin to "null and void" or "cease and desist."  Id.  Second, defendant asserts no controlling case holds that any plaintiff is, in fact, a victim of the underlying criminal conviction and that such victim necessarily suffered personal injury based on possession.  Id. at 8.  Third, the original complaint alleged that each plaintiff was and will continue to suffer personal injury due to distribution and possession of child abuse images and, according to defendant, the allegations invite a challenge to the fact that the injuries were caused by others, not defendant.  Id. at 8–9.

Plaintiffs assert a single cause of action under 18 U.S.C. § 2255(a).  That statute provides in relevant part:

> Any person who, while a minor, was a victim of a violation [of certain predicate statutes] and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, . . . shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

18 U.S.C. § 2255(a).  There is no disagreement among the parties that defendant violated one of the predicate statutes—18 U.S.C. § 2252—for recovery under § 2255.  Further, any person seeking to recover under the statute must demonstrate that he or she is a victim of that predicate statute in order to recover either actual damages or liquidated damages.  While plaintiffs initially sought punitive damages in their complaint, their amended complaint now only seeks liquidated damages and disclaims any actual damages.  FAC ¶¶ 46–47.

The remaining dispute is whether, in addition to demonstrating they are victims, plaintiffs must also prove that they suffered a personal injury as a result of defendant's violation.  If the answer to that question is in the affirmative, then, presumably, defendant could present evidence that a third party caused plaintiffs to suffer a personal injury.

In Doe v. Boland, 698 F.3d 877 (6th Cir. 2012), the Sixth Circuit addressed this

precise issue.  There, a defendant pleaded guilty to violating title 18 U.S.C. § 2252A for knowingly possessing a visual depiction that was modified to appear that an identifiable minor was engaged in sexually explicit conduct.  Id. at 880.  Two victims brought suit under section 2255 and the district court awarded liquidated damages without inquiring into their actual damages.  Id. at 882–83.  On appeal, the defendant conceded that the plaintiffs were "victims" under the statute but argued that they also had to demonstrate that they suffered a "personal injury."  Id. at 881.  The defendant also argued that the victims needed to demonstrate actual damages even though the district court awarded liquidated damages.  Id. at 882.

With respect to the first argument, the Boland court acknowledged that courts generally construe statutes to avoid surplusage, but in this case section 2255's reference to "victims" and "personal injury" was not surplusage, as demonstrated by other context-illuminating words.  Id.  First, the statute's timing indicates that victimhood and injury need not occur simultaneously because a child might have one claim as soon as a video or image was created, as well as a second claim against a distributor many years later.  Id.  "Cast in this light, the statute's separate references to 'victim' and 'personal injury' show only that minor victims may sue for injuries they incur later in life; the statute does not create one category of victims and another category of people who suffer personal injuries."  Id.  Second, the presumption against surplusage does not apply to doublets— "two ways of saying the same thing that reinforce its meaning."  Id. (citing Freeman v. Quicken Loans, Inc., 566 U.S. 624, 635 (2012)).  The court determined that section 2255 contains such a doublet because, by definition, a victim is someone who suffers an injury. Id. at 882.

With respect to demonstrating actual damages, the Boland court acknowledged that most tort plaintiffs must demonstrate actual damages but section 2255[2] provided for

---

[2] Congress amended section 2255 twice after the Sixth Circuit issued its opinion and changed the language regarding statutory damages.  The 2012 version of the statute provided that any person meeting the statutory criteria shall recover "actual damages" and the following sentence provided a minimum damages amount: "Any person as

1   statutory minimum damages. Id.  "The point of a minimum-damages requirement is to

2   allow victims of child pornography to recover without having to endure potentially

3   damaging damages hearings." Id.  Applying that reasoning here, as long as a plaintiff

4   demonstrates that she or he is a victim under § 2255 and only seeks liquidated damages,

5   then that person need not also prove actual damages.

