UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "AMY", et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RANDALL STEVEN CURTIS,<br><br>    Defendant. | Case No. 19-cv-02184-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RELIEF**<br><br>Re: Dkt. No. 117 |

    Before the court is defendant Randall Curtis's ("defendant") motion for relief from nondispositive pretrial order of magistrate judge. Dkt. 117. The matters is fully briefed[1] and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

    On August 25, 2020, the parties filed a joint discovery letter to resolve three discovery disputes before Magistrate Judge Illman. Dkt. 94. The parties disputed whether defendant is entitled to obtain discovery on the issue of damages; whether defendant is entitled to obtain discovery regarding monies plaintiffs have sought and received for similar claims; and whether defendant is entitled to depose plaintiffs or, where appropriate, their guardians. Id. at 2. On September 8, 2020, Judge Illman issued an order denying defendant's requests in their entirety and granting plaintiffs' motion for a

---

[1] Defendant also filed an unopposed administrative motion, (Dkt. 116), requesting that the court consider the declaration of Dr. Hy Malinek, (Dkt. 107-2), in adjudicating the present motion for relief from nondispositive pretrial order of magistrate judge. The court GRANTS defendant's administrative motion. Dkt. 116.

protective order to preclude their depositions. Dkt. 106 at 16. Defendant now seeks relief from that order, (Dkt. 117), and this court set a briefing schedule, (Dkt. 124).

A district court may modify or set aside an order of a magistrate judge on a non-dispositive matter only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this "deferential" standard, the district court may not "substitute its judgment" for that of the magistrate judge. United States v. Abonce-Barrera, 257 F.3d 959, 968 (9th Cir. 2001); Grimes v. City & Cty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). A finding of fact may be set aside as clearly erroneous only if the court has "a definite and firm conviction that a mistake has been committed." Burdick v. C.I.R., 979 F.2d 1369, 1370 (9th Cir. 1992). However, the "magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citations omitted).

Defendant raises several objections to Judge Illman's order, but there are two issues that essentially undergird all of defendant's objections. The first is whether section 2255 requires any particular plaintiff to demonstrate that he or she was a victim and suffered a personal injury. Mtn. at 1. Judge Illman, relying on the Sixth Circuit's opinion in Doe v. Boland, 698 F.3d 877 (6th Cir. 2012), determined these are not separate elements of a title 18 U.S.C. § 2255(a) claim and that plaintiffs need not establish, as a matter of fact, that each one suffered a personal injury based on defendant's conduct. Mtn. at 1–2. The second issue is whether plaintiffs have sufficiently established their identities such that defendant cannot take discovery into whether they are in fact the victims of defendant's crime. Id. at 1.

The first issue is easily disposed of. As discussed in this court's order granting plaintiffs' motion to strike, (Dkt 130 at 8–9), a § 2255 plaintiff need not show that he or she is a victim and that they suffered a personal injury. As long as plaintiffs establish that they are victims, then they necessarily suffered a personal injury. Further, a plaintiff that elects liquidated damages under § 2255 need not demonstrate that he or she suffered

1    actual damages.  See Boland, 698 F.3d at 882.
2        In this case, plaintiffs' amended complaint only seeks liquidated damages and no
3    longer requests punitive damages, as was the case in the original complaint.  Dkt. 81,
4    ¶ 46.  For that reason, the reasoning underlying this court's prior discovery order, which
5    determined that defendant could seek depositions with regard to punitive damages, (Dkt.
6    71 at 2), is moot.  As stated by the Boland court:

> The point of a minimum-damages requirement is to allow victims of child pornography to recover without having to endure potentially damaging damages hearings.  Were it otherwise, a fresh damages hearing might inflict fresh wounds, increasing the child's suffering and increasing the compensatory damages to which she is entitled. . . . Once a child has shown she was the victim of a sex crime, there is little point in forcing her to prove an amount of damages, only to have the court disregard that figure and award the statutory minimum.

698 F.3d at 882.  This reasoning applies with equal force to depositions into plaintiffs' damages.  Accordingly, Judge Illman did not err in determining that defendant could not depose plaintiffs on the issues of damages and any monies received by plaintiffs.

    The second issue merits some further discussion.  In its prior discovery order, this court determined that because plaintiffs must demonstrate that they are the individuals depicted in the offending images, defendant could seek depositions on that issue.  Dkt. 71 at 2.  In his order, Judge Illman indicated that defendant's criminal proceeding resolved whether any plaintiff was, in fact, a victim of defendant's criminal convictions.  Dkt. 106 at 5, 12.  The order went on to state that "the issue of the identity of the persons depicted in the hundreds of images found in Defendant's possession remains subject to proof and to the conduct of discovery that would be proportional to the needs of the case."  Id. at 11.  Finally, the order stated, "this contention is unrelated to any of the three currently pending discovery disputes."  Id. at 12.  Defendant objects to Judge Illman's "finding" that plaintiffs are in fact victims.  Mtn. at 1.

    To the extent Judge Illman's order finds that plaintiffs have established that they are victims as defined in § 2255(a), that finding was in error.  As acknowledged in the

order, the identity issue was not presented to Judge Illman and his ruling only denied defendant's motion to compel "as to damages, causation, and moneys sought or received from other violators." Dkt. 106 at 16.  The order's discussion of defendant's criminal proceeding should not be read to establish a finding regarding plaintiffs' identities in this case for three reasons.

First, as noted in the court's prior discovery order, plaintiffs have not demonstrated that their identities were an essential allegation of defendant's criminal case such that he would be estopped from denying that fact pursuant to title 18 U.S.C. § 3664(l).  Dkt. 71 at 2 n1.  Second, the restitution stipulation between defendant and the government explicitly provided that defendant did not stipulate that any of the claimants was a statutory victim, that nothing in the stipulation would be construed as any admission in a later proceeding, and the stipulation was presented pursuant to Federal Rule of Evidence 408.  See United States v. Curtis, No. CR 16-00510 SI, Dkt. 90 at 2.  This stipulation was akin to a settlement agreement where one party agreed to pay a sum without admitting liability as to a particular fact.  Third, as Judge Illman noted, the amended judgment in the criminal case denominated the restitution claimants as victims, but that amended judgment was a form document (form AO 245B).  See United States v. Curtis, No. CR 16-00510 SI, Dkt. 114 at 7.  Rather than making a finding that plaintiffs are "victims," the judgment recorded the stipulated restitution as agreed by the parties and does not controvert the terms of the stipulation.

Thus, the issue of identity remains subject to proof.  As stated above, the court previously determined that defendant could depose the plaintiffs (or their guardians, where appropriate) on the issue of identity.  Dkt. 71 at 4–5.  However, given that damages discovery is no longer an issue and given that identity is particularly within the personal knowledge of each plaintiff, their identities could easily by established by declaration or interrogatory responses, obviating the need for expensive, time consuming, and potentially harassing depositions.

For the foregoing reasons, defendant's motion for relief from a non-dispositive

4

magistrate judge order is GRANTED to the extent that the order made findings with regard to whether plaintiffs are in fact victims of defendant's crime and DENIED in all other respects.

**IT IS SO ORDERED.**

Dated: October 26, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge