COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
RANDALL STEVEN CURTIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| "AMY," *et al*.,<br><br>Plaintiffs,<br><br>RANDALL STEVEN CURTIS,<br><br>Defendant. | Case No. 19 Cv 2184 PJH<br><br>DECLARATION OF ETHAN A. BALOGH IN SUPPORT OF DEFENDANT CURTIS'S MOTION FOR JUDGMENT ON THE PLEADINGS, SUMMARY JUDGMENT, AND/OR PARTIAL SUMMARY JUDGMENT<br><br>Date:   February 17, 2021<br>Time:  9:00 a.m.<br><br>Date Filed:  June 21, 2021<br>Trial Date:  None Set<br><br>Before the Honorable Phyllis J. Hamilton<br>Chief United States District Judge |

I, ETHAN A. BALOGH, declare under penalty of perjury as follows:

1.   I am a partner at the law firm of Coleman & Balogh LLP, am admitted to practice before this Court, and represent Defendant Randall Curtis in this case.  I state the following on personal knowledge, and if called as a witness, could competently testify to the facts presented in this declaration.

2.   Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' counsel's January 24, 2018 to defense counsel.

3.   In 2011, Plaintiffs counsel James Marsh published James R. Marsh, *Masha's Law: A Federal Civil Remedy for Child Pornography Crimes*, 61 Syracuse L. Rev. 459, 494-95 (2011). Therein, Marsh noted that he "was instrumental" in drafting Masha's law, which he claims he "introduced and passed." *Id.* at 461.  Based on this claims by Plaintiffs' counsel, as well as his declaration, filed in this case at ECF 95-4, in which Plaintiffs' counsel Marsh bragged that "[i]n 2017, I assisted Senator Diane Feinstein in updating 18 U.S.C. 2255[,]" as well as other similar claims of legislative participation Plaintiffs' counsel made to the United States during this civil case, I timely served upon Plaintiffs Requests for Production seeking documents reflecting Plaintiffs' and their counsel's work with Congress to amend section 2255.  A true and correct copy of those Requests for Production are attached hereto as Ex. B.  A true and correct copy of the interrogatories I served at that same time is attached hereto as Exhibit C.  Although Plaintiffs' responses to those all of those discovery requests came due at the end of November, to date, Plaintiffs have not provided any discovery responses.  Defendant will seek a continuance of the hearing of this motion until such time as Plaintiffs' obligations to provide evidence of its work with the legislature to amend section 2255 *after* Curtis had been charged have been resolved, either cooperatively now, or by motion practice should Plaintiffs continue to refuse response to timely served and valid discovery requests.

4.   On September 17, 2020, I provided notice to the United States regarding the legal issues presented in the parties' competing briefs with respect to Plaintiffs' motion to strike alternative defenses.  Attached here to as Exhibit D is a true and correct copy of my correspondence to Government counsel.  As reflected therein, I attached copies of ECF Nos. 107,

1

107-1, and 111 with that correspondence and asked the Government to accept our briefing as our

Fed. R. Civ. P. 5.1 notice.  The Government never objected to that notice in any way.

I declare that the foregoing is true and correct under penalty of perjury under the laws of

the United States.

Dated: January 19, 2021                     */s/ E A Balogh*
                                            ETHAN A. BALOGH

DECL. OF ETHAN A. BALOGH
19 CV. 2184 PJH

# EXHIBIT A

# CAROL L. HEPBURN, P.S.

## ATTORNEYS AT LAW

CAROL L. HEPBURN
Attorney at Law

Licensed in Washington
and Oregon


J. WILLIAM SAVAGE
Attorney at Law,
Of Counsel

Licensed in Washington
and Oregon


MICHELLE D. SPARKS
Paralegal


IN SEATTLE:
200 FIRST AVENUE WEST
SUITE 550
SEATTLE, WASHINGTON
98119
TELEPHONE:
(206) 957-7272
FACSIMILE:
(206) 957-7273


