COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
RANDALL STEVEN CURTIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| "AMY," *et al.*,<br><br>        Plaintiffs,<br><br>RANDALL STEVEN CURTIS,<br><br>        Defendant. | Case No. 19 Cv 2184 PJH<br><br>REPLY DECLARATION OF ETHAN A. BALOGH IN SUPPORT OF DEFENDANT CURTIS'S MOTION FOR JUDGMENT ON THE PLEADINGS, SUMMARY JUDGMENT, AND/OR PARTIAL SUMMARY JUDGMENT<br><br>Date:   February 25, 2021<br>Time:  1:30 p.m.<br><br>Trial:  June 21, 2021<br><br>Before the Honorable Phyllis J. Hamilton<br>Senior United States District Judge |

I, ETHAN A. BALOGH, declare under penalty of perjury as follows:

1. I am a partner at the law firm of Coleman & Balogh LLP, am admitted to practice before this Court, and represent Defendant Randall Curtis in this case. I state the following on personal knowledge, and if called as a witness, could competently testify to the facts presented in this declaration.

2. On October 29, 2020, the last day on which a party could propound fact discovery, I served upon Plaintiffs—by electronic mail, as agreed upon by the parties—Defendant's Request for Production of Documents, Set Two. Those requested were aimed at obtaining documents Plaintiffs exchanged with members of Congress with respect to their years-long efforts to have Congress amend the statute, and then amend it again. Attached hereto as Exhibit F[1] is a true and correct copy of Plaintiffs' enclosure email and the appended responses to Defendant's Request for Production of Documents, Set Two ("RFPs Set Two").[2] (Although Plaintiffs' counsel then wrote, "[i]n the interests of getting these to you today, here they are without the Cert [sic] of Service. We will amend and re send to you on Monday[,]" Plaintiffs did not follow through as promised.)

3. I contend that Plaintiffs' presentations regarding their desire to change the statute is relevant to this case. *See* ECF 142 at 12:9-13:18[3] (arguing against bills of attainder); *see also id.*, at 10:11-17:10 (arguing that the presumption against retroactivity makes the predecessor version of the statute—"Masha's law"—applicable to Defendant, rather than the current version of the statute that was amended in 2018, *viz.*, *after* Defendant's conduct, *after* Defendant's conviction, *after* Plaintiffs received notice that Defendant may have possessed images of Plaintiffs, and *after* Plaintiffs had raised claims against Defendant. Plaintiffs and their counsel have stated in multiple for a that were instrumental in amending the statute with respect to Masha's law, and then

---

[1] For ease of reference, I continue the sequential lettering of exhibits to be considered at the dispositive motions hearings, the most recent of which being ECF 96-3.

[2] The parties agreed to the form of RFPs Set Two so that Defendant could direct each request at al l5 Plaintiffs on one pleading, and Plaintiffs thereafter could respond to each of the requests on each Plaintiff's behalf in one pleading.

[3] I cite to the ECF-generated page numbers when referencing filings on this Court's docket.

1

DECL. OF ETHAN A. BALOGH
19 CV. 2184 PJH

amending it again with respect to the current version of the statute, and this evidence includes the following:

> James R. Marsh, *Masha's Law: A Federal Civil Remedy for ChildPornography Crimes*, 61 Syracuse L. Rev. 459, 461 (2011) (Plaintiffs' counsel declaring: "In late 2005, I was instrumental in enhancing the federal civil legal rights of children who are victims of child pornography" and claiming credit for enactment of Masha's Law);
>
> ECF 94-5 (Declaration of James Marsh claiming that "[i]n 2017, I assisted Senator Diane Feinstein in updating 18 U.S.C. 2255")[;] and
>
> ECF 96-2 at Ex. 16 (at AMY000060) (In 2014, Plaintiff Amy lamenting her (and her counsel's loss) in *Paroline v. United States*, 572 U.S. 434 (2014), ane expressing "hopes [that] the lingering problems will be solved by the legislation that Mr. Marsh is working on."