6          The Boland court's reasoning is persuasive and directly on point to the issue here.

7   Also persuasive, several district courts[3] that have encountered this same issue have

8   adopted Boland's reasoning. See, e.g., N.S. v. Rockett, 2018 WL 6920125, at *7 (D. Or.

9   Oct. 19, 2018), report and recommendation adopted, 2018 WL 6920112 (D. Or. Nov. 28,

10  2018) ("As illustrated in Boland, Masha's Law makes clear that any victim of a predicate

11  violation has, by virtue of that victimhood, suffered personal injury under § 2255."); Doe v.

12  Bruno, 2017 WL 1424298, at *3 (D. Conn. Apr. 20, 2017) ("Because plaintiffs are not

13  required to show specific injuries, it is the victimhood alone—and not any resulting

14  effects—that forms the basis of a § 2255 action.  Thus, a plaintiff need only show that he

15  or she was the victim of a sex crime under the enumerated statutes." (internal quotations

16  and citation omitted)).  In fact, defendant has cited no case that has arrived at his desired

17  reading of the statute.  The court agrees with Boland and the district courts that have

18  considered the issue.

19          Contrary to defendant's interpretation of the statute, plaintiffs need only

20  demonstrate that they were victims in order to receive liquidated damages and do not

21  also need to demonstrate that they suffered a personal injury.  From that premise, it

22  follows that the acts or omissions of third parties is irrelevant, assuming plaintiffs

23  demonstrate they were victims of defendant's predicate crime.

24

25  _____

26  described in the preceding sentence shall be deemed to have sustained damages of no
    less than $150,000 in value."  18 U.S.C. § 2255(a) (2012).  The current version of the
    statute provides that any person who meets the statutory criteria: "shall recover the actual

27  damages such person sustains or liquidated damages in the amount of $150,000. . . ."
    18 U.S.C. § 2255 (2018).  The changes in the language do not detract from the reasoning

28  behind the Boland court's discussion of statutory damages.
    [3] Judge Illman's September 8th order collects further authorities.  Dkt. 106 at 14.

1    Accordingly, the court STRIKES defendant's second affirmative defense.

2            **c.      Third Affirmative Defense: Causation**

3    Defendant's third affirmative defense is that no act by defendant was the cause-in-

4    fact or proximate cause of any damages recoverable by plaintiffs.  Answer ¶ 54.  Plaintiffs

5    contend this is an improper defense because causation is an element of a plaintiff's case

6    and not an affirmative defense.  Mtn. at 14.  Defendant accepts plaintiffs' position that

7    causation is an element of their case.  Opp. at 10.

8            The court agrees that causation is an element of plaintiffs' case and, thus, not an

9    affirmative defense.  As stated, "[a] defense which demonstrates that plaintiff has not met

10   its burden of proof is not an affirmative defense."  Zivkovic, 302 F.3d at 1088.

11   Accordingly, the court STRIKES defendant's third affirmative defense.

12           **d.      Fourth Affirmative Defense: Accord & Satisfaction**

13   Defendant's fourth affirmative defense is that fourteen of the plaintiffs[4] have

14   already been paid in full for all monies due and, therefore, the parties have achieved a full

15   accord and satisfaction.  Answer ¶ 55.  Plaintiffs assert that defendant's accord and

16   satisfaction affirmative defense is insufficiently pled.  Mtn. at 17.  They argue that there

17   has been no agreement entered into between plaintiffs and defendant and that

18   defendant's criminal restitution was executed by the federal government.  Id. at 18.

19           Defendant responds that plaintiffs' argument concedes that accord and

20   satisfaction is a viable defense and further contends that plaintiffs' argument is better

21   suited for resolution at summary judgment.  Opp. at 10.  According to defendant, the facts

22   surrounding his affirmative defense should be allowed to develop further before

23   dispositive motion practice.  Id.  For example, defendant cites correspondence between

24   counsel for both sides relating to negotiated restitution payments to plaintiffs during

25   defendant's criminal case.  See id. at 10–12.  Defendant contends that because plaintiffs

26   worked closely with the government in the criminal case, it remains an open question

27   _____

28   [4] It appears that defendant omits "Lily" from this affirmative defense.  Compare Answer
     ¶ 55 with FAC ¶¶ 3–29.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   whether defendant may establish, as a factual matter, the elements of accord and

2   satisfaction. Id. at 12–13. In their reply, plaintiffs' contest defendant's version of events.