IN PORTLAND:
620 S.W. FIFTH AVENUE
SUITE 1125
PORTLAND, OREGON
97204
TELEPHONE:
(503) 222-0200
FACSIMILE:
(503) 248-0200

January 24, 2018

**VIA EMAIL TO shawn@shawnhalbertlaw.com
AND ORIGINAL VIA U.S. MAIL**
Shawn Halbert
214 Duboce Avenue
San Francisco, CA  94103

Re:   Randall Steven Curtis
      NDCA No.:  3:16-cr-00510-SI-1

Dear Mr. Halbert:

I am the attorney for the victims in the child pornography series known as Vicky, Marineland, At School, Sierra, Skylar and Sally of Jan_Socks, Maureen of Lighthouse and Pia of Sweet Sugar. Last year my clients received notices from the Department of Justice that your client possessed or distributed their child sex abuse images or videos.

Our firm is working in conjunction with the Marsh Law Firm whose principle, James R. Marsh, is licensed in the District of Columbia. Mr. Marsh represents the child pornography victims in the Misty, Jessica, Casseopia of Lighthouse, Erika and Tori of Pink Heart Sisters, and Jenny series and also received notices from the Department of Justice naming them as victims in the criminal case against Mr. Curtis.

Our firms are contemplating a civil law suit against your client under 18 U.S.C. 2255 and 18 U.S.C. 2252A(f). Under these federal civil damages statutes, our clients are each entitled to a minimum of $150,000 in statutory damages plus litigation costs and attorney's fees. We are also entitled to punitive damages. Courts have been exceedingly generous in awarding civil remedies in our civil cases.

Under current law which is being strengthened in legislation currently pending in Congress (S. 2152 just passed the Senate unanimously last night and provides a number of enhancements for victims), our clients are entitled to receive $150,000 in statutory damages without a showing of actual damages or losses. If your client appeals, we are ready and eager to litigate in the circuit court and if we prevail there, we will also seek attorney's fees. We have received attorney fees in similar appellate cases.

January 24, 2018
Page 2

     We typically receive between $150,000 and $180,000 for each client in negotiated settlements in these cases and are confident we will obtain, after litigation and any successful appeal, a judgment for upwards of $500,000+ in this case. Although we are ready, willing, and able to prosecute this civil action, we believe that it will benefit all sides to resolve this matter without litigation.

     If I do not hear from you within fourteen (14) days from the date of this letter, we will assume that your client is not interested in reaching an amicable resolution of this matter.

     Please advise if you no longer represent Mr. Curtis and forward this letter to your client or his current attorney.

     Thank you in advance for your attention to this matter.

Very truly yours,

Carol L. Hepburn

CLH:mds

Cc:  James Marsh, attorneys for Misty, Jessica, Casseopia of Lighthouse, Erika and
     Tori of Pink Heart Sisters, and Jenny
     Debbie Bianco, Co-counsel for Maureen of Lighthouse and Pia of Sweet Sugar

# EXHIBIT B

COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
RANDALL CURTIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| "AMY," *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>RANDALL CURTIS,<br><br>             Defendant. | Case No. 19 Cv. 2184 PJH<br><br>DEFENDANT RANDALL CURTIS'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO EACH PLAINTIFF<br><br>Before the Honorable Phyllis J. Hamilton Chief United States District Judge |

PROPOUNDING PARTY:    DEFENDANT RANDALL CURTIS

RESPONDING PARTIES:    PLAINTIFF "AMY"
                       PLAINTIFF "ERIKA"
                       PLAINTIFF "TORI"
                       PLAINTIFF "JENNY"
                       PLAINTIFF "JESSICA"
                       PLAINTIFF "LILY"
                       PLAINTIFF "SARAH"
                       PLAINTIFF "SALLY"
                       PLAINTIFF "SKYLAR"
                       PLAINTIFF "SIERRA"
                       PLAINTIFF "SAVANNAH"
                       PLAINTIFF "MAUREEN"
                       PLAINTIFF "VIOLET"
                       PLAINTIFF "PIA"
                       PLAINTIFF "MYA"

SET NUMBER:            TWO

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the express agreement from Plaintiffs with respect to combining this Set Two of Requests for Production ion one document, Defendant Randall Curtis requests that each Plaintiff produce for inspection and copying all documents and things requested herein within thirty (30) days of service in accordance with the definitions and instructions set forth below.  Production of documents and things shall be at Coleman & Balogh LLP, 235 Montgomery Street, Suite 1070, San Francisco, CA 94104.

**DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each of the Requests, and are deemed to be incorporated in each of said Requests:

1.  "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2.  "Any" shall be construed to mean "any and all."

3.  "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

4.  "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "Plaintiff" means each individual plaintiff as she identified herself in the Complaint and First Amended Complaint, *i.e.*, Amy, Erika, Tori, Sally, Jessica, Jenny, Lily, Sarah, Sierra, Skylar, Savannah, Maureen, Violet, Pia, and Mya.

6. "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, manuscripts, drafts, novels, short stories, works of fiction, works of nonfiction, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, screenshots, data files, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or Electronic Data, records or representations of any kind.

7. "Electronic Data" includes, without limitation, the following:

      a. activity listings of electronic mail receipts and/or transmittals;

      b. output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, GChat (or similar program) or bulletin board programs, SMS or text messages (including third party SMS services such as WhatsApp), operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

c. any and all items stored on computer memories, hard disks, floppy disks, CDROM, magnetic tape, microfiche, thumb drives, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, e.g., Blackberry, Smart Phone, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein.

8. "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way.

9. "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

10. "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about any and all information about B, as well as all information about A and B collectively.  In other words, "or" and "and" should be read as "and/or."

11. "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

12. "You" or "Your" mean the responding Plaintiff, together with all present and former agents, representatives, attorneys, or any other persons acting or purporting to act on behalf of the responding Plaintiff.

13. You should construe negative terms to include the positive, and vice-versa. For example, You should construe the word "preference" to mean preference or lack of preference.

14. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

15. Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

16. "Member of United States Congress" means any elected federal Congressman or Congresswoman, including the Congressman's/Congresswoman's staff and any other persons acting or purporting to act on behalf of the Congressman/Congresswoman.

17. "Member of the United States Senate" means any elected federal Senator, including the Senator's staff and any other persons acting or purporting to act on behalf of the Senator.

## INSTRUCTIONS

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any such Document available to Defendant.

2. In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your agents, investigators or by Your attorneys or their Employees, agents or investigators.

3. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as they are kept or maintained by You. All Documents shall be

produced in the file folder, envelope or other container in which the Documents are kept or maintained. If for any reason the container cannot be produced, You should produce copies of all labels or other identifying marks which may be present on the container.

4.  Documents shall be produced in such fashion as to identify the office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document(s) custodian(s).

5. Documents attached to one another should not be separated. If any portion of any Document is responsive to any portion of the Document requests below, then the entire Document must be produced.

6.  If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document: a. is lost or missing; b. has been destroyed and, if so, by whom at whose request; c. has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or d. has been otherwise disposed of.

7.  In each instance in which a Document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the Document, including, but not limited to: a. the identity of the Person or entity who last possessed the Document; b. the date or approximate date of the Document's disposition; and c. the identity of all Persons who have or had knowledge of the Document's contents.

8. If any Document responsive to any of these requests is privileged, and the Document or any portion of the Document requested is withheld based on a claim of privilege pursuant to

Rule 26(b )(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and any facts relied upon in support of that claim, including the following information: a. the reason for withholding the Document; b. the date of such Communication; c. the medium of such Communication; d. the general subject matter of such Communication (such description shall not be considered a waiver of Your claimed privilege); e. the identity of any Document that was the subject of such Communication and the present location of any such Document; and f. the identity of the Persons involved in such Communication.

9. Each Document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 8 above, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these Document requests. If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted.  Any redactions to Documents produced should be identified in accordance with Instruction 8 above.

10. All headings used in the Requests are for organizational purposes only, and are not intended, and shall not be construed, to modify any request in any manner, and shall not be used in any way to restrict or limit the scope of any request set forth beneath any particular heading.

11. Any document request that demands the production of "documents sufficient to show" requires You to produce only those documents necessary to provide all the information necessary to show, identify or describe the subject matter requested.