4. When Plaintiffs' responses to Defendant's RFPs Set Two came due on Monday, December 1, 2020, *see* Fed. R. Civ. P. 34, Plaintiffs neither responded substantively, issued objections, nor produced responsive documents. When, in January 2021, I inquired of Plaintiffs' counsel regarding the long-overdue discovery, Plaintiffs' counsel suggested that I did not respond to an email query about the RFPs following their service, that email from Plaintiffs' counsel somehow excused Plaintiffs' obligations under Fed. R. Civ. P. 34. After conference, Plaintiffs refused to provide *any* responsive documents, and instead presented responses containing the following objections for each Plaintiff:

> Objection: beyond the scope of permissible discovery as not likely to lead to any admissible evidence; violative of Plaintiffs' First Amendment rights to petition Congress as the compelled disclosure of communications as requested exerts a chilling effect on the exercise of those rights. Further, Defendant's request is violative of California Code of Civil Procedure 425.16 which prohibits actions ". . . against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California constitution in connection with a public issue . .

5. On February 4, I provided to Plaintiffs a draft of my portion of a Joint Discovery Brief to be filed before Magistrate Judge Illman. I have not heard back from Plaintiffs' counsel

2

on this issue as of this time. When I had suggested to Plaintiffs' counsel Carol Hepburn that we prepare and file the joint discovery brief by Tuesday, February 1, Ms. Hepburn responded: "I cannot confirm filing a joint discovery brief by Tuesday given the depositions on Monday and Tuesday and other obligations particularly family obligations. We can work on a schedule."

6. As set forth in my prior filing, on January 19, 2021, I served Government counsel, Assistant United States Attorney Shailika Kotiya, with Defendant's Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment or Partial Summary Judgment, as well as the supporting declaration I filed with the Court that day. AUSA Kotiya acknowledged receipt of those filings in an email she sent to me the next day.

7. On January 19, 2021, I received from the ECF System a copy set the publicly-filed, redacted versions of Plaintiffs. Plaintiffs' counsel did not serve me a copy of the unredacted versions. The publicly-filed documents do not, as far as I can see, certify service upon the defense. On Saturday, January 23, I asked Plaintiffs' counsel to provide a copy of the unredacted filings they made with this Court, and Plaintiffs' counsel John Kawai provided thereafter what he asserted was an unredacted copy of the Plaintiffs' Motion to Summary Judgment and supporting materials. As I informed Plaintiffs' counsel multiple times between January 27 and January 30—including in a telephone call with Plaintiffs' counsel Deb Bianco on January 30 (in which I lamented the lack of response)—Plaintiffs *still* have not provided me with a complete, unredacted copy of their January 19 filings, and the January 23 version is incomplete, and appears to be an internal document as opposed to a complete service copy of Plaintiffs' January 19, 2021 filing with this Court.

8. Attached hereto as Exhibit G is a true and correct copy of the Declaration of Dr. Hy Malinek, which I produced to Plaintiffs' counsel with respect to expert discovery disclosures in this case. Plaintiffs' counsel subsequently deposed Dr. Malinek on January 25, 2021. Attached hereto as Exhibit H is a follow up letter from Dr. Malinek regarding the same issues.

9. Attached hereto as Exhibit I is a true and correct copy of Kristof, Nicholas, *An Uplifting Update, on the Terrible World of Pornhub*, New York Times, Dec. 9. 2020

3

As of today, this article may also be obtained via the internet at: https://www.nytimes.com/2020/12/09/opinion/pornhub-news-child-abuse.html?referringSource=articleShare.  Attached hereto as Exhibit H is a true and correct copy of Kristof, Nicholas, *The Children of Pornhub*, New York Times, Dec. 4, 2020.  As of today, this article may also obtained from the internet at: https://www.nytimes.com/2020/12/04/opinion/sunday/pornhub-rape-trafficking.html.

10.  Attached hereto as Exhibit K is a true and correct copy of the First Amended Complaint from the Eastern District of Wisconsin case captioned *Amy, et al. v. Feldman*, 14 Cv. 721 NJ.

11.  The social media photographs presented at ECF 142-4, Ex. C-3 at Laws Depo Ex. 000309-318 are Plaintiffs in this case.  I do not describe identify them further here to protect Plaintiffs' privacy.  I can also attest that at least five Plaintiffs in this case have significant social media presences, and that their social media accounts included photographs of themselves, including portraits; in addition, some Plaintiffs' partners post publicly pictures of Plaintiffs and pictures of Plaintiffs' children.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States.

Dated: February 5, 2021                             */s/ E A Balogh*
                                                                    ETHAN A. BALOGH