3   Reply at 5–7.

4       Both parties offer extrinsic evidence purporting to demonstrate the extent to which

5   plaintiffs and their counsel had some role or influence on defendant's criminal restitution

6   litigation. Opp. at 10–12; Reply at 5–7; see also Dkts. 111-1 to 111-3; Dkt. 112; Dkt. 120.

7   This back and forth is not required to resolve plaintiffs' motion. Rather, the affirmative

8   defense fails for two reasons. First, it does not allege sufficient factual content to

9   plausibly put plaintiffs on notice as to defendant's affirmative defense. Second, even

10  considering defendant's arguments in his opposition concerning criminal restitution as

11  potentially constituting accord and satisfaction, defendant has not established such an

12  affirmative defense is available as a matter law.

13      In Doe v. Hesketh, 828 F.3d 159, 162 (3d Cir. 2016), the Third Circuit examined

14  whether "a restitution award for a criminal offense bars a later-filed civil claim by a victim

15  under § 2255 based on that same offense." The court reasoned that the text of the

16  statute was unambiguous and "in no way limits the availability of the civil right of action to

17  cases in which a victim has not been compensated in the past by a restitution order." Id.

18  at 168. The court also found persuasive the fact that the procedures governing

19  mandatory restitution, 18 U.S.C. § 3664(j), provided that restitution is reduced by any

20  amount later recovered as compensatory damages for the same loss by the victim in "any

21  Federal civil proceeding." Id. The court stated, "Congress not only contemplated that a

22  victim who had received restitution could file a subsequent civil action, but also provided

23  procedures for that very situation." Id. at 169.

24      The Hesketh court also reasoned that if a restitution award barred a later-filed

25  claim under § 2255, then it "would render § 2255 nothing more than a 'dead letter' with

26  respect to those predicate offenses." Id. (citation omitted). Thus, the court held that "18

27  U.S.C. § 2255 permits a victim to bring a civil claim for the violation of a predicate statute

28  even where that victim has previously received criminal restitution for the same violation

1   of that statute for her purported full damages." Id. at 171.

2   While not controlling, Hesketh's reasoning is comprehensive and its holding is

3   persuasive.  Applying here, any restitution received by plaintiffs pursuant to the

4   mandatory criminal restitution statute, 18 U.S.C. § 2259, does not bar them from pursuing

5   and recovering a § 2255 claim for violation of the same predicate statute.  Any amount

6   that defendant might eventually pay to plaintiffs as liquidated damages offsets any

7   previously paid restitution.  18 U.S.C. § 3664(j)(2).

8   For the foregoing reasons, the court STRIKES defendant's fourth affirmative

9   defense.

10   ### e.      Fifth Affirmative Defense: Unjust Enrichment

11   Defendant's fifth affirmative defense is that each plaintiff is barred from recovery

12   because allowing recovery would result in unjust enrichment.  Answer ¶ 56.  Plaintiffs

13   argue that defendant's unjust enrichment affirmative defense fails to allege sufficient

14   factual allegations to put them on notice of defendant's contention.  Mtn. at 19.  They also

15   argue that Congress contemplated a criminal convict liable for both restitution and civil

16   damages and further assert that § 2255 includes mandatory language that the victim

17   "shall recover" actual or liquidated damages such that unjust enrichment is not available.

18   Id. at 19–20.

19   Defendant contends that he continues to develop evidence addressing whether

20   plaintiffs' claims would amount to unjust enrichment.  Opp. at 13.  He cites United States

21   v. Clemans, 2018 WL 4794166 (E.D. Cal. Oct. 3, 2018), as an example where a district

22   court rejected a request for restitution in a predicate criminal case because the victim had

23   already been awarded nearly $11 million in restitution.  Defendant points out that his

24   concern is especially relevant since the victim in Clemans is also a plaintiff in this case.