12.  If identical copies of a document are in the possession, custody or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

13.  In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

14.  The fact that a document is in the possession of Plaintiffs, or is produced by another Person, does not relieve You of the obligation to produce all of Your copies of the same document, even if Your copies are identical in all respects to a document produced or held by another Person.

15.  If You file a timely objection to any portion of a Request, definition or instruction, provide a response to the remaining portion.

16.  The time period to which these Requests refer (i.e., the "relevant period") is from the date of the sexual abuse you allege in the Complaint to the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

17.  All Documents shall be produced electronically, with hard copy documents produced in the form of searchable linked TIFF images and electronically stored information as native files and/or searchable TIFF images for each document linked to the document's associated metadata and extracted text or OCR.  All documents produced shall be produced as they are kept in the ordinary course.  You shall identify the source from which each document was produced, including, if applicable, the name of the individual or general files from which the document was produced.  Documents that are segregated or separated from other documents whether by use of binders, files, sub-files, or by dividers, tabs, folders or any other method, shall be left so segregated or separated.  All labels or markings on any such binders, files, sub-files, dividers, tabs or folders shall be produced.  The custodian and source folder or file for each document produced should be included in the appropriate metadata field.

18. All Documents produced should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

19.  Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a document is a responsive document in its own right and must be produced.

## REQUESTS FOR PRODUCTION

**REQUEST 50.**  All documents reflecting any and all Communication You sent to any Member of the United States Congress related to amending 18 U.S.C. § 2255.

**REQUEST 51.**  All documents reflecting any and all Communication You sent to any Member of the United States Senate related to amending 18 U.S.C. § 2255.

**REQUEST 52.** All documents reflecting any and all Communication You received from any Member of the United States Congress related to amending 18 U.S.C. § 2255.

**REQUEST 53.**  All documents reflecting any and all Communication You received from any Member of the United States Senate related to amending 18 U.S.C. § 2255.

Respectfully submitted,

DATED: October 29, 2020                COLEMAN & BALOGH LLP

*/s/ E A Balogh*
By: ETHAN A. BALOGH
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Direct: 415.391.0441

Attorneys for Defendant
RANDALL CURTIS

**PROOF OF SERVICE**

I certify that today I caused a true and correct copy of the foregoing DEFENDANT

RANDALL CURTIS'S SECOND SET OF REQUESTS FO THE PRODUCTION OF

DOCUMENTS AND THINGS TO EACH PLAINTIFF to be electronically mailed (with

Plaintiffs' agreement) to counsel for Plaintiffs at the email addresses set forth below.

John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Email: jk@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550
Seattle, WA 98119
Email: carol@hepburnlaw.net

Dated: October 29, 2020                    */s/ E. A. Balogh*
                                            ETHAN A. BALOGH

10

# EXHIBIT C

1   COLEMAN & BALOGH LLP
    ETHAN A. BALOGH, No. 172224
2   235 Montgomery Street, Suite 1070
    San Francisco, California 94104
3   Telephone Nos. (415) 391-0440
    Facsimile No. (415) 373-3901
4   Email: eab@colemanbalogh.com

5   Attorneys for Defendant
    RANDALL CURTIS
6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   "AMY," *et al.*,             )   No. 19 Cv. 2194 PJH
                      )
10         Plaintiffs,   )   DEFENDANT CURTIS'S FIRST
                      )   SET OF SPECIAL INTERROGATORIES
11   v.                   )   TO EACH PLAINTIFF
                      )
12   RANDALL CURTIS,    )
                      )   Before the Honorable Phyllis Hamilton
13         Defendant.   )   United States District Judge
                      )
14

15

16   PROPOUNDING PARTY:           RANDALL CURTIS

17   RESPONDING PARTIES:           PLAINTIFF "AMY"
                            PLAINTIFF "ERIKA"
18                             PLAINTIFF "TORI"
                            PLAINTIFF "JENNY"
19                             PLAINTIFF "JESSICA"
                            PLAINTIFF "LILY"
20                             PLAINTIFF "SARAH"
                            PLAINTIFF "SALLY"
21                             PLAINTIFF "SKYLAR"
                            PLAINTIFF "SIERRA"
22                             PLAINTIFF "SAVANNAH"
                            PLAINTIFF "MAUREEN"
23                             PLAINTIFF "VIOLET"
                            PLAINTIFF "PIA"
24                             PLAINTIFF "MYA"