25   Opp. at 13.

26   Section 2255 provides that a victim who meets the applicable criteria "shall

27   recover the actual damages such person sustains or liquidated damages in the amount of

28   $150,000."  18 U.S.C. § 2255(a).  The use of the word "shall" indicates a mandatory

command from Congress.  See Serv. Emps. Int'l Union v. United States, 598 F.3d 1110, 1113 (9th Cir. 2010) ("The word 'shall' is ordinarily [t]he language of command." (internal quotation marks and citations omitted)).  The plain language of the statute does not indicate that the court can order an amount less than the liquidated damages amount, nor has defendant cited any authority holding as much.

Rather, defendant analogizes plaintiffs' remedy to restitution and cites a district court case where the court declined to issue restitution because the victim had already received far more in restitution awards than her total disaggregated ongoing medical losses and attorney's fees.  Clemans, 2018 WL 4794166, at *4.  Restitution, however, is fundamentally different than statutory damages.  As the district court in Clemans stated, the purpose of restitution is "to make victims whole and restore them to the position they occupied prior to the Defendant's action."  Id. at *3 (citations omitted).  Further, "the totality of restitution cannot exceed the totality of actual loss suffered by the identified victim."  Id. at *4 (quoting United States v. Darbasie, 164 F. Supp. 3d 400, 406 (E.D.N.Y. 2016)).  Since the plaintiff in Clemans had already been made whole, the court had a basis to deny restitution.

As discussed, Hesketh demonstrates that receipt of restitution does not bar the same victim from pursuing a section 2255 claim.  828 F.3d at 171.  As stated in Boland, section 2255's liquidated damages provision does not require a victim to prove an amount of damages.  See 698 F.3d at 882 ("Once a child has shown she was the victim of a sex crime, there is little point in forcing her to prove an amount of damages, only to have the court disregard that figure and award the statutory minimum.").  It follows that a liquidated damages award could exceed actual damages.  In any event, defendant has not cited authority that would permit the court to disregard Congress's mandatory command.  Thus, an unjust enrichment defense arguing that liquidated damages exceeds monies already received is insufficient as a matter of law.

For the foregoing reasons, the court STRIKES defendant's fifth affirmative defense.

1

2

United States District Court
Northern District of California

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

f.      **Sixth, Seventh & Ninth Affirmative Defenses: Constitutional Challenges**

Defendant's sixth, seventh, and ninth affirmative defenses are that title 18 U.S.C. § 2255(a) violates the Fifth, Eighth, and Seventh Amendments, respectively.  Answer ¶¶ 57–58, 60.  Plaintiffs argue that defendant's constitutional affirmative defenses are conclusory assertions.  Mtn. at 20–22.  With regard to the defendant's seventh affirmative defense, plaintiffs argue that the Eighth Amendment does not apply when a defendant is sued civilly by private parties.  Id. at 21.  As to defendant's ninth affirmative defense, plaintiffs contend that the Seventh Amendment does not apply when Congress creates a cause of action.  Id. at 22–23.

Defendant concedes that it is not clear whether his potential constitutional challenges to the statute constitute viable affirmative defenses and asserts that he intended to provide notice that, at the appropriate time, he might challenge the statute's constitutionality under the cited constitutional amendments.  Opp. at 15 & n.17.

As a general matter, other courts have permitted constitutional challenges to a statute to be pleaded as affirmative defenses.  See G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, at *6 (N.D. Cal. Sept. 23, 2010); Sec. People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, at *5 (N.D. Cal. Mar. 4, 2005).  In both opinions, the defendant provided sufficient factual allegations such that the court could discern whether the constitutional challenge was legally sufficient.  In this case, there are no factual allegations that would permit plaintiffs or the court to understand defendant's constitutional challenges.  For example, defendant's affirmative defenses do not specify whether he intends to bring a facial or as applied challenge to section 2255.