25   SET NUMBER:                  ONE (1)

26

27

28

Pursuant to Federal Rule of Civil Procedure 33, and by express agreement with Plaintiffs respecting the service of Special Interrogatories on each Plaintiff in one set, Defendant Randall Curtis hereby propounds the following First Set of Special Interrogatories to Plaintiffs Amy, Erika, Tori, Jenny, Jessica, Lily, Sarah, Sally, Skylar, Sierra, Savannah, Maureen, Violet, Pia and Mya.  It is hereby requested that Plaintiffs provide responses to the interrogatories below within thirty (30) days, pursuant to Federal Rule of Civil Procedure 33, at the offices of Coleman & Balogh LLP, 235 Montgomery Street, Suite 1070, San Francisco, CA 94104.

## DEFINITIONS

Unless the context indicates otherwise, the following defined words and phrases have the meanings given:

1. "PLAINTIFF" means each individual plaintiff as set forth in the Complaint and First Amended Complaint filed in this case:  Amy, Erika, Tori, Jenny, Jessica, Lily, Sarah, Sally, Skylar, Sierra, Savannah, Maureen, Violet, Pia and Mya.

2. "CURTIS" means Defendant Randall Steven Curtis.

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Set forth the date, if any, on which PLAINTIFF personally learned about the existence of CURTIS.


Dated: October 29, 2020                    Respectfully submitted,

                                           */s/Ethan A. Balogh*

                                           ETHAN A. BALOGH

                                           Attorneys for Defendant

2

**PROOF OF SERVICE**

I certify that today I caused a true and correct copy of the foregoing DEFENDANT RANDALL CURTIS'S FIRST SECOND SET OF SPECIAL INTERROGATORIES TO EACH PLAINTIFF to be electronically mailed (with Plaintiffs' agreement) to counsel for Plaintiffs at the email addresses set forth below.

John A. Kawai, CSBN 260120

CARPENTER, ZUCKERMAN & ROWLEY

407 Bryant Circle, Suite F,

Ojai, CA 93023

Email: jk@czrlaw.com


Deborah A. Bianco, *Pro Hac Vice*

14535 Bel-Red Road, #201

Bellevue, WA 98007

Email: deb@debbiancolaw.com


Carol L. Hepburn, *Pro Hac Vice*

200 First Avenue West, #550

Seattle, WA 98119

Email: carol@hepburnlaw.net


Dated: October 29, 2020                    */s/ E. A. Balogh*

                              ETHAN A. BALOGH

# EXHIBIT D

| From: | Ethan A. Balogh |
|---|---|
| To: | Kotiya, Shailika (USACAN) |
| Cc: | Garcia, Julie (USACAN) |
| Subject: | Curtis |
| Date: | Thursday, September 17, 2020 7:19:00 PM |
| Attachments: | 20.09.10 Curtis IOT MTS.pdf |
| | 20.09.09 EAB Decl.pdf |
| | caseid=341187__de_seq_num=403__magic_num=12054211.pdf |

Shailika,

Greetings.  I hope this note finds you well in this most insane of years.  On that note, I thought it would appropriate to alert you to Plaintiffs' counsel's statements about you and your conduct in the Curtis case.  I think they mispresent the history and misrepresent what you said to them, at least in writing, because I read all of the emails from discovery.  I certainly find the plaintiffs' use of Jim Marsh's quote from June 2019 to demonstrate his knowledge in June 2018 particularly malignant.

Their brief responds to mine, and I include it and my declaration as well.  I don't there's anything remotely controversial in either.  And since the Plaintiffs' brief demands Rule 5.1 notice now, please accept my brief as Mr. Curtis's Rule 5.1 Notice for the potential constitutional issues raised therein.  I am of course available to discuss if you'd like more detail.

Cliff Notes: Plaintiffs' section 7 and Hepburn Declaration, and Defendant's sections E & G and my declaration are must reads.  And I think you learn something interesting in section F.

I hope you're both well, your families too.  Stay healthy and safe.

EAB