Further, as plaintiffs point out, Federal Rule of Civil Procedure 5.1 requires "a party that files a pleading . . . drawing into question the constitutionality of a federal or state statute must promptly" file notice of the constitutional question and serve the notice on the Attorney General.  Fed. R. Civ. P. 5.1(b)–(c).  Civil Local Rule 3-8(a) also requires defendant to serve notice on the United States Attorney for this district.  Defendant has

1    not complied with either rule.  See Haskins v. Cherokee Grand Ave., LLC, 2012 WL

2    1110014, at *4 (N.D. Cal. Apr. 2, 2012) (striking affirmative defense for "fail[ing] to brief

3    adequately the constitutional issue and to comply with Civ. L.R. 3–8").

4        For the foregoing reasons, the court STRIKES defendant's sixth, seventh, and

5    ninth affirmative defenses.

6        ### g.    Eighth Affirmative Defense: Set Off

7        Defendant's eighth affirmative defense is that he is entitled to a set off for monies

8    obtained by plaintiffs for the damages they assert in this suit.  Answer ¶ 59.  Plaintiffs

9    briefly contend that defendant's eighth affirmative defense does not plead facts indicating

10   what basis he asserts the defense.  Mtn. at 21.  They argue that, if defendant is claiming

11   he should receive credit for other offenders' payments, then the defense is legally

12   insufficient.  Id.

13       Defendant responds that plaintiffs offer no controlling authority that set off is

14   prohibited as a matter of law.  Opp. at 10.  Defendant's set off argument is interspersed

15   with his accord and satisfaction argument and his contentions regarding factual

16   development of his criminal restitution litigation apply to this argument.  Id. at 10–13.

17       First, defendant has not alleged sufficient facts to identify the source of the set off.

18   See Gilmore v. Liberty Life Assurance Co. of Bos., 2013 WL 12147724, at *1 (N.D. Cal.

19   Apr. 19, 2013).  Second, as discussed above, section 2255's liquidated damages

20   provision requires an award of damages regardless of any conduct on the part of

21   plaintiffs.  See Boland, 698 F.3d at 882 ("Once a child has shown that she was the victim

22   of a sex crime, there is little point in forcing her to prove an amount of damages, only to

23   have the court disregard that figure and award the statutory minimum.").

24       Plaintiffs cite Allison v. Dolich, 2018 WL 834919, at *18 (D. Or. Feb. 12, 2018),

25   where the court granted summary judgment in favor of the plaintiffs against the

26   defendants' set off affirmative defense.  The court noted that the plaintiffs in that case

27   were not seeking recovery of back wages under the Fair Labor Standards Act, "but only

28   statutory damages derived therefrom."  Id.  The court found that the defendants' set off

United States District Court
Northern District of California

1    defense was therefore moot. Id.  Defendant argues Allison supports his position because

2    it was decided at summary judgment (rather on a motion to strike), but the procedural

3    posture is not the relevant aspect of the case.  Rather, Allison lends support to the

4    proposition that where a plaintiff seeks statutory damages, set off does not apply.

5           Accordingly, the court STRIKES defendant's eighth affirmative defense.

6           **3.    Request for Judicial Notice & Motion to Remove Document**

7           Plaintiffs filed a request for judicial notice of defendant's July 2017 plea

8    agreement, a July 2018 stipulation regarding restitution in defendant's criminal case, and

9    a September 2018 amended judgment and restitution list in the criminal case.  Dkt. 98.

10   Plaintiffs then filed an amended request that omits the first exhibit but maintains the

11   request for the second and third exhibits.  Dkt. 100.  Plaintiffs also move to remove an

12   incorrectly filed document, asserting that the plea agreement should have remained

13   confidential.  Dkt. 101.  Defendant does not oppose the request for judicial notice.

14          Under Federal Rule of Evidence 201, a court may take judicial notice of an

15   adjudicative fact which "must be one not subject to reasonable dispute in that it is either

16   (1) generally known . . . (2) or capable of accurate and ready determination by resort to

17   sources whose accuracy cannot reasonably be questioned."  The documents to be

18   noticed are matters of public record and are thus judicially noticeable.  The court

19   GRANTS plaintiffs' amended request for judicial notice.  Dkt. 100.

20          With respect to plaintiffs' motion to remove an incorrectly filed document, plaintiffs

21   aver that defendant's 2017 plea agreement should not have been filed because it is

22   confidential and therefore argue that the document should be removed from the public

23   record.  Dkt. 101.  Plea agreements, while restricted to participants of the case, are not

24   treated as confidential unless a party seeks to file a document under seal.  See Crim.

25   L.R. 56-1.  Therefore, the impetus to remove the document is unwarranted and the court

26   DENIES plaintiffs' motion to remove incorrectly filed document.[5]  Dkt. 101.

27   _____

28   [5] The Clerk's office has, however, modified access to the document in question such that
     only case participants can access it.

United States District Court
Northern District of California

### 4.    Second Motion to Strike

On September 17, 2020, plaintiffs filed their reply brief in support of their first motion to strike, (Dkt. 111), and the next day, filed a supplemental declaration in support of the reply, (Dkt. 112).  In response, defendant filed a supplemental declaration of his own, (Dkt. 120), to which plaintiffs filed a subsequent motion to strike, (Dkt. 121).

Broadly speaking, this ancillary dispute involves factual representations in plaintiffs' reply brief that indicates that plaintiffs and the government were "at odds" during defendant's criminal restitution litigation.  Reply at 6.  Plaintiffs then filed a supplemental declaration clarifying that the reply was not intended to infer that the government's prosecutors in the criminal matter may have committed any improper acts regarding releasing plaintiffs' identities to defendant's counsel.  Dkt. 112, ¶ 5.  As plaintiffs later explain, the government's prosecutor contacted plaintiffs' counsel, voicing concern that plaintiffs' reply would be read in a way that the government had violated plaintiffs' rights under Crime Victims Rights Act.  Dkt. 121 at 4.  Defendant's counsel then filed a supplemental declaration stating that he spoke with the prosecutors in defendant's criminal case concerning the accuracy of plaintiffs' representations in the reply brief and supplemental declaration.  Dkt. 120, ¶ 4.  Defendant's counsel attached as part of the supplemental declaration correspondence between plaintiffs and the prosecuting attorneys.  Id. ¶ 5 & Ex. E.

Plaintiffs now move to strike the supplemental declaration because it lacks relevance to the first motion to strike, contains hearsay, is argumentative, and is untimely and improper.  Dkt. 121 at 5–7.

The court begins with a few observations.  First, as discussed above, the conduct relating to defendant's criminal restitution is largely irrelevant to the question of whether plaintiffs can recover statutory liquidated damages under title 18 U.S.C. § 2255.  Second, the conduct of the counsel for the parties and the government has virtually no bearing on the immediate question presented by plaintiffs' first motion to strike, which is whether any affirmative defense is insufficiently pled or insufficient as a matter of law.

With regard to these supplemental filings, the Civil Local Rules are clear.  "Once a reply is filed no additional memoranda, papers or letters may be filed without prior Court approval," other than objections to reply evidence and statements of recent decision. Civ. L.R. 7-3(d).  Neither party requested approval from the court to file its respective supplemental declaration, (Dkts. 112, 120), and neither declaration falls within an exception provided by the Local Rules.  Accordingly, the court STRIKES both plaintiffs' and defendant's supplemental declarations.  The court takes no position on the propriety of any conduct by any party or non-party relating to defendant's criminal restitution. Because the court strikes defendant's supplemental declaration pursuant to its inherent power to control its docket, the court DENIES AS MOOT plaintiffs' second motion to strike.  Dkt. 121.

## CONCLUSION

For the reasons stated, plaintiffs' first motion to strike is GRANTED and defendant's first through ninth affirmative defenses are STRICKEN.  The supplemental declarations filed by the parties, (Dkts. 112, 120), are also STRICKEN and plaintiffs' second motion to strike is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: October 26, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge