John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F
Ojai, CA 93023
Tel:  (805) 272-4001
Fax:  (805) 719-6858
Email: jk@czrlaw.com
Attorneys for Plaintiffs

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia,
And Mya

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA  98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah,
Skylar, Savannah, Sally, Sierra, Violet,
Amy, Erika, Tori, Jenny, and Jessica

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| "Amy," et. al.,<br><br>                Plaintiffs,<br><br>v.<br><br>RANDALL STEVEN CURTIS<br><br>                Defendant. | Case No:  3:19-CV-02184PJH<br><br>PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR:<br>Date: February 25, 2021<br>Time:  1:30 pm<br>Judge: Honorable Phyllis J. Hamilton<br>Chief United States District Court Judge |

Plaintiffs submit the following reply in support of their motion for summary judgment.

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | | 3 |
| A. | Plaintiffs' Disclosures were timely made | 4 |
| B. | The Court's response to claims of discovery problems must consider the totality of the circumstances and be mindful of the proportionate remedial measures available | 6 |
| C. | Courts have found affidavit evidence from law enforcement POCs sufficient to support findings of victim status | 7 |
| D. | Declarations of the timely disclosed law enforcement POCs are good and sufficient evidence | 8 |
| E. | Defense counsel had long ago seen and received descriptions of the images | 9 |
| | i.   FRE 408 allows consideration of correspondence of counsel to negate delay in disclosure | 11 |
| F. | Declaration of parents of Plaintiffs are well founded | 12 |
| G. | Defendant's declaration is of no import | 13 |
| H. | Defendant has still failed to adequately to give notice of constitutional Questions | 13 |
| I. | Summary of evidence shows sufficient support for summary judgment | 14 |
| CONCLUSION | | 16 |

**TABLE OF AUTHORITIES**

| Caselaw | Page |
|---|---|
| *Amersham Pharmacia Biotech, Inc. v. Perkin Elmer Corp.,* 190 F.R.D. 644, 648 (N.D. Cal. 2000) | 6 |
| *Connecticut General Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) | 6 |
| *Fjelstad v. Am. Honda Motor Co.,* 762 F.2d 1334, 1338 (9th Cir. 1985) | 6 |
| *IBM v. Fasco Indus.* 1195 U.S. Dist. LEXIS 22533, NDCA 95-CV-02241 | 4, 6,7 |
| *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) | 6 |

*Jensen v. BMW of North America*, 331 F.R.D. 384 (S.D.Cal. 2019)                6

*Liaw v. United Airlines*, 2019 U.S. Dist. Lexis 204492                          5,6

*Matsushita Elec.  Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587  (1986)       16

*Okla. Ex rel. Edmondson v. Pope*, 516, F.3d 1214, 1214 (10th Cir., 2008)       14

*United States v. Denault-Reynolds,* 810 Fed. Appx. 38 (2d Cir. 2020)           7,8

*Wendt v. Host International,* 125 F.3d 806, at 814 (9th Cir. 1997)             6

**Statutes and Court Rules**

18 U.S.C. §3509                                                                  4

28 U.S.C §2403                                                                   14

FRE 408                                                                          11

Fed. R. Civ.P. 5.1                                                              13,14

Local Civil Rule 3-8                                                             14

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant's complaints avoid the issues presented in the Motion for Summary Judgment. Five of six issues Defendant raises in his response are directed at striking declarations. Boiled down and scrubbed of adjective and adverbs, Defendant's opposition is based on striking all declarations in Plaintiffs' motion and claiming that Mr. Laws' testimony should be disregarded by the court. Defendant has no argument on the substance of the matter, and has chosen instead to make multiple arguments about discovery disclosures based on false allegations and imputations of nefarious motives.  Despite raising discovery issues in response to a Motion for Summary Judgment, Defendant does not dispute the identities of Plaintiffs whose images were found in the defendant's media.

The questions raised by defense counsel must be put in context.  Given that the nature of the evidence is contraband, there are difficulties in working with and presenting the evidence to the court. Plaintiffs cannot simply look at Mr. Curtis' images in the comfort of their home, in their attorney's office, nor can counsel

simply attach such a photo to a declaration and file in the court.  And, this is the first case bringing evidence to court which utilized the 18 USC §3509 procedure allowing victims to view their images.

There is no basis for the court to strike the Declarations that support the Plaintiffs' Motion for Summary Judgment, which is a draconian sanction in any event. *IBM v. Fasco Indus*. 1995 U.S. Dist. LEXIS 22533. There is no basis for the court to refuse to consider the evidence contained in the Plaintiffs' submissions. Defendant has failed to address the issues related to Summary Judgment, and chose to focus his attention on complaints about discovery that have little to no bearing on this issues before the Court. For the reasons set forth below, the court should grant Plaintiffs summary judgment in this matter.

**A.   Plaintiffs' disclosures were timely made.**

The parties spent months through the fall and into the winter working on discovery matters, conferring by telephone and email.  Plaintiffs produced volumes of information about themselves, their locations, identities, the production of the images of each of them, and provided documentation identifying and describing the images contained on the media that was seized from Defendant.  See Declaration of Michelle Sparks (hereinafter "Sparks Declaration") and Ex. 5 --chart outlining documents and information produced by Plaintiffs to Defendant.

The Magistrate's Order on discovery was entered September 8, 2020.  Dkt. # 106.  It held that a child pornography victim need not prove actual damages where liquidated damages only are claimed and that plaintiffs herein had shown that they were victims of defendant's crime.  This changed the posture of the case and obviated the need to prove identity or damages.  This court's Order on Discovery amending in part the Magistrate's Order was entered 10-26-20.  Dkt.#131  This order changed the posture of the case again and required proof herein that Plaintiffs are the victims from the underlying criminal case. Plaintiffs' supplemental disclosures were filed 2 days later on October 28, 2020.

Plaintiffs *have* answered Defendant's interrogatories and second set of requests for production.  See Sparks Dec. ¶7, Ex. 6.

No request has been made by defendant to depose anyone other than plaintiffs themselves or their guardians.  Defendant did not request to amend the case management schedule. Upon receipt of the

supplemental disclosure with additional witnesses Defendant did not request a Meet and Confer, a discovery

conference, or make a motion to the court.  No request was made to extend discovery in any way.  (Indeed,

expert discovery is still open.)  Defendant has now chosen instead to raise a catalog of discovery complaints at

this late juncture, in an effort to derail Plaintiffs' Motion for Summary Judgment.  Defendant's delay in raising

these alleged abuses belies any great prejudice he says he suffers.  *See, Liaw v. United Airlines,*(2019 Wl

6251204) NDCA 19-CV-00396.

    Further, despite serving two additional sets of discovery seeking Plaintiffs' communications with

Congress and the date plaintiffs knew of defendant Curtis, defendant chose not to use interrogatories which

might have disclosed any number of facts he now complains were withheld. Defendant has failed to show any

prejudice he has suffered that cannot be remedied. Even if the court finds some merit to defendant's arguments,

the severe remedy that defendant seeks, outright exclusion of the evidence and evisceration of these plaintiffs'

case, is not appropriate given the issues before the court.

**B.  The court's response to claims of discovery problems must consider the totality of the circumstances and be mindful of proportionate remedial measures available.**

    The situation here is not unlike that in *Liaw v. United Airlines*, s*upra*,  where the Plaintiff "raised a

litany of discovery complaints" in conjunction with a  motion for summary judgment. In granting summary

judgment for the defendant, the Court said:

> Even assuming preclusion may be warranted "regardless of whether any discovery motion was
> made," as Liaw contends, his current laundry list of alleged discovery fouls made by United,
> which he apparently allowed to pile up, suggests that he failed to diligently pursue discovery. He
> may not be heard to complain now of United's alleged stonewalling for the first time at this late
> stage. And, the fact that Liaw did not seek prior court intervention throughout the course of this
> litigation indicates that any prejudice he might have incurred by United's alleged stonewalling is
> minimal.

The court denied the requested sanction of striking the Defendant's expert reports and granted summary

judgment for the Defendant.

    Exclusion sanctions based on alleged discovery violations are generally improper absent undue

prejudice to the opposing side." *Amersham Pharmacia Biotech, Inc. v. Perkin Elmer Corp.,* 190 F.R.D. 644,

648 (N.D. Cal. 200*)* (citing *Wendt v. Host International,* 125 F.3d 806, at 814 (9th Cir. 1997).

In *Jensen v. BMW of North America*, 331 F.R.D. 384 (S.D.Cal. 2019), the Plaintiff requested "terminating" sanctions as to its several causes of action, including liability . The Court noted that

> "While terminating sanctions are contemplated under Rule 37, they are only warranted under "extreme circumstances." *Fjelstad v. Am. Honda Motor Co.,* 762 F.2d 1334, 1338 (9th Cir. 1985). Furthermore, any imposed sanction under Rule 37(b)(2) must be "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)."

The Court also noted that "one of the factors to be considered before ordering terminating sanctions is the availability of less drastic sanctions. *Connecticut General Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007)."  Similarly, in *IBM v. Fasco Indus.*, the Court noted, "while Fasco's behavior must be taken seriously, it would be draconian for this court to exclude all of Fasco's rebuttal experts. Given the importance of technical issues to this case, the trial would be over before it started. *IBM v. Fasco Indus*. 1195 U.S. Dist. LEXIS 22533.

Plaintiffs have complied in good faith with the Court Rules and there is no basis for the Court to impose sanctions upon plaintiffs by striking their evidence in the context of a Motion for Summary Judgment.  Here, there are no orders to Compel, or other Court orders that plaintiffs or their counsel have violated. There are only the Defendant's many complaints, which are not a basis for the Court to strike Plaintiffs' evidence or deny relief to Plaintiffs. The issue before the Court is summary judgment, not a Motion to Compel.

## C. Courts have found affidavit evidence from law enforcement POCs sufficient to support findings of victim status.

Plaintiffs Lily, Maureen, Sarah, Pia, Mya, and Violet have all submitted declarations from their law enforcement designated POCs identifying them in the Curtis images and attesting to the sexual content of the images.[1]  Affidavit testimony of POCs for Maureen and Jenny identifying them in sanitized images were affirmed by the Second Circuit to be sufficient to support the district court's order of restitution in *United States v. Denault-Reynolds,* 810 Fed. Appx. 38 (2d Cir. 2020).  There the defendant challenged on Constitutional

---

[1] See Findlay and Shepherd Decs. for Lily, Rothrock Dec. for Maureen, Behymer Dec. for Sarah, Dec. re Mya and Pia (of Adele Brown) for Mya and Pia, and Stetler Dec. for Violet.

grounds the district court's determination that the victims requesting restitution were in fact the people portrayed in the images on the defendant's computer media.  The court relied on the affidavit of the POC for the Lighthouse series which includes Maureen (one of the Plaintiffs herein)[2] and the affidavit of and email from the POC for Jenny (one of the Plaintiffs herein also.)  The agents attested to their participation in the investigation of the production of the images, and their positive identification of the victims. The appellate court found that the evidence from the agents "more than amply supports" the identification finding by the court. *Id.* fn. 2.

The district court in *Denault-Reynolds* also had and relied in part on the NCMEC report on the case which flagged relevant images via unique hash values of images.  Although Defendant Denault-Reynolds challenged use of this report as well, the appellate court found it unnecessary to reach that issue given the strength of the support for the finding in the evidence from the agents.  The appellate court further noted that there was "a significant record before [the district court] regarding the reliability of this technology" and that nothing in the record undercut this finding. *Denault-Reynolds, supra* at fn. 2.

So too in the instant case we have as a part of the support for the identification of a number of the Plaintiffs herein the declaration of their POCs attesting to involvement in the investigation of the original production cases, positively identifying the Plaintiffs in the sanitized images, and attesting to familiarity with the sanitized images and the sexual content of the images.  We also have the NCMEC reports (See Hepburn Dec.  ISO MSJ Dkt.# 140 pp.27-30, Exs. 4 & 7) which were found sufficient by the district court in *Denault-Reynolds.*

**D.    Declarations of the timely disclosed law enforcement POCs are good and sufficient evidence.**

Defendant contends that a portion of the law enforcement witnesses are offering expert testimony.  He has yet to request any deposition of any of them. Plaintiffs timely disclosed law enforcement Points of Contact as lay and expert witnesses, both.  Defendant has not brought his disclosure complaints to Plaintiffs or the court before now.

---

[2] The POC for Maureen in *Denault-Reynolds* was Detective Andy Byers who has since been in a serious injury accident so retired agent Rothrock has stepped back in to be the POC for Maureen and her sisters.

Defendant was in possession of identifying and contact information on all POCs who submitted declarations, save one, from the time of the criminal prosecution; counsel for defendant received their names and contact information in the criminal case discovery. Defendant himself produced the NCMEC report which names the majority of the POCs. See Hepburn Dec. ISO MSJ Ex. 4. Plaintiffs further produced in February 2020 and again in May/June 2020 the NCMEC Attorney Series Information Reports ("ASIRs") which contained identification and contact information for all POCs save for Violet and for Amy. See Sparks Dec. ¶5, Ex. 4.

Law enforcement witnesses (POCs) were also identified in Plaintiffs' supplemental disclosures two days after the Order on Discovery which made clear that identification might be by declaration. POCs were identified as experts within the time for expert disclosure. Dec. of Michelle Sparks, ¶3 & Ex. 7.

Despite knowing of the POCs from the criminal matter, Plaintiffs' responses to written discovery, and receiving the disclosures of Plaintiffs in October and November, 2020, Curtis never requested depositions of any of the POCS. Indeed, expert discovery is still open. Curtis does not explain why he did not seek depositions of the POCs; he simply wants to exclude them.

**E. Counsel for Defendant long ago seen and received written descriptions of the images.**

Counsel for Defendant had both seen the CSAM images of the Plaintiffs, and had received written descriptions of the CSAM images depicting Plaintiffs, in the restitution phase of the criminal case. He produced proof of same to Plaintiffs in response to discovery. Hepburn Dec. ISO MSJ Dkt. 140, p. 27, Ex. 6. Also, Plaintiffs did disclose in discovery a number of sanitized images of themselves which were all they had at the time[3]. However, because of the fact that images of Plaintiffs' child sexual abuse are contraband, and the trauma occasioned to some witnesses upon viewing images of their abuse (See Dec. of Lily ISO MSJ, Dkt. #140, pp. 338-341, ¶7. ) it was necessary for Plaintiffs to hire Mr. Laws to view the evidence necessary to allow them to

---

[3] "Sanitized" images refers to CSAM images which have been redacted of the sexual portion of the image.

prove their case.  The evidence of defendant's crime and plaintiffs' victimization remains by law in the possession of the government and may not be possessed by Plaintiffs' or their counsel.

Plaintiffs are not legally allowed to possess or examine the original evidence, nor are Plaintiffs or their counsel allowed to possess a clone of the contraband to conduct any examination outside of the confines of a government building or the courthouse.  Plaintiffs' representative, Mr. Laws, was provided the evidence from the criminal case by the case agent and Mr. Laws was only able to view and analyze the evidence in the HSI office in California. Defendant's argument  ignores the fact that the process of allowing a victim to view the evidence of their images in a child pornography prosecution is entirely new, and had not been done before this case.  Dec. of Kevin Laws of 2/5/21 ¶3.  Plaintiffs' representative could not simply knock on the HSI door and demand to see case evidence.  No protocol had been devised for this process as no one had a right to view their images before.  It was necessary to arrange a meeting with a senior official in HSI to discuss the request and, once the meeting took place, for that person to consult with the agency's legal counsel, and then to settle on a protocol. Dec. of Kevin Laws of 2/5/21 ¶4

The meeting concerning protocol with HSI, in Fairfax, Virginia, took place on January 17, 2020.  After the meeting HSI indicated the need to confer with HSI legal counsel. In early February Mr. Laws reached out to the supervisor in the HSI office in San Francisco, Christina Barfuss.  She was unavailable until February 19, 2020.  It was necessary for SSA Barfuss to communicate with HSI headquarters to confirm the protocol for the review.  In the meantime COVID19 caused lockdowns across the country, limited the safety of travel, and caused  most businesses and government operations in the U.S. and in the state of California to dramatically curtail operations for months, and which is continuing.  Dec. of Kevin Laws of 2/5/21 ¶¶4 & 5.

The first date offered by HSI for the evidence review was the week of July 13, 2020.  This time was accepted by Plaintiffs and was when the review took place.  Mr. Laws traveled from Virginia to California, where he reviewed and identified the images of plaintiffs' pursuant to statutory procedure under 18 USC 3509. Dec. of Kevin Laws of 2/5/21 ¶5.  Mr. Laws received sanitized photos from the Curtis case agent on October 13, 2020.  Dec. of Kevin Laws of 2/5/21 ¶6.  Sanitized Curtis images were disclosed in Laws expert disclosure on November 30, 2020.  Sparks Dec. Ex. ¶3, Ex 1.

Defendant made no mention at that time of any deficiencies.

In view of the problems inherent in working with contraband which can only be possessed by the government, in view of the matter being one of first impression in the nation on how to conduct discovery and present proof with contraband of this nature in a civil case, we ask that plaintiffs be allowed to summon the case agent to court should there be a question about the child exploitation content of the images in Curtis' collection.

### i.     FRE 408 allows consideration of correspondence of counsel to negate delay in disclosure.

Exhibit 6 to the Hepburn Declaration is admissible to negate allegations of prejudice to defendant from supposed undue delay.  Ex. 6 details arrangements for defense counsel to view the actual contraband in mid-2018.  Ex. 6 further contains admission by Mr. Curtis' then counsel of the content of a portion of the images in this matter which shows that the images had been seen. (Ex. 6 RSCURTIS CONFIDENTIAL 00134-38, 01627-29.)  These latter statements do include negotiation of settlement of restitution, but that is not the purpose for offering them. FRE 408(b) allows admission for purposes of negating undue delay.  Defense counsel had thus long ago seen the images themselves, made record of the content ,and the government had further supplemented the description of the images, so any alleged delay in receiving the sanitized images produced in the expert disclosure was of no harm.

### D.     Declarations of the parents of Plaintiffs are well founded.

Defendant's complaints about the declarations of the parents (Category IV) are twofold—late disclosure and hearsay.  Both arguments fail on close examination.

All of the parents, save one—Violet's mother—are named parties herein.  Defendant himself recognized that the parents were persons with information germane to the Plaintiffs' claims in that he disclosed them in his initial disclosures, as well as two subsequent amended initial disclosures.  See, Bianco Dec. ¶5. Two days after the court's Order on Discovery, which changed the posture of the case, Plaintiffs served their supplemental disclosure which specifically named the parents.  Indeed, it was not new information to him as he had already identified them as having discoverable information.  At no

point did Defendant seek deposition on written questions, move to compel their oral depositions or in any way bring to the court his complaint the timing of naming of the parents.

Defendant would have the court strike the entire declarations of the adoptive parents John Doe and Jane Doe (re Sierra, Sally, Skylar, and Savannah) because they mention receiving photographs from the social workers of the children at an earlier age.  The basis of the parents' identifications are not necessarily *only* based on these, because the children continue to look today much as they did at a younger age.

As to Sierra and Sally:  "The facial features of both of the girls have not changed much.  They each still resemble the photos we have of them when they were younger."  Dec. of John Doe ¶4.  Thus, he recognizes them as they still look like the sanitized photos.  Sally came to their family at age 6; Sierra joined the family at age 13.  Their father has years of parenting these girls on which to base his identification.

As to Skylar and Savannah:

"My husband and I became foster parents and then adoptive parents for Skylar and Savannah not long after they were rescued from the home where they were sexually abused.  We received photos of them from their earlier years from a social worker who was overseeing their case. The girls have continued to look much the same as their early photos through the time that they have been with us.  Both are still minors and live in our home with us as they have since we became their foster parents."

Dec. of Jane Doe ¶2.  Again, these minor girls are identified based on their current appearance which has continued to be similar

As to Pia and Mya, the Defendant complains, apparently, about the formatting of the Declaration of Jane Roe. The Declaration was transmitted electronically, and whether the Declarant changed the formatting of the signature page before signing it, or whether the formatting of that one page was changed in the process of electronic transmission, the substance of the Declaration is accurate, and has not been altered. See Declaration

of Deborah A. Bianco, ¶¶4&5. There is no basis to strike the Declaration of Jane Roe identifying the images of her daughters in the Defendant's child pornography collection.[4]

**E.   Defendant's Declaration is of no import.**

It is irrelevant and immaterial how defendant acquired the CSAM of Plaintiffs, or whether he paid for those images. What is material is that he possessed and transported the CSAM images of Plaintiffs.

**F.   Defendant has still failed to adequately give notice of Constitutional questions.**

FRCP 5.1 provides:

 (a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

(A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

(B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

Defense counsel's notice to the AUSAs in the criminal matter do not put the U.S. government on notice as required by FRCP 5.1.

Federal Rule of Civil Procedure 5.1 requires a party contesting the constitutionality of a federal statute to *promptly* serve the Attorney General of the United States with notice of the action. *Okla. Ex rel. Edmondson v. Pope*, 516, F.3d 1214, 1214 (10th Cir., 2008); Fed, R, Civ. P. 5.1.  The Defendant has apparently only on February 3, 2021 filed a Notice of Constitutional Questions.  Dkt.#153.  There is no proof of service on the Attorney General or the United States Attorney for the District.  Serving the Assistant U.S. Attorney involved in

---

[4] Despite Defendant's complaint about the Jane Roe Declaration it must be noted that his own declaration was filed without any signature on the filing deadline and was then filed with a signature four days later.

the criminal case against Defendant as he claims was done on September 17, 2020, is insufficient notice on its face under FRCP 5.1 and Local Civil Rule 3-8.

It is still left to the court to certify the constitutional question under 28 U.S.C. §2403.

**G.      Summary of evidence shows sufficient support for summary judgment.**

Defendant fails to challenge the substance of any declaration supporting Plaintiffs' motion.  Indeed, how can he?  What can he say to a victim or a parent saying "That is me" or "That is my child."  What can he say to a law enforcement officer who was a part of the child's rescue who says "Yes, that is the child who was sexually tortured."

For the court's convenience the following is a table of the proof submitted in support of each of the Plaintiffs' claims:

| Name of Plaintiff | Plaintiff or parent identifies | POC identifies/ Laws identifies | Sexual Content Described |
|---|---|---|---|
| Amy | Yes (identifies bedsheets and position) Dec. of Amy, ¶5 | | Yes (identifies abuse occurring on bedsheets and position) Dec. of Amy, ¶5 |
| Lily | | Yes Dec. of Findlay, ¶¶4, 7-10 Dec. of Shepherd, ¶¶5,6, 10-12 Dec. of laws, ¶9(d) | Yes Dec. of Findlay¶¶4, 7-10 Dec. of Shepherd, ¶¶5,6, 10-12 Dec. of laws, ¶9(d) |
| Sarah | Yes Dec. of Sarah, ¶6 | Yes Dec. of Behymer, ¶¶ 4&6 | Yes Dec. of Behymer ¶6 Dec. of Sarah, ¶6 |
| Maureen | Yes Dec. of Maureen, ¶¶ 8 & 10 | Yes Dec. of Rothrock, ¶¶7 & 10 | Yes Dec. of Rothrock, ¶¶ 10-11 Dec of Maureen, ¶¶ 8&9 |
| Violet | Yes Dec. of Violet's Mother, ¶¶3 & 5 | Yes Dec. of Stetler, ¶¶ 4&6 Dec. of Laws ¶9(a) | Yes Dec. of Stetler ¶7 Dec. of Laws, ¶9(a) |
| Pia | Yes Dec. of Jane Roe, ¶¶ 7,& 8 | Yes Dec. re Mya & Pia (Brown) ¶¶ 5 & 12-18 Dec. of Laws ¶ 9(c)(ii) | Yes Dec. re Mya & Pia (Brown) ¶¶ 5 & 12-18 Dec. of Laws ¶ 9(c)(ii) |
| Mya | Yes Dec. of Jane Roe, ¶6 | Yes Dec. re Mya & Pia (Brown) ¶¶ 5 &11 | Yes Dec. re Mya & Pia (Brown) ¶11 |

| | | Dec. of Laws ¶ 9(c)(i) | Dec. of Laws ¶9(c)(i) |
|---|---|---|---|
| Erika/Tori | Yes<br>Dec of Jane Smith<br>(room décor, tan line and physiques of daughters)¶¶ 6&7 | | Yes, mother recognizes scene of abuse |
| Sierra | Yes<br>Dec. of John Doe<br>("facial features not changed much")¶4 ("you can see the resemblance[ to the sanitized photos] in them today also.") ¶6 | | Yes,<br>Dec. of Laws, ¶9(b)(i) |
| Sally | Yes<br>Dec. of John Doe<br>("facial features not changed much")¶4 ("you can see the resemblance[ to the sanitized photos] in them today also.") ¶6 | | Yes,<br>Dec. of Laws ¶9(b)(iv) |
| Skylar | Yes<br>Dec. of Jane Doe<br>""became . . .parents not long after rescue" ¶2<br>"have continued to look much the same" ¶2<br>"image is Skylar" ¶4 | | Yes<br>Dec. of Laws, ¶9(b)(iii) |
| Savannah | Yes<br>Dec. of Jane Doe<br>""became . . .parents not long after rescue" ¶2<br>"have continued to look much the same" ¶2<br>"image . . is Savannah" ¶4 | | Yes<br>Dec. of Laws, ¶9(b)(ii) |
| Jessica | Yes<br>Dec of Mother Alyssa Cooper, ¶ 6 | | |
| Jenny | Yes<br>Dec. of Jenny, ¶5 | | Yes<br>Dec. of Jenny, ¶5 |

The issues presented here are not complex[5]  For most of the plaintiffs the facts are clear.  Plaintiffs or their parents have identified themselves in the images from Mr. Curtis' child pornography collection that served as the basis for his criminal conviction of child pornography crimes. Defendant avoids addressing the

---

[5] Defendant's reliance on adjectives and adverbs notwithstanding

inconvenient fact of Plaintiffs saying "that photo is of me." But Plaintiffs do not ask the court to rely only upon their declarations, alone. Plaintiffs' law enforcement Points of Contact ("POCs") have also testified as percipient witnesses to knowing the plaintiffs, to recognizing the images even with redactions, and to knowing the sexual content of the images.

Finally, Mr. Laws testified as to the electronic evidence related to Mr. Curtis' child pornography collection, and Mr. Laws was able to personally verify some, if not all, of the Plaintiffs' images in the collection he viewed at the Homeland Security Investigations ("HSI") office in San Francisco.

## CONCLUSION

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). Here, the record as a whole supports Plaintiffs' request for Summary Judgment. Defendant pled guilty to transportation and possession of child pornography. There is ample evidence, not refuted by Defendant, that Plaintiffs' images were among those possessed and transported by Defendant. Plaintiffs have proven their identities, and confirmed their images, by their own testimony, or that of their parents or guardians, by the Law Enforcement Points of Contact, and. in some cases, by Kevin Laws. Although Defendant has many complaints about Plaintiffs' counsel and their presentation, he has not raised any disputed fact that prevents this court from granting Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

Dated: February 5, 2021.          CARPENTER, ZUCKERMAN & ROWLEY

By: /s John A. Kawai
John A. Kawai, CSBA No. 260120
407 Bryant Circle, Suite F
Ojai, CA 93023
Phone: 805-272-4001

CAROL L. HEPBURN, P.S.

By: /s Carol L. Hepburn
Carol L. Hepburn, *Pro Hac Vice Admitted*
PO Box 17718
Seattle, WA. 98127
(206) 957-7272 phone

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 15

(206) 957-7273 fax
Emails:  carol@hepburnlaw.net

DEBORAH A. BIANCO P.S.

By:  s/Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice Admitted*
PO Box 6503
Bellevue, WA 98008
Phone: 425-747-4500
Facsimile:  425-747-8400
Email: deb@debbiancolaw.com

Attorneys for Plaintiffs

John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
400 South 4th Street, Suite 500
Las Vegas, NV. 89101
Tel:   (805) 272-4001
Fax:  (805) 719-6858
Email: jk@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia,
And Mya

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA  98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah,
Skylar, Savannah, Sally, Sierra, Violet,
Amy, Erika, Tori, Jenny, and Jessica

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

|  |  |
|---|---|
| "Amy," et. al., | Case No:   3:19-CV-02184PJH |
| Plaintiffs, | DECLARATION OF MICHELLE D. SPARKS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| RANDALL STEVEN CURTIS | NOTE ON MOTION CALENDAR: |
| Defendant. | Date: February 25, 2021 |
| | Time:  1:30 pm |
| | Judge: Honorable Phyllis J. Hamilton |
| | Chief United States District Court Judge |

I, MICHELLE SPARKS hereby declare as follows:

1.  I am of legal age and competent to testify to the matters set forth below.  I make this declaration based on my own personal knowledge and it is true and accurate to the best of my personal knowledge.  This declaration is consistent with the testimony I would give on these subjects in a court of law.

2.  I am a paralegal and have been working for Carol L. Hepburn for ten years in the State of Washington.  We represent the Plaintiffs herein. I make this Declaration in support of Plaintiffs' Motion for Summary Judgment.

3.  On October 28, 2020, we served defense counsel Ethan Balogh and Nara Sugino of Coleman Balogh, Plaintiffs' Supplemental Disclosures.  Attached at Exhibit 7 is a true and correct copy of Plaintiffs' Supplemental Disclosures and the email from Carol L. Hepburn with said disclosure.

3.  On November 30, 2020, I served defense counsel Ethan Balogh and Nara Sugino of Coleman Balogh, Plaintiff's Expert Witness Disclosure and attachments via a dropbox link.  I created the link in dropbox and copied it into the email dated November 30, 2020 to share with defense and plaintiffs' counsel.  Attached as Exhibit 1 is a true and correct copy of the email with the dropbox link to Ethan Balogh and Nara Sugino as well as to all plaintiffs' counsel and staff.   Attached at Exhibit 2 is a screen shot of my dropbox sub-directory showing all documents produced with Plaintiffs' Expert Witness Designation on November 30, 2020 to defense counsel, Ethan Balogh.

4.  Attached as Exhibit 3 is a true and correct copy of the Plaintiffs' Disclosure of Expert Witnesses served on defense counsel November 30, 2020.  At no. 7A-J, pp. 5-9, the law enforcement agents are listed per series of CSAM child pornography images.

5.  During the course of responding to Defendant's Requests for Production herein Plaintiffs also produced information in the form of Attorney Series Information Reports from the National

Center for Missing and Exploited Children (NCMEC).  These reports were produced twice, initially without Bates numbers, and then a second time all reports were again produced with Bates numbers. The dates of production are as follow:

Amy 2/7/20 and 5/15/20
Erika 2/7/20 and 5/8/20
Jenny 2/7/20 and 5/12/20
Jessica 2/7/20 and 5/13/20
Lily 2/7/20 and 6/18/20
Maureen 2/12/20 and 5/20/20
Mya 2/12/20 and 5/22/20
Pia 3/13/20 and 5/22/20
Sally 2/27/20 and 6/4/20
Sarah 2.7.20 and 5/29/20
Savannah 2/7/20 and 6/7/20
Sierra 2/7/20 and 6/12/20
Skylar 2/7/20 and 6/8/20
Tori 2/7/20 and 5/8/20
Violet 2/7/20 and 6/8/20

True and correct copies of the reports are attached hereto at Ex. 4.

6.      Attached at Ex. 5 is a true and correct copy of Plaintiffs' Production Chart.

7.      We produced answers and responses to Defendant's Special Interrogatory and Second Set of Requests for Production of Documents on January 22, 2021.  Attached at Ex. 6 are a true and correct copies of Plaintiffs' Answer to Defendant's Special Interrogatory and Plaintiffs' Responses to Defendant's Second Requests for Production.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing it true and correct to the best of my knowledge.

DATED this 5th day of February, 2021

CAROL L. HEPBURN, P.S.

By  /s Michelle D. Sparks
Paralegal to Carol L. Hepburn
PO Box 17718

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Seattle, WA  98127
(206) 957-7272
(206) 957-7273 fax
Email:  michelle@hepburnlaw.net

**From:** **Michelle Sparks** michelle@hepburnlaw.net
**Subject:** Amy et al., v. Randall Steven Curtis = Pltfs' Expert Witness Disclosure dropbox link
**Date:** November 30, 2020 at 3:11 PM
**To:** Ethan A. Balogh eab@colemanbalogh.com, Nara Sugino nas@colemanbalogh.com
**Cc:** Carol Hepburn carol@hepburnlaw.net, Debbie Bianco bianco.lawyers@gmail.com, John Kawai jk@czrlaw.com, Grayson Yoder gyoder@czrlaw.com, Ashley Nicole Deatherage adeatherage@czrlaw.com, Veronica Stanwood VStanwood@czrlaw.com, Mr. James R. Marsh Esq. jamesmarsh@marsh.law, Maggie Mabie margaretmabie@marsh.law

MS

See that attached dropbox link for Pltfs' Expert Witness Disclosure and the attachments.  Michelle

https://www.dropbox.com/sh/x3nk142fskg2nj2/AACOlRJJyrI9AwJbNh3Lw8Kza?dl=0

Michelle D. Sparks, Paralegal
Carol L. Hepburn, P.S.
PO Box 17718
Seattle, WA  98127
206-957-7272
206-957-7273 fax

michelle@hepburnlaw.net

This email is intended only for the addressee shown above.  It may contain information that is privileged and confidential, or otherwise protected from disclosure.  Any review, dissemination or use of this transmission or its contents by persons other than the addressee is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone and delete this transmission.  Thank you.



Dropbox › Curtis, Randall Steven › **attachments to Kevin Laws re Pltfs Expert Disclosure**

**Overview**                                                                 Hide

Click here to describe this folder and turn it into a Space    Show examples

attachments to Kevin Laws re Pltfs Expert ...
Modified 11/30/2020, 2:42 PM

| Name ↑ | Modified | Members |
|---|---|---|
| Affidavit L Coffren of NCMEC.01 08 20 2.PASSWORD = NCMEC_001.pdf | 11/30/2020, 3:05 PM | Only you |
| Affidavit of Signy Arnason of C3P.Curtis.100719.pdf | 11/30/2020, 3:05 PM | Only you |
| At School Series re Violet Report by Kevin Laws.Curtis.pdf | 11/30/2020, 2:42 PM | Only you |
| Fee schedule.pdf | 11/30/2020, 2:49 PM | Only you |
| Jan_Socks1 Series re Sierra by Kevin Laws.Curtis.pdf | 11/30/2020, 2:42 PM | Only you |
| Jan_Socks2 Series re Savannah Report by Kevin Laws.Curtis.pdf | 11/30/2020, 2:49 PM | Only you |
| Jan_Socks3 re Skylar Report from Kevin Laws.Curtis.pdf | 11/30/2020, 2:49 PM | Only you |
| Jan_Socks4 re Sally Report by Kevin Laws.Curtis.pdf | 11/30/2020, 2:49 PM | Only you |
| Jenny Series re Jenny by Kevin Laws.Curtis.pdf | 11/30/2020, 2:49 PM | Only you |
| Kevin J. Laws signed Affidavit Amy 05.03.2020.pdf | 11/30/2020, 2:49 PM | Only you |
| Kevin J. Laws signed Affidavit Erika 05.03.2020.pdf | 11/30/2020, 2:49 PM | Only you |
| Kevin J. Laws signed Affidavit Jenny 05.03.2020.pdf | 11/30/2020, 2:49 PM | Only you |
| Kevin J. Laws signed Affidavit Jessica 05.03.2020.pdf | 11/30/2020, 2:49 PM | Only you |
| Kevin J. Laws signed Affidavit Tori 05.03.2020.pdf | 11/30/2020, 2:49 PM | Only you |



All files

Recents

Starred

Shared

File requests

Deleted files

⊕ View upgrade options

Dropbox › Curtis, Randall Steven › **attachments to Kevin Laws re Pltfs Expert Disclosure**

🔍 ▪ Search

⊞ 🔔 MS

**+ Create** ⌄    ⬆ Upload ⌄    •••    ≡ ⌄

| Name ↑ | Modified | Members |
|---|---|---|
| ~~Kevin J. Laws signed Affidavit Erika 05.03.2020.pdf~~ ☆ | ~~11/30/2020, 2:49 PM~~ | ~~Only you~~ |
| ~~Kevin J. Laws signed Affidavit Jenny 05.03.2020.pdf~~ ☆ | ~~11/30/2020, 2:49 PM~~ | ~~Only you~~ |
| ~~Kevin J. Laws signed Affidavit Jessica 05.03.2020.pdf~~ ☆ | ~~11/30/2020, 2:49 PM~~ | ~~Only you~~ |
| ~~Kevin J. Laws signed Affidavit Tori 05.03.2020.pdf~~ ☆ | ~~11/30/2020, 2:49 PM~~ | ~~Only you~~ |
| Kevin Laws Resume and Testimony.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Lily signed dec 08072020.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Mya signed dec 08072020.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Pia signed dec 08072020.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Redacted images report with attached images by Kevin Laws.Curtis.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Sarah signed dec 08072020.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Savannah_Skylar signed dec 08072020.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Sierra_Sally signed dec 08072020.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Sweet Pink Sugar Series re Mya Report by Kevin Laws.Curtis.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Sweet White Sugar re Pia Report by Kevin Laws.Curtis.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Vicky Series re Lily Report by Kevin Laws.Curtis.pdf ☆ | 11/30/2020, 2:49 PM | Only you |
| Violet signed dec 08072020.pdf ☆ | 11/30/2020, 2:49 PM | Only you |

attachments to Kevin Laws re Pltfs Expert ...
Modified 11/30/2020, 2:42 ...

△ Share ⌄

🔗 MS

••• Privacy

John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:   (805) 272-4001
Fax:  (805) 719-6858
Email: jk@czrlaw.com
Attorneys for Plaintiffs

Deborah A. Bianco, *Pro Hac Vice Admitted*
PO Box 6503
Bellevue, WA 98008
(425) 747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia and
Mya

Carol L. Hepburn, *Pro Hac Vice Admitted*
PO Box 17718
Seattle, WA  98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Maureen,
Pia, Ava, Lily, Sarah, Skylar, Savannah,
Sally, Sierra, Violet, Amy, Erika, Tori, Jenny
And Jessica

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| "AMY," et al., "<br><br>                          Plaintiffs,<br><br>v.<br><br>RANDALL STEVEN CURTIS,<br><br>                          Defendant. | Case No:   3:19-CV-02184-PJH<br><br>PLAINTIFF'S EXPERT WITNESS DISCLOSURE PURSUANT TO FRCP 26(a)(1) and 26(2)(A) |

        Plaintiffs hereby disclose possible expert witnesses, who may provide testimony at trial either

in direct evidence of the Plaintiffs' case or as a rebuttal for any purpose, pursuant to Fed. R. Civ. P.

26(a)(2), as follows:

PLAINTIFF'S EXPERT WITNESS DISCLOSURE
PURSUANT TO FRCP 26(a)(1) and 26(2)(A)- 1

**1.    Kevin J. Laws**
K&S Teaching and Consulting LLC
10816 Crest Street
Fairfax, VA 22030
Phone: 703-473-9499

Mr. Laws is a retained expert.  Based on his extensive education, training, and experience

concerning the investigation of child sex abuse image exploitation crimes, Mr. Laws is familiar with

the images/videos discovered during the investigation of the Defendant's predicate criminal activity

which forms the basis for this case, and can identify the individual Plaintiffs depicted in the

images/videos discovered during the investigation of the Defendant's predicate criminal acts. Mr.

Laws has viewed the child sex abuse material which is included in the evidence of the underlying

criminal investigation and has met with each of the plaintiffs herein.  Mr. Laws Reports, Curriculum

Vitae, list of prior testimony and fee chart are attached at Exhibit A.

**2.    Special Agent Jason Popper**
Department of Homeland Security Immigration and Customs Enforcement
Jason.popper@ice.dhs.gov
415-844-5301

**Special Agent Michael Kress**
Homeland Security Investigations
San Francisco International Airport
(415) 844-0815

**Group Supervisor Agent Christina Barfuss**
Cyber Crimes Child Exploitation
Department of Homeland Security
630 Sansome Street
San Francisco, CA 94111

Agents Popper, Kress, and Barfuss additional law enforcement agents involved in the

investigation and prosecution of the Defendant which, on information and belief, include those from

the Department of Homeland Security as revealed in the discovery provided to Defendant in the course

of the criminal prosecution, including but not limited to retired Agent Jerald Kawai whose current

location is unknown to Plaintiffs, as well as related and affiliated Federal Bureau of Investigation officers and special agents are non-retained experts.  Their testimony to the facts related to the investigation and prosecution of Defendant's crimes may be supplemented with testimony drawing on their particular expertise, training, and experience in law enforcement of child exploitation crimes.

Further, Special Agent Christina Barfuss is the Group Supervisor of Homeland Security Cyber Crimes/Child Exploitation Cyber Crimes Investigations Center.  She may have knowledge of the process involved generally and procedures relevant to the request for ECD Technical Assistance at NCMEC  that files be reviewed in investigations for any known child victims that were identified by law enforcement in the form of a DVD obtained from Randall Steven Curtis.

3.      The following law enforcement agents are non-retained experts and may have knowledge of facts of the criminal offenses and investigation of those offenses which underlie this civil matter. Such testimony may be supplemented with testimony drawing on their particular expertise, training, and experience in law enforcement of child exploitation crimes.

**Special Agent Madonia**
Homeland Security

Special Agent Madonia received one (1) DVD from the submitting agent.  A formal request was made that the files be reviewed for any known child sex abuse image exploitation victims that were identified by law enforcement in past investigations.

**Special Agent Kristina Eyler**
703-675-9760

Special Agent Eyler transferred evidence to HSI office in Washington, DC.

**4.      Lauren Coffren**
Director of the Exploited Children Division of NCMEC
National Center for Missing and Exploited Children
333 John Carlyle Street, Suite 125
Alexandria, VA. 22314-5950

703-224-2150

Ms. Coffren, a non-retained expert, is the Director of the Exploited Children Division of NCMEC and is responsible for overseeing the ECD's Child Victim Identification Program (CVIP) analysts and support personnel as well as Victim Services.  She has knowledge of  the procedures involving CVIP reports and their processing by NCMEC, including the procedures used to generate and maintain reports, and the processing of the law enforcement request concerning child sex abuse material seized from Defendant herein and identification of child sex abuse material images therein. Ms. Coffren has general knowledge concerning the online circulation of the images and/or videos of each Plaintiff and can identify some of the plaintiffs based on her personal acquaintance of some of the Plaintiffs herein, specifically Lily, Maureen, Amy, Jessica, Jane Doe, and Jane Roe.

**5.   Signy Arnason**
Associate Executive Director
Canadian Centre for Child Protection
615 Academy Road
Winnipeg, MB R3N 0E7
Canada
1-800-532-9135

Ms. Arnason, a non-retained expert, is the Associate Executive Director from the Canadian Centre for Child Protection and has knowledge of some of the child pornography images and/or videos of each of the plaintiffs herein that circulate online, general knowledge concerning the online circulation of the images and/or videos of each Plaintiff and can identify some of the plaintiffs in the child pornography possessed by Defendant Randall Steven Curtis based on her personal acquaintance of some of the Plaintiffs herein, specifically Lily, Maureen, Amy, Jessica, Jane Doe, and Jane Roe. Her testimony may include information about the operation of and resulting information from Project Arachnid on the open and the "Dark Web" internet Her testimony may also include the subjects included in her declaration of October 7, 2019 filed with the court herein.

**6.     Matthew Stein**
ECD Staff
NCMEC
333 John Carlyle Street, Suite 125
Alexandria, VA. 22314-5950
703-224-2150

Mr. Stein, a non-retained expert, has knowledge that child pornography images were identified as a result of additional analysis and searches of ECD Technical Assistance of NCMEC from files obtained from the criminal investigation of Randall Steven Curtis.  His testimony may include information about the method of and practices of NCMEC in identifying victims of child pornography from among the submissions made to NCMEC by law enforcement agencies across the country.

**7.     Law Enforcement Points of Contact.**

The following potential witnesses are designated law enforcement points of contact (POC) for the child pornography series comprised of the Plaintiffs' child sex assault images/videos.  The POCs are each non-retained experts.  The POCs are in some cases law enforcement agents, active or retired, who were among the agents/officers who investigated the original child pornography production cases involving the Plaintiffs.  These agents may testify to their personal knowledge concerning the rescue of the Plaintiffs from the sexual abuse circumstances they endured as children.  The POCs may testify to their experience as witnesses in various prosecutions of child pornography offense defendants testifying to identity and age at the time of abuse for each of the Plaintiffs.  The POCs may further testify to the processes in general of identifying child victims of sexual offense crimes, to the identification of Plaintiffs in the child sex abuse material seized from Defendant, and to Plaintiffs identities and ages at the time of abuse.

**A.     SA Jeffrey Stetler**
Agency: Federal Bureau of Investigation
Email: jfstetler@fbi.gov
Phone Number: 360-239-9300

PLAINTIFF'S EXPERT WITNESS DISCLOSURE
PURSUANT TO FRCP 26(a)(1) and 26(2)(A)- 5

1

2

3

**Special Agent Scott Saxon - retired**
FBI
360-709-3377
**Scott.saxon@ic.fbi.gov**

4

5

6

7

Special Agents Stetler and Saxon are the Law Enforcement Point of Contact regarding the At School series victim, Case No. 305C-SE-3068874.  They are  familiar with the images/videos in this series and able to verify her identity and age.

8

9

10

11

**B.     Special Agent Adam L. Krob**
**Special Agent Allison Hirsch**
FBI – Denver
alkrob@fbi.gov
alhirsch2@fbi.gov
303-313-6834

12

13

14

15

16

Special Agents Krob and Hirsch are the current Law Enforcement Points of Contact regarding the four victims of the Jan_Socks series, Sierra, Sally, Skylar and Savannah, Case No. 305C-DN-69921.  They are familiar with the images/videos in this series and will be able to verify the identities and ages of Sierra, Sally, Skylar and Savannah.

17

18

19

20

**C.     Special Agent Daniel Ben-Meir**
Department of Homeland Security Immigration and Customs Enforcement
415-844-6950
Daniel.ben-meir@ice.dhs.gov

21

22

23

Special Agent Ben-Meir is the Law Enforcement Point of Contact regarding the victim of the Jenny Series, Case No. DT07QR07DT0020.  He is familiar with the images/videos in this series and able to verify Jenny's identity and age.

24

25

26

**D.     Detective Daniel Fandrey**
Agency: Suffolk County Police Department
Email: daniel.fandrey@suffolkcountyny.gov

27

28

and

**Detective Rory Forrestal - retired**
Suffolk County Police Department, Computer Crimes
631-852-6583
ForreRor@suffolkcountyny.gov

Detectives Fandry and  Forrestal are the Law Enforcement Points of Contact regarding the victim of the Jessica Series, Case No. 01-477524.  They are  familiar with the images/videos in this series and able to verify Jessica's identity and age.

E.    **SSA J. Thomas Rothrock, retired**
Formerly of Department of Homeland Security Immigrations and Customs Enforcement
j.tom.rothrock@gmail.com

Retired Supervisory Special Agent Rothrock is at this time the Law Enforcement Point of Contact regarding Maureen of the Lighthouse Series, Case No. 52F41819.  SSA Rothrock was involved in the original rescue and production case related to the Lighthouse series, is familiar with the images/videos in this series and able to identify Maureen in images from the series and to verify Maureen's identity and age.

F.    **Detective Deborah Behymer - retired**
Okanogan County Sheriff's Office
509-429-0831
debbiebehymer@yahoo.com

Retired Detective Behymer is the Law Enforcement Point of Contact regarding Sarah of the Marineland Series.  She is familiar with the images/videos in this series and able to identify Sarah in images from the series able to verify Sarah's identity and age.

G.    **SA Kevin Shanley**
FBI
617-877-9809
Kevin.shanley@ic.fbi.gov

PLAINTIFF'S EXPERT WITNESS DISCLOSURE
PURSUANT TO FRCP 26(a)(1) and 26(2)(A)- 7

Special Agent Shanley is the Law Enforcement Point of Contact regarding Amy of the Misty Series.  He is familiar with the images/videos in this series and able to identify Amy in images from the series and able to verify her identity and age.

**H.     SA Jamie West**
Department of Homeland Security Immigration and Customs Enforcement
802-873-3277
Jamie.west@dhs.gov
Case No. NT07QS12NT0002

And/or

**Detective Sergeant John Merrigan**
Vermont State Police – Rockingham Barracks
802-522-7252
John.merrigan@state.vt.us
Case No. 12D100066

Special Agent West and/or Detective Sergeant John Merrigan are the Law Enforcement Points of Contact regarding Erika and Tori of the PinkHeartSisters Series.  SA West and Detective Sergeant Merrigan are familiar with the images/videos in this series, able to identify Erika and Tori in images from the series, and able to verify their identities and ages.

**I.     Corporal Amanda Garner**
**Corporal Adelle Brown**
**Constable Lana Chui**
**Sergeant Natalie Davis**
**E Division Major Crime Section**
**Royal Canadian Mounted Police**
**Mailstop #209**
**14200 Green Timbers Way**
**Surrey, BC. V3T 6P3**
**Canada**
Amanda.garner@rcmp-grc.gc.ca
**Adelle.brown@rcmp-grc.gc.ca**
**Lana.chui@rcmp-grc.gc.ca**
**Natalie.davis@rcmp-grp.gc.ca**

Or

PLAINTIFF'S EXPERT WITNESS DISCLOSURE
PURSUANT TO FRCP 26(a)(1) and 26(2)(A)- 8

Integrated Child Exploitation
**Victim Identification Unit**
Phone: 778-290-3930
Email: ICE_BC_VI@rcmp-grc.gc.ca

Corporals Garner and Brown, Constable Chui, and Sgt. Natalie Davis or the Victim Identification Unit of the Integrated Child Exploitation Unit of the Royal Canadian Mounted Police are the Law Enforcement Points of Contact regarding Pia and Mya of the Sweet Sugar Series. They are familiar with the images/videos in this series, and able to identify Pia and Mya in images from the series, and able to verify Pia's and Mya's identities and ages.

**And**

**Sgt. Bev Csikos – former LEPOC**
Royal Canadian Mounted Police
604-598-4349
Bev.csikos@rcmp-grc.gc.ca
Case No. 2010-690

Sgt. Csikos of the Royal Canadian Mounted Police is the former Law Enforcement Point of Contact regarding Pia and Mya of the Sweet Sugar Series. She is familiar with the images/videos in this series and able to verify their identities and ages.

**J.     SSA Joshua Findley**
Department of Homeland Security Immigration and Customs Enforcement
503-326-7491
Joshua.s.findley@dhs.gov

And

**Detective Roy Shepherd, retired**
Richland Police Department
509-554-3613
Roy.shepherd31@gmail.com

Supervisory Special Agent Joshua Findley or Retired Detective Roy Shepherd are the Law Enforcement Points of Contact regarding Lily of the Vicky Series. SSA Findley and Detective Shepherd are able to identify Lily in images from the series, and to verify her identity and age.

1

2

Dated this 30th day of November, 2020.

3

 /s/ John A. Kawai
John A. Kawai, CSBN 260120

4

CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F

5

Ojai, CA 93023

6

Phone: 805-272-4001
Email: jk@czrlaw.com

7

Attorney for Plaintiffs

8

9

/s/ Carol L. Hepburn
Carol L. Hepburn, *Pro Hac Vice Admitted*

10

CAROL L. HEPBURN, P.S.
200 First Ave. West, Suite 550

11

Seattle, WA 98119

12

Phone: 206-957-7272
Email: carol@hepburnlaw.net

13

Attorney for Plaintiffs Maureen,
Pia, Ava, Lily, Sarah, Skylar, Savannah,

14

Sally, Sierra, Violet, Amy, Erika, Tori, Jenny and Jessica

15

16

17

/s/ Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice Admitted*

18

DEBORAH A. BIANCO, PLLC
14535 Bel-Red Road, #201

19

Bellevue, WA 98007

20

Phone: 425-747-4500
Email: deb@debbiancolaw.com

21

Attorney for Plaintiffs Maureen, Pia and
Mya

22

23

24

25

26

27

28

PLAINTIFF'S EXPERT WITNESS DISCLOSURE
PURSUANT TO FRCP 26(a)(1) and 26(2)(A)- 10



# ATTORNEY SERIES INFORMATION REPORT
## Series: At School

## CHILD INFORMATION

Child's date of birth: ▮▮▮▮

Child's gender: Female

Child's age at time of production of images: 4-7

Producing offender's relationship to child: ▮▮▮▮

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images and Videos

## CASE INFORMATION

### CASE TIMELINE

| First seen by NCMEC | Entered as Identified with NCMEC | | Offender Convicted |
|---|---|---|---|
| 08/2013 | 11/2013 | | ▮▮▮▮ |

*(Given multiple information sources some discrepancies may occur in dates shown above.)*



### CASE SUMMARY

In the summer of 2013, ▮▮▮▮ and ▮▮▮▮ investigators identified images and videos relating to this series. They determined that the metadata from these files corresponded to an elementary school in ▮▮▮▮ and a residential address in ▮▮▮▮. This information was provided to U.S. investigators, who identified ▮▮▮▮ as being connected to the ▮▮▮▮ address and to having recently moved to ▮▮▮▮. Law

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

enforcement also established that ████ had a young ████ at ████ Elementary School, where he had served as ████████. Law enforcement also learned that ████ had a previous arrest for lewd or lascivious act with a child under 14 and indecent exposure, though these charges were dismissed, and that ████'s Facebook page featured a profile photo that appeared to show the same young girl pictured in the series files. ████ was arrested on August 26, ████ on charges of production, distribution, and possession of child pornography. On September 8, ████, he pled guilty to these charges and was sentenced to serve 23 years in prison. The court ordered ████ to pay $████ in restitution to the young girl in the series.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series name: ████████
Relationship of Associated Victim to Offender: Victim was ████████ of At School offender
Distribution of Associated Series Files: None
Legal Counsel Retained by Associated Victim: No

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 62 (50 images and 12 videos)

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From August 2, 2013 through December 31, 2018, files from the "At School" series have been included in 2,749 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 28,280 files from the "At School" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 15,026 series files submitted to NCMEC

 765 law enforcement cases submitted to NCMEC containing series files

 708 offenders possessing files from this series in cases submitted to NCMEC

 883 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



NATIONAL CENTER FOR
**MISSING & EXPLOITED**
C H I L D R E N®

# ATTORNEY SERIES INFORMATION REPORT
## Series: Jan_Socks1

## CHILD INFORMATION

Child's date of birth: ████

Child's gender: Female

Child's age at time of production of images: 6-10

Producing offender's relationship to child: ████

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images and Videos

## CASE INFORMATION

### CASE TIMELINE

| First seen by NCMEC | Entered as Identified with NCMEC | Offender Convicted |
|---|---|---|
| 11/2007 | 10/2011 | ████ |

*(Given multiple information sources some discrepancies may occur in dates shown above.)*



### CASE SUMMARY

I Between September 2006 and December 2009, ████ produced over 50 images of child pornography on five separate occasions.  On August 16, 2011 and charged with 5 counts of production of child pornography and 1 count of transportation of child pornography.

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

During the course of the prosecution, the government identified at least six additional producers of child pornography and were able to rescue approximately 35 additional child victims of ongoing sexual abuse who were depicted in images of child pornography.  At the time of ████'s arrest, agents and officers rescued the child victim ████ used to produce child pornography.

████ pled guilty to all counts on ████. He was sentenced on October 4, 2012 to 40 years in prison.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series name: Jan_Socks2, Jan_Socks3, Jan_Socks4
Relationship of Associated Victim to Offender: ████
Distribution of Associated Series Files: All distributed
Legal Counsel Retained by Associated Victim: All represented by Carol Hepburn

## POINT OF CONTACT

Name: SA Adam Krob or SA Allison Hirsch
Agency: Federal Bureau of Investigation
Email: alkrob@fbi.gov or alhirsch2@fbi.gov
Phone Number: 303-629-7171
Case Number: 305A-DN-64933

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 1,096 (1,050 images and 46 videos)

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From November 30, 2007 through December 31, 2018, files from the "Jan_Socks1" series have been included in 4,753 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 91,846 files from the "Jan_Socks1" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 16,688 series files submitted to NCMEC

 627 law enforcement cases submitted to NCMEC containing series files

 602 offenders possessing files from this series in cases submitted to NCMEC

 335 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

Creation Date: 9/23/2019



# ATTORNEY SERIES INFORMATION REPORT
## Series: Jan_Socks2

## CHILD INFORMATION

Child's date of birth: 1█████████

Child's gender: Female

Child's age at time of production of images: 4

Producing offender's relationship to child: █████

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images and Videos

## CASE INFORMATION

### CASE TIMELINE

| First seen by NCMEC | Entered as Identified with NCMEC | Offender Convicted |
|---|---|---|
| 08/2009 | 10/2011 | █████ |

*(Given multiple information sources some discrepancies may occur in dates shown above.)*



### CASE SUMMARY

Between September 2006 and December 2009, █████ produced over 50 images of child pornography on five separate occasions. On August 16, 2011 and charged with 5 counts of production of child pornography and 1 count of transportation of child pornography.

During the course of the prosecution, the government identified at least six additional producers of child pornography and were able to rescue approximately 35 additional child victims of ongoing sexual abuse who were

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

depicted in images of child pornography.  At the time of ██████'s arrest, agents and officers rescued the child victim ██████ used to produce child pornography.
██████ pled guilty to all counts on ██████. He was sentenced on October 4, 2012 to 40 years in prison.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series name: Jan_Socks1, Jan_Socks3, Jan_Socks4
Relationship of Associated Victim to Offender: ██████
Distribution of Associated Series Files: All distributed
Legal Counsel Retained by Associated Victim: All represented by Carol Hepburn

## POINT OF CONTACT

Name: SA Adam Krob or SA Allison Hirsch
Agency: Federal Bureau of Investigation
Email: alkrob@fbi.gov or alhirsch2@fbi.gov
Phone Number: 303-629-7171
Case Number: 305A-DN-64933

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 199 (194 images and 5 videos)

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From August 13, 2009 through December 31, 2018, files from the "Jan_Socks2" series have been included in 928 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 7,131 files from the "Jan_Socks2" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 2,344 series files submitted to NCMEC

 191 law enforcement cases submitted to NCMEC containing series files

 184 offenders possessing files from this series in cases submitted to NCMEC

 38 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

---

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



NATIONAL CENTER FOR
**MISSING &
EXPLOITED**
C H I L D R E N®

# ATTORNEY SERIES INFORMATION REPORT
## Series: Jan_Socks3

## CHILD INFORMATION

Child's date of birth: ▮▮▮▮▮

Child's gender: Female

Child's age at time of production of images: 2-5

Producing offender's relationship to child: ▮▮▮▮

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images

## CASE INFORMATION

### CASE TIMELINE



| Entered as Identified with NCMEC | First seen by NCMEC | Offender Convicted |
|---|---|---|
| 10/2011 | 04/2012 | ▮▮▮▮ |

*(Given multiple information sources some discrepancies may occur in dates shown above.)*

### CASE SUMMARY

Between September 2006 and December 2009, ▮▮▮▮ produced over 50 images of child pornography on five separate occasions.  On August 16, 2011 and charged with 5 counts of production of child pornography and 1 count of transportation of child pornography.

During the course of the prosecution, the government identified at least six additional producers of child pornography and were able to rescue approximately 35 additional child victims of ongoing sexual abuse who were depicted in images of child pornography.  At the time of ▮▮▮▮'s arrest, agents and officers rescued the child victim ▮▮▮▮ used to produce child pornography.

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

Mueller pled guilty to all counts on July 9, 2012. He was sentenced on October 4, 2012 to 40 years in prison.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series name: Jan_Socks1, Jan_Socks2, Jan_Socks4
Relationship of Associated Victim to Offender: ██████
Distribution of Associated Series Files: All distributed
Legal Counsel Retained by Associated Victim: All represented by Carol Hepburn

## POINT OF CONTACT

Name: SA Adam Krob or SA Allison Hirsch
Agency: Federal Bureau of Investigation
Email: alkrob@fbi.gov or alhirsch2@fbi.gov
Phone Number: 303-629-7171
Case Number: 305A-DN-64933

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 52 images

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From April 30, 2012 through December 31, 2018, files from the "Jan_Socks3" series have been included in 1,253 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 10,391 files from the "Jan_Socks3" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 2,982 series files submitted to NCMEC

 261 law enforcement cases submitted to NCMEC containing series files

 252 offenders possessing files from this series in cases submitted to NCMEC

 107 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



NATIONAL CENTER FOR
**MISSING &
EXPLOITED**
C H I L D R E N®

# ATTORNEY SERIES INFORMATION REPORT
## Series: Jan_Socks4

### CHILD INFORMATION

Child's date of birth: ███

Child's gender: Female

Child's age at time of production of images: 3

Producing offender's relationship to child: ███

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images

### CASE INFORMATION

#### CASE TIMELINE

| Entered as Identified with NCMEC | First seen by NCMEC | Offender Convicted |
|---|---|---|
| 10/2011 | 04/2012 | ███ |

*(Given multiple information sources some discrepancies may occur in dates shown above.)*



#### CASE SUMMARY

Between September 2006 and December 2009,███ produced over 50 images of child pornography on five separate occasions. On August 16, 2011 and charged with 5 counts of production of child pornography and 1 count of transportation of child pornography.

During the course of the prosecution, the government identified at least six additional producers of child pornography and were able to rescue approximately 35 additional child victims of ongoing sexual abuse who were depicted in images of child pornography. At the time of ███ 's arrest, agents and officers rescued the child victim ███ used to produce child pornography.

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

Mueller pled guilty to all counts on July 9, 2012. He was sentenced on October 4, 2012 to 40 years in prison.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series name: Jan_Socks1, Jan_Socks2, Jan_Socks3
Relationship of Associated Victim to Offender: ███
Distribution of Associated Series Files: All distributed
Legal Counsel Retained by Associated Victim: All represented by Carol Hepburn

## POINT OF CONTACT

Name: SA Adam Krob or SA Allison Hirsch
Agency: Federal Bureau of Investigation
Email: alkrob@fbi.gov or alhirsch2@fbi.gov
Phone Number: 303-629-7171
Case Number: 305A-DN-64933

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 28 images

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From April 30, 2012 through December 31, 2018, files from the "Jan_Socks4" series have been included in 753 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 5,501 files from the "Jan_Socks4" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 1,610 series files submitted to NCMEC

 148 law enforcement cases submitted to NCMEC containing series files

 143 offenders possessing files from this series in cases submitted to NCMEC

 107 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



# ATTORNEY SERIES INFORMATION REPORT
## Series: Jenny

### CHILD INFORMATION

Child's gender: Female

Child's age at time of production of images: 5-6

Producing offender's relationship to child: Guardian's Partner

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images and Videos

### CASE INFORMATION

#### CASE TIMELINE





The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

## CASE SUMMARY

In January 2007, ICE began investigating a tip regarding sexual abuse images that were circulating online of an unidentified female child.  During the course of their investigation, ICE arrested ██████ and seized about 600 child pornography files from him, including images of █████ repeatedly sexually assaulting the 9-year old daughter of his girlfriend between January and May 2007. █████, an Iraq war veteran and former reserve officer with the Sheriff's Department, pleaded guilty in late 2007, to one state charge of first-degree criminal sexual conduct and four federal charges of child sexual exploitation and distribution, receipt and possession of child pornography.  On February 25, 2008, he was sentenced to serve 30 years in in federal prison, to be followed by an additional 30-60 year sentence in state prison. As recently as October 2018, █████ has been submitting FOIA requests for documentary proof that the AUSA who prosecuted him took an oath of office, and has made other pro se filings challenging his conviction.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

None.

## POINT OF CONTACT

Name: SA Daniel Ben-Meir
Agency: DHS Immigration and Customs Enforcement
Email: MeirDaniel.Ben-Meir@ice.dhs.gov
Phone Number: 415-596-3762
Case Number: DT07QR07DT0020

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 94 (69 images and 25 videos)

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From March 23, 2007 through December 31, 2018, files from the "Jenny" series have been included in 12,850 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 385,866 files from the "Jenny" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 43,896 series files submitted to NCMEC

 1,253 law enforcement cases submitted to NCMEC containing series files

 1,176 offenders possessing files from this series in cases submitted to NCMEC

 1,419 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



NATIONAL CENTER FOR
**MISSING &
EXPLOITED**
C H I L D R E N®

# ATTORNEY SERIES INFORMATION REPORT
## Series: Jessica

## CHILD INFORMATION

Child's date of birth: ▇▇▇

Child's gender: Female

Child's age at time of production of images: 1-4

Producing offender's relationship to child: ▇▇▇▇▇▇; Family friend - ▇▇▇

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images

## CASE INFORMATION

### CASE TIMELINE

| Offender #1 Convicted | | First seen by NCMEC | | Offender #2 Convicted |
|---|---|---|---|---|
| ▇▇▇ | 07/2002 | 12/2002 | | ▇▇▇ |
| | Entered as Identified with NCMEC | | | |

*(Given multiple information sources some discrepancies may occur in dates shown above.)*

### CASE SUMMARY

In September 2001, law enforcement went to ▇▇▇'s home in response to a complaint of child sexual abuse. Law enforcement seized ▇▇▇s computer and found images of child pornography including images of ▇▇▇ sexually abusing his daughter who was one to two years old at the time.

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

Information from ▓▓▓▓▓ discovered on his computer showed that ▓▓▓▓▓ had chatted and traded images with ▓▓▓▓▓. ▓▓▓▓▓ had invited ▓▓▓▓▓ to his residence for ▓▓▓▓▓ to meet ▓▓▓▓▓s daughter and exchange child pornography.

Based on this information, law enforcement arrested ▓▓▓▓▓ on September 22, 2001 and executed a search warrant on ▓▓▓▓▓'s computer and hard drives. ▓▓▓▓▓ confessed to police that he had seen pornographic images created by ▓▓▓▓▓, including images of ▓▓▓▓▓s daughter. The search of ▓▓▓▓▓'s computer and hard drives uncovered 2,300 images and 300 videos of child pornography.

On May 31, 2002, ▓▓▓▓▓ pled guilty to five counts related to the sexual abuse of his ▓▓▓▓▓, child pornography and endangering the welfare of a child. On July 29, 2002, ▓▓▓▓▓ was sentenced to 18 years in prison.

On April 15, 2005, a jury convicted ▓▓▓▓▓ of four counts related to receiving, distributing, reproducing and possessing child pornography and one count of persuading and enticing persons under the age of 18 to engage in sexual activity.  On May 27, 2015, ▓▓▓▓▓ was sentenced to 25 years in prison (after the initial sentenced was vacated on appeal).

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

None.

## POINT OF CONTACT

Name: Detective Daniel Fandrey
Agency: Suffolk County Police Department
Email: daniel.fandrey@suffolkcountyny.gov
Phone Number: 631-655-2212
Case Number: 01-477524

## DISTRIBUTION INFORMATION

From December 20,2002 through December 31, 2018, files from the "Jessica" series have been included in 3,059 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 17,619 files from the "Jessica" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 1,778 series files submitted to NCMEC

 177 law enforcement cases submitted to NCMEC containing series files

 171 offenders possessing files from this series in cases submitted to NCMEC

 6 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



# ATTORNEY SERIES INFORMATION REPORT
## Series: Lighthouse1

## CHILD INFORMATION

Child's date of birth: ███

Child's gender: Female

Child's age at time of production of images: 8-10

Producing offender's relationship to child: Babysitter

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images and Videos

## CASE INFORMATION

### CASE TIMELINE

First seen by NCMEC — 02/2003

Offender Convicted

04/2006 — Entered as Identified with NCMEC

*(Given multiple information sources some discrepancies may occur in dates shown above.)*





The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

## CASE SUMMARY

NCMEC analysts reviewing content seized from an offender's computer and forwarded to NCMEC by law enforcement located several images of a prepubescent female victim. Images of this young girl had been found on several individuals' computers in files labeled with the victim's actual name. NCMEC analysts used this information to determine a possible location for the victim in ████████████. Law enforcement interviewed the child who disclosed abuse by a man she called "██████" who was a live-in babysitter for her neighbor's family. She also disclosed that "██████" had abused two children living in the neighbor's home and that he had photographed and uploaded images of the abuse. Law enforcement arrested ████████ at his home in ████████ where he lived with the same family he had babysat for in ████████. ████ had been convicted in ██ in ████████ for thirteen counts of rape, sodomy, and sexual abuse of female children under the age of 12. At the time of his arrest, he was found in the basement with a toddler. ████ entered a conditional guilty and was sentenced on October 13, 2006, to two concurrent terms of life imprisonment.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series name: Lighthouse2, Lighthouse3 and Lighthouse4
Relationship of Associated Victims to Offender: Babysitter to all victims
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: Lighthouse2: No; Lighthouse3: Yes, James Marsh and Carol Hepburn; Lighthouse4: Yes, Elaine Lenahan

## POINT OF CONTACT

Name: Thomas Rothrock
Agency: DHS Immigration and Customs Enforcement
Email: john.t.rothrock@fletc.dhs.gov
Phone Number: 912-267-2740
Case Number: IP07QR06IP0005

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 35 (29 images and 6 videos)

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From February 25, 2003 through December 31, 2018, files from the "Lighthouse1" series have been included in 6,471 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 26,658 files from the "Lighthouse1" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 2,386 series files submitted to NCMEC

 551 law enforcement cases submitted to NCMEC containing series files

 521 offenders possessing files from this series in cases submitted to NCMEC

 281 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



**2018 Submitting Law Enforcement Agencies**

Local: 119 21%
State: 97 18%
Federal: 335 61%

*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



NATIONAL CENTER FOR
**MISSING & EXPLOITED**
C H I L D R E N®

# ATTORNEY SERIES INFORMATION REPORT
## Series: Marineland1

## CHILD INFORMATION

Child's date of birth: ▮▮▮▮

Child's gender: Female

Child's age at time of production of images: 9-11

Producing offender's relationship to child: ▮▮▮

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images and Videos

## CASE INFORMATION

### CASE TIMELINE

| First seen by NCMEC | Entered as Identified with NCMEC | Offender Convicted |
|---|---|---|
| 06/2005 | 01/2007 | ▮▮▮ |

*(Given multiple information sources some discrepancies may occur in dates shown above.)*



### CASE SUMMARY

On April 24, 2006, the U.S. Department of Homeland Security, Immigration and Customs Enforcement was contacted by the ▮▮▮ County Sheriff's Office requesting forensic assistance with an on-going child abuse investigation regarding ▮▮▮ Investigators found 2 video clips and between 300 to 400 child pornography

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

images. Investigators sent copies of the images of the first victim to NCMEC's Child Victim Identification Program. A review of the image files revealed that ████ had videotaped himself sexually abusing or raping three other young female child victims, one who was 3 years old. ████ admitted to producing child pornography and circulating the images on the Internet. On June 7, 2007, ████ pled guilty to 1 count of transportation of child pornography.  On October 22, 2007, ████ was sentenced to 20 years in prison.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series name: Marineland2, Marineland3, Marineland4
Relationship of Associated Victims to Offender: Marineland2: Guardian's partner, Marineland3 & Marineland4: Neighbor
Distribution of Associated Series Files: All distributed
Legal Counsel Retained by Associated Victims: None

## POINT OF CONTACT

Name: Detective Deborah Behymer
Agency: Okanogan County Sheriff's Office
Email: dbehymer@co.okanogan.wa.us
Phone Number: 509-422-7200, x 7731
Case Number: OW07QR06OW0005

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 270 (268 images and 2 videos)

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From June 3, 2005 through December 31, 2018, files from the "Marineland1" series have been included in 8,563 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 242,720 files from the "Marineland1" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 31,080 series files submitted to NCMEC

 870 law enforcement cases submitted to NCMEC containing series files

 827 offenders possessing files from this series in cases submitted to NCMEC

 441 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



NATIONAL CENTER FOR
MISSING &
EXPLOITED
CHILDREN®

# ATTORNEY SERIES INFORMATION REPORT
## Series: Misty

## CHILD INFORMATION

Child's gender: Female

Child's age at time of production of images: 9

Producing offender's relationship to child: Uncle

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images

## CASE INFORMATION

### CASE TIMELINE

| Offender Convicted | | First seen by NCMEC |
|---|---|---|
| 09/1998 | 04/2001 | 11/2002 |

Entered as Identified with NCMEC

*(Given multiple information sources some discrepancies may occur in dates shown above.)*



When she was eight and nine years old, "Amy" was repeatedly raped by ⬛ and sexually abused to create specific child sex abuse images requested by third parties who wanted her images for their own sexual gratification. ⬛ pleaded guilty and on September 24, 1999, he was sentenced to serve 10 years in prison

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

and to pay mandatory restitution in the amount of ████ to the victim. Following his imprisonment, his supervised release was revoked and he was again released from prison on March 10, 2017. His current sex offender registration lists a home address in ████████████.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

None.

## DISTRIBUTION INFORMATION

From November 26, 2002 through December 31, 2018, files from the "Misty" series have been included in 7,015 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 103,619 files from the "Misty" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 7,152 series files submitted to NCMEC

 301 law enforcement cases submitted to NCMEC containing series files

 292 offenders possessing files from this series in cases submitted to NCMEC

 65 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



# ATTORNEY SERIES INFORMATION REPORT
## Series: PinkHeartSisters1

## CHILD INFORMATION

Child's date of birth: ▮▮▮▮▮▮

Child's gender: Female

Child's age at time of production of images: 11

Producing offender's relationship to child: ▮▮▮▮▮

Victim Impact Statement on file: No

File Type: Images and Videos

## CASE INFORMATION

### CASE TIMELINE

| First seen by NCMEC | Offender Convicted |

04/2012

Entered as Identified with NCMEC

*(Given multiple information sources some discrepancies may occur in dates shown above.)*

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

## CASE SUMMARY



On January 6, 2012, the ███ State Police received a report of the possible possession of child pornography from administrators at the ███ Academy, a private co-ed college preparatory boarding and day high school. ███ was a teacher at the Academy.

███ was interviewed by law enforcement and admitted to having child pornography on his computer, engaging in sexual contact with a young girl, taking pornographic pictures of his child victims and posting them to the Internet and sharing with other offenders the images of child pornography that he had produced. ███'s admissions were confirmed by the forensic exam of his computer, where images of child pornography that he produced and possessed were found.

███ was charged with 6 counts of production of child pornography, 1 count of the possession of child pornography, and 1 count of interstate travel to engage in sexual acts with a minor.  On March 24, 2014, ███ pled guilty to all charges and on September 15, 2014, he was sentenced to 30 years in prison.  At sentencing, the judge stated that ███'s criminal conduct was the worst she had ever seen in her years as a state and federal judge.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series Name: PinkHeartSisters2
Relationship of Associated Victim to Offender: Victim was daughter of PinkHeartSisters1 offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: Yes, James Marsh and Carol Hepburn

## POINT OF CONTACT

Name: SA Jamie West
Agency: DHS Immigration & Customs Enforcement
Email: jamie.west@dhs.gov
Phone Number: 802-487-2622
Case Number: NT07QS12NT0002

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 32 images

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From April 9, 2012 through December 31, 2018, files from the "PinkHeartSisters1" series have been included in 644 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 10,979 files from the "PinkHeartSisters1" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 3,372 series files submitted to NCMEC

 149 law enforcement cases submitted to NCMEC containing series files

 138 offenders possessing files from this series in cases submitted to NCMEC

 66 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



# TTORNEY SERIES INFORMATION REPORT
## Series: PinkHeartSisters2

## CHILD INFORMATION

Child's date of birth: ███████

Child's gender: Female

Child's age at time of production of images: 9

Producing offender's relationship to child: ███████

Victim Impact Statement on file: No

File Type: Images and Videos

## CASE INFORMATION

### CASE TIMELINE



First seen by NCMEC

Offender Convicted

04/2012

Entered as Identified with NCMEC

*(Given multiple information sources some discrepancies may occur in dates shown above.)*

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

## CASE SUMMARY

On January 6, 2012, the ██████ State Police received a report of the possible possession of child pornography from administrators at the ██████ Academy, a private co-ed college preparatory boarding and day high school. ██████ was a teacher at the Academy.

██████ was interviewed by law enforcement and admitted to having child pornography on his computer, engaging in sexual contact with a young girl, taking pornographic pictures of his child victims and posting them to the Internet and sharing with other offenders the images of child pornography that he had produced. ██████'s admissions were confirmed by the forensic exam of his computer, where images of child pornography that he produced and possessed were found.

██████ was charged with 6 counts of production of child pornography, 1 count of the possession of child pornography, and 1 count of interstate travel to engage in sexual acts with a minor.  On March 24, 2014, ██████ pled guilty to all charges and on September 15, 2014, he was sentenced to 30 years in prison.  At sentencing, the judge stated that ██████'s criminal conduct was the worst she had ever seen in her years as a state and federal judge.



## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series Name: PinkHeartSisters1
Relationship of Associated Victim to Offender: Victim was daughter of PinkHeartSisters2 offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: Yes, James Marsh and Carol Hepburn

## POINT OF CONTACT

Name: SA Jamie West
Agency: DHS Immigration & Customs Enforcement
Email: jamie.west@dhs.gov
Phone Number: 802-487-2622
Case Number: NT07QS12NT0002

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 33 (31 images and 2 videos)

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From April 9, 2012 through December 31, 2018, files from the "PinkHeartSisters2" series have been included in 1,145 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 7,919 files from the "PinkHeartSisters2" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 1,602 series files submitted to NCMEC

 232 law enforcement cases submitted to NCMEC containing series files

 221 offenders possessing files from this series in cases submitted to NCMEC

 79 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



# ATTORNEY SERIES INFORMATION REPORT
## Series: Sweet Pink Sugar

### CHILD INFORMATION

Child's date of birth: ████

Child's gender: Female

Child's age at time of production of images: 6-9

Producing offender's relationship to child: ████

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images and Videos

### CASE INFORMATION

#### CASE TIMELINE



First seen by NCMEC — 07/2010

Entered as Identified with NCMEC — 01/2011

*(Given multiple information sources some discrepancies may occur in dates shown above.)*

### ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series Name: Sweet White Sugar
Relationship of Associated Victim to Offender: Sweet White Sugar is ████ of Sweet Pink Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: Yes, Carol Hepburn and Debbie Bianco

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

Associated Series Name: Sweet Purple Sugar
Relationship of Associated Victim to Offender: Sweet Purple Sugar is ▮▮▮▮▮ of Sweet Pink Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: Yes, Carol Hepburn and Debbie Bianco

Associated Series Name: Sweet Brown Sugar
Relationship of Associated Victim to Offender: Sweet Brown Sugar is neighbor/babysat by Sweet Pink Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: No

Associated Series Name: Sweet Burgundy Sugar
Relationship of Associated Victim to Offender: Sweet Burgundy Sugar is neighbor/babysat by Sweet Pink Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: No

Associated Series Name: Sweet Blue Sugar
Relationship of Associated Victim to Offender: Sweet Blue Sugar is neighbor/babysat by Sweet Pink Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: No

## POINT OF CONTACT

Name: Victim Identification Unit
Agency: BC Integrated Child Exploitation
Email: ICE_BC_VI@rcmp-grc.gc.ca
Phone Number: 778-290-3930
Case Number: 2010-690

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 566 images

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From July 15, 2010 through December 31, 2018, files from the "Sweet Pink Sugar" series have been included in 1,506 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 48,363 files from the "Sweet Pink Sugar" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## HISTORICAL DISTRIBUTION



Historical Distribution of Series Files



Law Enforcement Submissions Containing Series Files

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 14,284 series files submitted to NCMEC

 324 law enforcement cases submitted to NCMEC containing series files

 307 offenders possessing files from this series in cases submitted to NCMEC

 462 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



# ATTORNEY SERIES INFORMATION REPORT
## Series: Sweet White Sugar

## CHILD INFORMATION

Child's date of birth: ████

Child's gender: Female

Child's age at time of production of images: 3-6

Producing offender's relationship to child: ████

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images and Videos

## CASE INFORMATION

### CASE TIMELINE

| First seen by NCMEC | Entered as Identified with NCMEC |
|---|---|
| 06/2010 | 01/2011 |

*(Given multiple information sources some discrepancies may occur in dates shown above.)*





## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

Associated Series Name: Sweet Purple Sugar
Relationship of Associated Victim to Offender: Sweet Purple Sugar is ████ of Sweet White Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: Yes, Carol Hepburn and Debbie Bianco

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

Associated Series Name: Sweet Pink Sugar
Relationship of Associated Victim to Offender: Sweet Pink Sugar is ███████ of Sweet White Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: Yes, Carol Hepburn and Debbie Bianco

Associated Series Name: Sweet Brown Sugar
Relationship of Associated Victim to Offender: Sweet Brown Sugar is neighbor/babysat by Sweet White Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: No

Associated Series Name: Sweet Burgundy Sugar
Relationship of Associated Victim to Offender: Sweet Burgundy Sugar is neighbor/babysat by Sweet White Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: No

Associated Series Name: Sweet Blue Sugar
Relationship of Associated Victim to Offender: Sweet Blue Sugar is neighbor/babysat by Sweet White Sugar offender
Distribution of Associated Series Files: Yes
Legal Counsel Retained by Associated Victim: No

## POINT OF CONTACT

Name: Victim Identification Unit
Agency: BC Integrated Child Exploitation
Email: ICE_BC_VI@rcmp-grc.gc.ca
Phone Number: 778-290-3930
Case Number: 2010-690

## DISTRIBUTION INFORMATION

Number of identified files submitted by law enforcement: 733 images

(This represents only files that law enforcement seized from the producer of the series and submitted to NCMEC. Additional files that may exist, but were not in the producer's possession, are not included. The number of files shown above includes visually unique files as well as files that are visually similar, e.g., cropped, rotated, edited.)

From June 4, 2010 through December 31, 2018, files from the "Sweet White Sugar" series have been included in 8,117 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 246,711 files from the "Sweet White Sugar" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN



55,581 series files submitted to NCMEC



1,252 law enforcement cases submitted to NCMEC containing series files



1,170 offenders possessing files from this series in cases submitted to NCMEC



1,020 CyberTipline reports submitted by Electronic Service Providers containing series files



Known international distribution of series files



*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.



NATIONAL CENTER FOR
**MISSING &
EXPLOITED
CHILDREN**®

# ATTORNEY SERIES INFORMATION REPORT
## Series: Vicky

### CHILD INFORMATION

Child's date of birth: ██████

Child's gender: Female

Child's age at time of production of images: 10-11

Producing offender's relationship to child: ████

Victim Impact Statement on file: Yes, all jurisdictions

File Type: Images and Videos

### CASE INFORMATION

#### CASE TIMELINE

| First seen by NCMEC | Entered as Identified with NCMEC | Offender Convicted |
|---|---|---|
| 11/2002 | 12/2006 | ██████ |

*(Given multiple information sources some discrepancies may occur in dates shown above.)*



#### CASE SUMMARY

██████████ was a former sheriff's reserve deputy in ████████ who sexually abused his ████████ over a two-year period, starting when she was 10 years old. When the child was ██ years old, she disclosed the abuse to her mother. The photos of her sexual abuse were posted by her father to the Internet. After being arrested, ████████ fled ████████████, first crossing the border into ██████ and then flying to █████. For the next year

The National Center for Missing & Exploited Children (NCMEC) is a private, non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, attorneys, law enforcement, and the public on missing and sexually exploited child issues. To further its private, nonprofit mission to reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC does not act in the capacity of or under the direction or control of the government or any law enforcement agency.

he was on the most wanted fugitive lists for the U.S. Marshals and ICE and was featured on an episode of America's Most Wanted. After a year in ████, he was arrested while on a trip to ████████ and returned to the ██████████. He pled guilty on December 17, 2008 and was sentenced to serve 50 years in prison and ordered to pay ████████ in restitution.

## ASSOCIATED SERIES (ADDITIONAL VICTIM SERIES CREATED BY SAME OFFENDER)

None

## POINT OF CONTACT

Name: SSA Joshua Findley
Agency: DHS Immigration & Customs Enforcement
Email: josh.s.findley@ice.dhs.gov
Phone Number: 503-326-7491

## DISTRIBUTION INFORMATION

From November 15, 2002 through December 31, 2018, files from the "Vicky" series have been included in 20,218 law enforcement submissions of content to NCMEC that were seized from offenders. NCMEC's review of these submissions indicated that they included a total of 291,073 files from the "Vicky" series.

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

HISTORICAL DISTRIBUTION





This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

## 2018 SERIES DISTRIBUTION BREAKDOWN

 22,125 series files submitted to NCMEC

 1,348 law enforcement cases submitted to NCMEC containing series files

 1,274 offenders possessing files from this series in cases submitted to NCMEC

 1,009 CyberTipline reports submitted by Electronic Service Providers containing series files

 Known international distribution of series files



2018 Submitting Law Enforcement Agencies

Local: 364 27%
Federal: 748 55%
State: 236 18%

*(There are no statutory requirements for law enforcement to submit child sexual exploitation content seized from offenders to NCMEC. Most states do not notify children when their sexual abuse images are circulated in state or local prosecutions.)*

This Report is provided to the attorney of record for the Child Sexual Abuse Imagery (CSAI) victim whose series the Report describes, after verification of current legal representation. The information contained in this Report is derived exclusively from NCMEC's records and is current only as of the creation date indicated above. The information contained in the Report may not be comprehensive. This Report is intended solely for informational purposes in furtherance of NCMEC's nonprofit mission to provide assistance to CSAI victims. Please treat the information in this Report as sensitive and confidential and do not reproduce or further distribute this Report.

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Amy | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES with no attachments<br><br>120919 – letter to opposing with real names, DOBs and original perpetrator re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st | 02/07/20 - RESPONSES SENT<br><br>03/20/20 – ATTACHMENTS SENT<br><br>No. 1 – letter dated 12/9/19 – Real name, DOB and Original perpetrator<br><br>No. 3 – letter dated 3/18/20 – original perpetrator's prosecution<br><br>No. 4 – Attorney Series Info Report from NCMEC | 04/20/20 – corrected responses nos. 37-43, 46 and supplemental response to no. 47 with attachments mailed on CD<br><br>No. 37A– Silberg file - redacted<br><br>No. 37B – Silberg Forensic Eval – redacted. | 05/15/20 Responses and updated unredacted forensic reports and all produced documents bates stamped and sent via dropbox<br><br>Bates: 000001-000279 | -0- | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21 Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Plaintiff's Expert Witness Disclosure |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
|  | redacted (black) VNS re Def RFP No. 34

11/08/19 – CLH email to Opposing re Kennedy case was a "distribution" case in response to RFP No. 26 | RFPs with attachments

No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 33A – orig restitution request with VIS, Redacted Psych Evals by Dr. Silberg dated 11/21/08, 10/21/10; 1/23/11; 10/23/12; 12/8/14; CV of Dr. Silberg; Redacted Economic Eval from Dr. Smith 12/15/08 and CV; info re making restitution payments to Marsh firm

No. 33B – all communicatio |  |  |  |  |  |  |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | | | ns between plaintiff attorneys and third parties referencing litigation. | | | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Erika | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>121919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 02/07/20 - RESPONSES SENT<br><br>03/20/20 – ATTACHMENTS SENT<br><br>No. 1 – letter dated 12/19/19 – Real name, DOB and Original perpetrator<br><br>No. 3 – letter dated 3/18/20 – original perpetrator's prosecution<br><br>No. 4 – Attorney Series Info | 04/23/20 responses emailed by Carol and Ethan accepted as official service<br><br>Corrected supplemental responses nos. 37-42 | 05/08/20 Responses and updated unredacted forensic reports and all produced documents bates stamped and sent via dropbox<br><br>Bates: 000001-000151 | -0- | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21 Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
|  | redacted (black) VNS re Def RFP No. 34 | attachments<br><br>No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | Report from NCMEC<br><br>No. 33A – Curtis restitution request<br><br>No. 33B – all communications between plaintiffs' attorneys and third parties referencing litigation. |  |  |  |  |  |  |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Jenny | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>121919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 02/07/20 - RESPONSES SENT<br><br>03/20/20 – ATTACHMENTS SENT<br><br>No. 1 – letter dated 12/19/19 – Real name, DOB and Original perpetrator<br><br>No. 3 – letter dated 3/18/20 – original perpetrator's prosecution<br><br>No. 4 – Attorney Series Info | 04/20/20 RESPONSES with no attachments corrected response nos. 38-42 | 5/12/20 Responses and updated unredacted forensic reports and all produced documents bates stamped and sent via dropbox Bates: 000001-000367<br><br>081320 – further responses re Jenny via email to Ethan and Nara | -0- | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21<br><br>Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34 | attachments No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | Report from NCMEC No. 33A – orig restitution request with VIS and expert report from redacted report from Kathleen Coulborn of Catholic Social Services and CV; Psychological Assessment 11/18/17 by Elizabeth Toplyn, PhD; Economic Eval by Dr. Smith 12/10/18; note re making restitution payments | | after meet and confer with Ethan on 8/10/20 | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | | | No. 33B – all communications between plaintiffs' counsel and third parties referencing litigation. | | | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Jessica | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 02/07/20 - RESPONSES SENT<br><br>03/20/20 – ATTACHMENTS SENT<br><br>No. 1 – letter dated 12/9/19 with real name, DOB and original perpetrator<br><br>No. 3 – letter dated 3/18/20 – original perpetrator's prosecution<br><br>No. 4 – Attorney Series Info Report from NCMEC | 04/20/20 RESPONSES with no attachments; corrected response nos. 37-42 | 05/13/20 Responses and updated unredacted forensic reports and all produced documents bates stamped and sent via dropbox<br><br>Bates: 000001-000242 | -0- | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21<br><br>Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34 | attachments<br><br>No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 33A – restitution request; VIS; redacted psych consult by Silberg on 8/21/16; economic report by Dr. Smith 4/16/19; note re making restitution payments<br><br>No. 33B – all communications between plaintiffs' counsel and third parties referencing litigation. | | | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Lily | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 02/07/20 – RESPONSES SENT<br><br>02/27/20 – ATTACHMENTS SENT<br><br>No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator and copy of Order Changing Name (Adult)<br><br>No. 3 – letter dated 2/27/20 – original perpetrator's prosecution | N/A | 04/24/20<br><br>No. 4 – Sanitized cp photos | 6/18/20<br><br>Responses and updated unredacted forensic reports and all produced documents, Vicky Video VIS, Affidavit of Detective Roy Shepherd, Declaration of Dr. Sharon Cooper re Stivers bates stamped and sent | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21<br><br>Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34 11/08/19 – CLH email to Opposing re Kennedy case was a "distribution" case in response to RFP No. 26

120919 letter to opposing with real names, DOBs and original perpetrator for all CLH and DAB pltfs re Def RFPs 1-3 | attachments

No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 4 – Attorney Series Info Report from NCMEC

No. 5 – restitution request; all VIS; Browser search results; Dr. Green's psych reports dated 7/24/09; 12/02/09; 7/5/10; 1/23/12; 3/13/12; 3/26/14; 4/23/14; 12/2/15; his CV; CV of Merrill Cohen, CV of Dr. Smith;  pinkish | | | via dropbox

Bates: 000001-000690 | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | | | blog; report of Sharon Cooper, MD 11/5/16; Cooper CV<br><br>No. 7 – Cohen reports 2/10/10; 3/10/10; and 4/23/14<br><br>No. 8 – Smith reports 11/10/10; and 5/5/14<br><br>No. 20 – App for PHV re Albert Lee Mitchell EDCA<br><br>No. 26 - Lily Judgment spreadsheet | | | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | | | No. 33 - all communications between plaintiffs' counsel and third parties referencing litigation. | | | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Maureen | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 2/12/20 RESPONSES SENT<br><br>03/13/20 – ATTACHMENTS SENT<br><br>No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator<br><br>No. 3 – letter dated 3/13/20 – original perpetrator info from ASIR<br><br>No. 4 – Attorney Series Info Report from NCMEC | N/A | 04/24/20<br><br>No. 4 – Sanitized Images | 5/20/20 Responses and updated unredacted forensic reports, sanitized photos and all produced documents bates stamped and sent via dropbox<br><br>Bates: 000001-000187<br><br>081320 – further responses | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21 Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
|  | redacted (black) VNS re Def RFP No. 34

120919 letter to opposing with real names, DOBs and original perpetrators for all CLH and DAB pltfs re Def RFPs 1-3 | attachments

No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 26 – Judgment and Order re Restitution Pymts re Gerard Jones; Judgment re Curtis; Judgment re Cragg

No. 33 - all communications between plaintiffs' counsel and third parties referencing litigation. |  |  | re Maureen via email to Ethan and Nara after meet and confer with Ethan on 8/10/20 |  |  |  |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Mya | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 2/12/20 RESPONSES SENT<br><br>03/13/20 – ATTACHMENTS SENT<br><br>No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator<br><br>No. 3 – letter dated 3/13/20 – original perpetrator info from ASIR<br><br>No. 4 – Attorney Series Info Report from NCMEC | N/A | 04/24/20<br><br>No. 4 – Sanitized images | 5/22/20<br><br>Responses and updated unredacted forensic reports, sanitized photos and all produced documents and Letter from original investigation unit concerning production investigation and sentencing, all bates stamped and sent | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21<br><br>Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34<br><br>120919 letter to opposing with real names, DOBs and original perpetrators for all CLH and DAB pltfs re Def RFPs 1-3 | attachments<br><br>No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 5 – 09/02/15 letter fr counseling service re number of counseling sessions<br><br>No. 26 – Judgment and Order re Restitution Pymts re Gerard Jones; Judgment re Curtis; Judgment re Cragg<br><br>No. 33 - all communications between plaintiffs' counsel and third parties | | via dropbox<br><br>Bates: 000001-000204 | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | | | referencing litigation. | | | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Pia | 11/4/19 RESPONSE with no attachments

110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34

110719 – email with attachments - production | 12/06/19 RESPONSES NO ATTACHMENTS

120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3

12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 2/12/20 RESPONSES SENT

03/13/20 – ATTACHMENTS SENT

No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator

No. 3 – letter dated 3/13/20 – original perpetrator info from ASIR

No. 4 – Attorney Series Info Report from NCMEC | N/A | 04/24/20

No. 4 – Sanitized images | 5/22/20

Responses and updated unredacted forensic reports, sanitized photos and all produced documents and Letter from original investigation unit concerning production investigation and sentencing, all bates stamped and sent | 8/17/19 Initial Disclosures

10/28/20 Supplemental Disclosures | 1/22/21

Pltfs' Global Answer to Def's 1st set of Special Interrogatories

And

Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | of all Pltfs re redacted (black) VNS re Def RFP No. 34<br><br>120919 letter to opposing with real names, DOBs and original perpetrators for all CLH and DAB pltfs re Def RFPs 1-3 | attachments<br><br>No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 5 – 09/02/15 letter fr counseling service re number of counseling sessions<br><br>No. 26 – Judgment and Order re Restitution Pymts re Gerard Jones; Judgment re Curtis; Judgment re Cragg<br><br>No. 33 - all communications between plaintiffs' counsel and third parties | | | via dropbox<br><br>Bates: 000001-000305 | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | | | referencing litigation; redacted sanitized photo | | | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Sally | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 02/07/20 – RESPONSES SENT<br><br>02/27/20 – ATTACHMENTS SENT<br><br>No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator<br><br>No. 3 – letter dated 2/27/20 – original perpetrator<br><br>No. 4 – Attorney Series Info Report from NCMEC | N/A | 04/24/20<br><br>No. 4 – Sanitized images | 6/4/20<br><br>Responses and updated unredacted forensic reports, sanitized photos, FBI letter re Jan_Socks, Production Perpetrator Judgment, and all produced documents bates stamped and sent via dropbox | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21<br><br>Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20<br><br>Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34

120919 letter to opposing with real names, DOBs and original perpetrators for all CLH and DAB pltfs re Def RFPs 1-3 | attachments

No. 1 – adoption decrees for 4 Jan_Socks victims

No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 26 – Judgment Spreadsheet for Sally and Judgment Spreadsheet for Jan_Socks series

No. 33 - all communications between plaintiffs' counsel and third parties referencing litigation. | | | Bates: 000001-000288 | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Sarah | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 02/07/20 – RESPONSES SENT<br><br>02/27/20 – ATTACHMENTS SENT<br><br>No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator<br><br>No. 3 – letter dated 2/27/20 – original perpetrator<br><br>No. 4 – Attorney Series Info Report from NCMEC | N/A | 04/24/20<br><br>No. 4 – Sanitized images | 05/29/20<br><br>Responses and updated unredacted forensic reports, sanitized photos, criminal judgment and all produced documents bates stamped and sent via dropbox<br><br>Bates: 000001-000273 | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21<br><br>Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20<br><br>Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34

120919 letter to opposing with real names, DOBs and original perpetrators for all CLH and DAB pltfs re Def RFPs 1-3 | attachments

No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 26 – Judgment Spreadsheet for Sarah

No. 33 - all communications between plaintiffs' counsel and third parties referencing litigation. | | | | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Savannah | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 02/07/20 – RESPONSES SENT<br><br>02/27/20 – ATTACHMENTS SENT<br><br>No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator<br><br>No. 3 – letter dated 2/27/20 – original perpetrator<br><br>No. 4 – Attorney Series Info Report from NCMEC | N/A | 04/24/20<br><br>No. 4 – Sanitized images | 6/7/20<br><br>Responses and updated unredacted forensic reports, sanitized photos, FBI letter re Jan_Socks, Production Perpetrator Judgment, and all produced documents bates stamped and sent via dropbox | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21<br><br>Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34

120919 letter to opposing with real names, DOBs and original perpetrators for all CLH and DAB pltfs re Def RFPs 1-3 | attachments

No. 1 – adoption decrees for 4 Jan_Socks victims

No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 26 – Judgment Spreadsheet for Savannah and Judgment Spreadsheet for Jan_Socks series

No. 33 - all communications between plaintiffs' counsel and third parties referencing litigation. | | | Bates: 000001-000287 | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Sierra | 11/4/19 RESPONSE with no attachments 110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34 110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS 120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3 12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 2/07/20 – RESPONSES SENT 03/13/20 – ATTACHMENTS SENT No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator No. 3 – letter dated 3/13/20 – original perpetrator No. 4 – Attorney Series Info Report from NCMEC | N/A | 04/24/20 No. 4 – Sanitized images | 06/12/20 Responses and updated unredacted forensic reports, sanitized photos, FBI letter re Jan_Socks, Production Perpetrator Judgment, and all produced documents bates stamped and sent via dropbox | 8/17/19 Initial Disclosures 10/28/20 Supplemental Disclosures | 1/22/21 Pltfs' Global Answer to Def's 1st set of Special Interrogatories And Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34<br><br>120919 letter to opposing with real names, DOBs and original perpetrators for all CLH and DAB pltfs re Def RFPs 1-3 | attachments<br><br>No. 1 – adoption decrees for 4 Jan_Socks victims<br><br>No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 26 – Judgment Spreadsheet for Sierra<br><br>No. 33 - all communications between plaintiffs' counsel and third parties referencing litigation. | | | Bates: 000001-000292 | | | |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Skylar | 11/4/19 RESPONSE with no attachments

110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34

110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS

120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3

12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 2/07/20 – RESPONSES SENT

03/13/20 – ATTACHMENTS SENT

No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator

No. 3 – letter dated 3/13/20 – original perpetrator

No. 4 – Attorney Series Info Report from NCMEC | N/A | 04/24/20

No. 4 – Sanitized images | 06/08/20

Responses and updated unredacted forensic reports, sanitized photos, FBI letter re Jan_Socks, Production Perpetrator Judgment, and all produced documents bates stamped and sent via dropbox | 8/17/19 Initial Disclosures

10/28/20 Supplemental Disclosures | 1/22/21

Pltfs' Global Answer to Def's 1st set of Special Interrogatories

And

Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
|  | redacted (black) VNS re Def RFP No. 34  120919 letter to opposing with real names, DOBs and original perpetrators for all CLH and DAB pltfs re Def RFPs 1-3 | attachments  No. 1 – adoption decrees for 4 Jan_Socks victims  No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 26 – Judgment Spreadsheet for Skylar  No. 33 - all communications between plaintiffs' counsel and third parties referencing litigation. |  |  | Bates:000001-000290 |  |  |  |

EX. 5 TO DEC OF SPARKS ISO PLTFS' REPLY TO MSJ
2/5/21 5:02:50 PM

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Tori | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>121919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 02/07/20 - RESPONSES SENT<br><br>03/20/20 – ATTACHMENTS SENT<br><br>No. 1 – letter dated 12/19/19 – Real name, DOB and Original perpetrator re Def RFPs 1-3<br><br>No. 3 – letter dated 3/18/20 – original perpetrator with 2 cases re his prosecution<br><br>No. 4 – Attorney | 04/23/20 responses emailed by Carol and Ethan accepted as official service<br><br>Corrected supplemental responses nos. 37-42. | 05/08/20 Responses and updated unredacted forensic reports and all produced documents bates stamped and sent via dropbox<br><br>Bates: 000001-000155<br><br>081320 – further responses re Tori via email to Ethan and | -0- | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21<br><br>Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34 | attachments No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | Series Info Report from NCMEC No. 33A – Curtis restitution request No. 33B – all communications between plaintiffs' counsel and third parties referencing litigation. | | Nara after meet and confer with Ethan on 8/10/20 | | | | |

EX. 5 TO DEC OF SPARKS ISO PLTFS' REPLY TO MSJ
2/5/21 5:02:50 PM

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| Violet | 11/4/19 RESPONSE with no attachments<br><br>110519 with attachments – sent email Production of all Plaintiffs re redacted (white) VNS re Def RFP No. 34<br><br>110719 – email with attachments - production of all Pltfs re | 12/06/19 RESPONSES NO ATTACHMENTS<br><br>120919 – letter to opposing with real names, DOBs and original perpetrators re Def RFPs 1-3<br><br>12/26/19 – Pltfs' Global supp Responses to Def 1st RFPs with | 2/07/20 – RESPONSES SENT<br><br>03/13/20 – ATTACHMENTS SENT<br><br>No. 1 – 12/9/19 letter re real name, DOB and orig perpetrator<br><br>No. 3 – letter dated 3/13/20 – original perpetrator<br><br>No. 4 – Attorney Series Info Report from NCMEC | N/A | 04/24/20<br><br>No. 4 – Sanitized images | 6/8/20<br><br>Responses and updated unredacted forensic reports, sanitized photos, Navarro Judgment, VIS re Compassionate Release and all produced documents bates stamped and sent via dropbox | 8/17/19 Initial Disclosures<br><br>10/28/20 Supplemental Disclosures | 1/22/21<br><br>Pltfs' Global Answer to Def's 1st set of Special Interrogatories<br><br>And<br><br>Pltfs' Global Responses to Def's 2nd Rfps with no attachments | 11/30/20 Pltfs' Disclosure of experts |

| Plaintiff | Pltfs Original Responses to Def 1st RFPs | Pltfs 2nd Responses to Def 1st RFPs | Pltfs 3rd Responses to Def 1st RFPs | Pltfs' Corrected 3rd Responses to Def 1st RFPs | Pltfs 4th Responses to Def 1st RFPs | Pltfs 5th Responses to Def 1st RFPs | Plaintiff's Initial and Supplemental Initial Disclosures | Pltfs' Answer to Def's 1st Set of Special Interrogatories and Pltfs' Responses to Def's 2nd RFPs | Pltf's Disclosure of Expert Witnesses |
|---|---|---|---|---|---|---|---|---|---|
| | redacted (black) VNS re Def RFP No. 34  120919 letter to opposing with real names, DOBs and original perpetrators for all CLH and DAB pltfs re Def RFPs 1-3 | attachments  No. 34 – redacted and unredacted VNS notifications for plaintiffs re defendant Curtis | No. 26 – Judgment Spreadsheet for Violet  No. 33 - all communications between plaintiffs' counsel and third parties referencing litigation. | | | Bates: 000001-000175 | | | |

EX. 5 TO DEC OF SPARKS ISO PLTFS' REPLY TO MSJ
2/5/21 5:02:50 PM

COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
RANDALL CURTIS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "AMY," *et al.,*<br><br>            Defendants,<br><br>  v.<br><br>RANDALL CURTIS,<br><br>            Defendant. | Case No. 19 Cv. 2184 PJH<br><br>DEFENDANT RANDALL CURTIS'S FIRST SET OF SPECIAL INTERROGATORIES TO EACH PLAINTIFF.<br><br><br>Before the Honorable Phyllis J. Hamilton<br>Chief United States District Judge |

PROPOUNDING PARTY:   DEFENDANT RANDALL CURTIS

RESPONDING PARTY:     PLAINTIFF "AMY"
                          PLAINTIFF "ERIKA"
                          PLAINTIFF "TORI"
                          PLAINTIFF "JENNY"
                          PLAINTIFF "JESSICA"
                          PLAINTIFF "LILY"
                          PLAINTIFF "SARAH"
                          PLAINTIFF "SALLY"
                          PLAINTIFF "SIERRA"
                          PLAINTIFF "SKYLAR"
                          PLAINTIFF "SAVANNAH"
                          PLAINTIFF "MAUREEN"
                          PLAINTIFF "VIOLET"
                          PLAINTIFF "PIA"
                          PLAINTIFF "MYA"

SET NUMBER:                ONE (1)

Pursuant to Federal Rule of Civil Procedure 33, and the express agreement from Plaintiffs respecting the service of Special Interrogatories to each Plaintiff in one set, Defendant Randall Curtis hereby propounds the following First Set of Special Interrogatories to Plaintiffs Amy, Erika, Tori, Jenny, Jessica, Lily, Sarah, Sally, Sierra, Skylar, Savannah, Maureen, Violet, Pia and Mya.  It is hereby requested that Plaintiffs provide responses to the interrogatories below within thirty (30) days, pursuant to Federal Rule of Civil Procedure 33, at the offices of Coleman & Balogh LLP, 235 Montgomery Street, Suite 1070, San Francisco, CA 94104.

## DEFINITIONS

Unless the context indicates otherwise, the following defined works and phrases have the meanings given:

1.      "PLAINTIFF" means each individual Plaintiff as set forth in the Complaint and First Amended Complaint filed in this case:  Amy, Erika, Tori, Jenny, Jessica, Lily, Sarah, Sally, Sierra, Skylar, Savannah, Maureen, Violet, Pia and Mya.

2.      "CURTIS" means Defendant Randall Steven Curtis.

## SPECIAL INTERROGATORIES

Set forth the date, if any, on which PLAINTIFF personally learned about the existence of Curtis.

**ANSWER:** Objection: this interrogatory is precluded by the Court's Order herein of October 26, 20220 which affirmed the Magistrate Judge Order in all respects except ". . .to the extent that the order made findings with regard to whether plaintiffs are in fact victims of defendant's crime." The Magistrate's Order of September 9, 2020 denied defendant's motion to compel discovery as to damages,, causation, and moneys sought or received from other violators, finding that plaintiffs' election of statutory liquidated damages precluded such discovery. This interrogatory appears aimed at litigating the issue of actual damages and or causation which is, by the Court's Orders referenced above is not an issue in the case. Hence this interrogatory seeks information beyond the scope of discovery.

/s/*Carol L. Hepburn*
Carol L. Hepburn, WSBA No. 8732
*Pro Hac Vice Admitted*

DATED: October 29, 2020                    Respectfully submitted,

*/s/ E A Balogh*
ETHAN A. BALOGH
Attorneys for Defendant

Dated this _____ day of January, 2021.

/s/ John A. Kawai
John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F
Ojai, CA 93023
Phone: 805-272-4001
Email: jk@czrlaw.com
Attorney for Plaintiffs

/s/ Carol L. Hepburn
Carol L. Hepburn, *Pro Hac Vice*
CAROL L. HEPBURN, P.S.
200 First Ave.
Seattle, WA 98119
Phone: 206-957-7272
Email: carol@hepburnlaw.net

Attorney for Plaintiffs Maureen,
Pia, Ava, Lily, Sarah, Skylar, Savannah,
Sally, Sierra, Violet, Amy, Erika, Tori, Jenny and
Jessica


/s/ Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice*
DEBORAH A. BIANCO, PLLC
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia and
Mya

## **PROOF OF SERVICE**

I HEREBY CERTIFY that today I caused a true and correct copy of Defendant Randall

Curtis's First Set of Special Interrogatories to Each Plaintiff to be electronically mailed to

counsel for Plaintiffs at the email addresses set forth below.

John A. Kawai
Carpenter, Zuckerman & Rowley
407 Bryant Circle, Suite F
Ojai, CA. 93023
Email:  jk@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA. 98008
Email:  deb@debbiancolaw.com

Carol L. Hepburn
PO Box 17718
Seattle, WA. 98103
Email:  carol@hepburnlaw.net

Dated: October 9, 2019                          */s/ E. A. Balogh*
                                                ETHAN A. BALOGH

1  COLEMAN & BALOGH LLP
   ETHAN A. BALOGH, No. 172224
2  235 Montgomery Street, Suite 1070
   San Francisco, CA 94104
3  Telephone: 415.391.0440
   Facsimile: 415.373.3901
4  eab@colemanbalogh.com

5  Attorneys for Defendant
   RANDALL CURTIS

6

7                  UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

                      OAKLAND DIVISION

9

10  "AMY," "ERIKA," JANE SMITH, as
    next of friend for "TORI," minor,        Case No:   3:19-CV-01897-VC
11  "JENNY," and "JESSICA," "LILY,"
    "SARAH," JOHN DOE as court               DEFENDANT RANDALL CURTIS'S
12                                           SECOND SET OF REQUESTS FOR
    appointed conservator for "SIERRA,"      PRODUCTION OF DOCUMENTS AND
13  and "SALLY," minors, JANE DOE as         THINGS TO EACH PLAINTIFF **AND
    court appointed conservator for          PLAINTIFFS RESPONSES THERETO**
14  "SKYLAR" and "SAVANNAH,"
15  minors, "MAUREEN," WILLIAM L.E           Before the Honorable Phyllis J. Hamilton
    DUSSAULT as Guardian ad Litem for        Chief United States District Judge
16  "VIOLET," minor, JANE ROE, as next
    of friend for "PIA," a minor and
17  "MYA,"

18

19
                            Plaintiffs,
20
    v.
21
    RANDALL STEVEN CURTIS,
22
                            Defendant.
23

24

25

26
    PROPOUNDING PARTY:    DEFENDANT RANDALL CURTIS
27  RESPONDING PARTY:     PLAINTIFF "AMY"
                          PLAINTIFF "ERIKA"
28                        PLAINTIFF "TORI"

PLAINTIFF "JENNY"
PLAINTIFF "JESSICA"
PLAINTIFF "LILY"
PLAINTIFF "SARAH"
PLAINTIFF "SALLY"
PLAINTIFF "SIERRA"
PLAINTIFF "SKYLAR"
PLAINTIFF "SAVANNAH"
PLAINTIFF "MAUREEN"
PLAINTIFF "VIOLET"
PLAINTIFF "PIA"
PLAINTIFF "MYA"

SET NUMBER:                TWO (2)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the express

agreement from Plaintiffs with respect to combining this Set Two of Requests for Production ion

one document, Defendant Randall Curtis requests that each Plaintiff produce for inspection and

copying all documents and things requested herein within thirty (30) days of service in

accordance with the definitions and instructions set forth below. Production of documents and

things shall be at Coleman & Balogh LLP, 235 Montgomery Street, Suite 1070, San Francisco,

CA 94104.

## DEFINITIONS

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the

following definitions apply to each of the Requests, and are deemed to be incorporated in each of

said Requests:

1. "All" should be construed to include the collective as well as the singular and shall

mean "each," "any," and "every."

2. "Any" shall be construed to mean "any and all."

3. "Communication" means without limitation, oral or written communications of any

kind, such as electronic communications, e-mails, facsimiles, telephone communications,

correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

4. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "Plaintiff" means each individual plaintiff as she identified herself in the Complaint and First Amended Complaint, *i.e.*, Amy, Erika, Tori, Sally, Jessica, Jenny, Lily, Sarah, Sierra, Skylar, Savannah, Maureen, Violet, Pia, and Mya.

6. "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, manuscripts, drafts, novels, short stories, works of fiction, works of nonfiction, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, screenshots, data files, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or Electronic Data, records or representations of any kind.

7. "Electronic Data" includes, without limitation, the following:

> a. activity listings of electronic mail receipts and/or transmittals;

b. output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, GChat (or similar program) or bulletin board programs, SMS or text messages (including third party SMS services such as WhatsApp), operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

c. any and all items stored on computer memories, hard disks, floppy disks, CDROM, magnetic tape, microfiche, thumb drives, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, e.g., Blackberry, Smart Phone, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein.

8. "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way.

9. "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

10. "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about any and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

11. "Relating to," "referring to," "regarding," or "with respect to" mean, without

limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

12. "You" or "Your" mean the responding Plaintiff, together with all present and former agents, representatives, attorneys, or any other persons acting or purporting to act on behalf of the responding Plaintiff.

13. You should construe negative terms to include the positive, and vice-versa. For example, You should construe the word "preference" to mean preference or lack of preference.

14. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

15. Where it is necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

16. "Member of United States Congress" means any elected federal Congressman or Congresswoman, including the Congressman's/Congresswoman's staff and any other persons acting or purporting to act on behalf of the Congressman/Congresswoman.

17. "Member of the United States Senate" means any elected federal Senator, including the Senator's staff and any other persons acting or purporting to act on behalf of the Senator.

### INSTRUCTIONS

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any

such Document available to Defendant.

2. In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your agents, investigators or by Your attorneys or their Employees, agents or investigators.

3. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as they are kept or maintained by You. All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained. If for any reason the container cannot be produced, You should produce copies of all labels or other identifying marks which may be present on the container.

4. Documents shall be produced in such fashion as to identify the office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document(s) custodian(s).

5. Documents attached to one another should not be separated. If any portion of any Document is responsive to any portion of the Document requests below, then the entire Document must be produced.

6. If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document: a. is lost or missing; b. has been destroyed and, if so, by whom at whose request; c. has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or d. has been otherwise disposed of.

7. In each instance in which a Document once existed and subsequently is lost, missing,

destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the Document, including, but not limited to: a. the identity of the Person or entity who last possessed the Document; b. the date or approximate date of the Document's disposition; and c. the identity of all Persons who have or had knowledge of the Document's contents.

8. If any Document responsive to any of these requests is privileged, and the Document or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule 26(b )(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and any facts relied upon in support of that claim, including the following information: a. the reason for withholding the Document; b. the date of such Communication; c. the medium of such Communication; d. the general subject matter of such Communication (such description shall not be considered a waiver of Your claimed privilege); e. the identity of any Document that was the subject of such Communication and the present location of any such Document; and f. the identity of the Persons involved in such Communication.

9. Each Document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 8 above, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these Document requests. If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified in accordance with Instruction 8 above.

10. All headings used in the Requests are for organizational purposes only, and are not intended, and shall not be construed, to modify any request in any manner, and shall not be used in any way to restrict or limit the scope of any request set forth beneath any particular heading.

11. Any document request that demands the production of "documents sufficient to show" requires You to produce only those documents necessary to provide all the information necessary to show, identify or describe the subject matter requested.

12. If identical copies of a document are in the possession, custody or control of more than one natural person or other document custodian, a copy of that document shall be produced from each such natural person or other document custodian.

13. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

14. The fact that a document is in the possession of Plaintiffs, or is produced by another Person, does not relieve You of the obligation to produce all of Your copies of the same document, even if Your copies are identical in all respects to a document produced or held by another Person.

15. If You file a timely objection to any portion of a Request, definition or instruction, provide a response to the remaining portion.

16. The time period to which these Requests refer (i.e., the "relevant period") is from the date of the sexual abuse you allege in the Complaint to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

17. All Documents shall be produced electronically, with hard copy documents produced in the form of searchable linked TIFF images and electronically stored information as native files and/or searchable TIFF images for each document linked to the document's associated metadata and extracted text or OCR. All documents produced shall be produced as they are kept in the ordinary course. You shall identify the source from which each document was produced,

including, if applicable, the name of the individual or general files from which the document was produced. Documents that are segregated or separated from other documents whether by use of binders, files, sub-files, or by dividers, tabs, folders or any other method, shall be left so segregated or separated. All labels or markings on any such binders, files, sub-files, dividers, tabs or folders shall be produced. The custodian and source folder or file for each document produced should be included in the appropriate metadata field.

18. All Documents produced should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

19. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a document is a responsive document in its own right and must be produced.

## REQUESTS FOR PRODUCTION

**REQUEST 50.** All documents reflecting any and all Communication You sent to any Member of the United States Congress related to amending 18 U.S.C. § 2255.

**RESPONSE:**  Objection: beyond the scope of permissible discovery as not likely to lead to any admissible evidence; violative of Plaintiffs' First Amendment rights to petition Congress as the compelled disclosure of communications as requested exerts a chilling effect on the exercise of those rights.  Further, Defendant's request is violative of California Code of Civil Procedure 425.16 which prohibits actions ". . . against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California constitution in connection with a public issue . . ."

/s/*Carol L. Hepburn*
Carol L. Hepburn, WSBA No. 8732
*Pro Hac Vice Admitted*

**REQUEST 51.** All documents reflecting any and all Communication You sent to any Member of the United States Senate related to amending 18 U.S.C. § 2255.

**RESPONSE:**  Objection: beyond the scope of permissible discovery as not likely to lead to any admissible evidence; violative of Plaintiffs' First Amendment rights to petition Congress as the compelled disclosure of communications as requested exerts a chilling effect on the exercise of those rights.  Further, Defendant's request is violative of California Code of Civil Procedure 425.16 which prohibits actions ". . . against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California constitution in connection with a public issue . . ."

/s/*Carol L. Hepburn*
Carol L. Hepburn, WSBA No. 8732
*Pro Hac Vice Admitted*

**REQUEST 52.** All documents reflecting any and all Communication You received from any Member of the United States Congress related to amending 18 U.S.C. § 2255.

**RESPONSE:**  Objection: beyond the scope of permissible discovery as not likely to lead to any admissible evidence; violative of Plaintiffs' First Amendment rights to petition Congress as the compelled disclosure of communications as requested exerts a chilling effect on the exercise of those rights.  Further, Defendant's request is violative of California Code of Civil Procedure 425.16 which prohibits actions ". . . against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California constitution in connection with a public issue . . ."

/s/*Carol L. Hepburn*
Carol L. Hepburn, WSBA No. 8732
*Pro Hac Vice Admitted*

**REQUEST 53.** All documents reflecting any and all Communication You received from any Member of the United States Senate related to amending 18 U.S.C. § 2255.

**RESPONSE:**  Objection: beyond the scope of permissible discovery as not likely to lead to any admissible evidence; violative of Plaintiffs' First Amendment rights to petition Congress as the

compelled disclosure of communications as requested exerts a chilling effect on the exercise of those rights.  Further, Defendant's request is violative of California Code of Civil Procedure 425.16 which prohibits actions ". . . against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California constitution in connection with a public issue . . ."

/s/*Carol L. Hepburn*
Carol L. Hepburn, WSBA No. 8732
*Pro Hac Vice Admitted*

Respectfully submitted,

DATED: October 29, 2020

COLEMAN & BALOGH LLP
*/s/ E A Balogh*
By: ETHAN A. BALOGH
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Direct: 415.391.0441
Attorneys for Defendant
RANDALL CURTIS

**PROOF OF SERVICE**

     I HEREBY CERTIFY that today I caused a true and correct copy of Defendant Randall Curtis's First Set of Special Interrogatories to Each Plaintiff to be electronically mailed to counsel for Plaintiffs at the email addresses set forth below.

John A. Kawai
Carpenter, Zuckerman & Rowley
407 Bryant Circle, Suite F
Ojai, CA. 93023
Email:  jk@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA. 98008
Email:  deb@debbiancolaw.com

Carol L. Hepburn
PO Box 17718
Seattle, WA. 98103
Email:  carol@hepburnlaw.net

Dated: October 29, 2019                */s/ E. A. Balogh*
                                    ETHAN A. BALOGH

John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:  (805) 272-4001
Fax: (805) 719-6858
Email: jk@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, Pro Hac Vice
PO Box 6503
Bellevue, WA 98008
(425) 747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia,
And Mya

Carol L. Hepburn, Pro Hac Vice
PO Box 17718
Seattle, WA  98127
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah,
Skylar, Savannah, Sally, Sierra, Violet,
Amy, Erika, Tori, Jenny, and Jessica

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| "AMY," "ERIKA," JANE SMITH, as next of friend for "TORI," minor, "JENNY," and "JESSICA," "LILY," "SARAH," JOHN DOE as court appointed conservator for "SIERRA," and "SALLY," minors, JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH," minors, "MAUREEN," WILLIAM L.E DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE, as next of friend for "PIA," and "MYA," minors, <br><br> Plaintiffs, | Case Number: 3:19-cv-02184-PJH <br><br> PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1) REQUIRED INITIAL DISCLOSURES |

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  1

v.                                          )
                                            )
RANDALL STEVEN CURTIS,                      )
                                            )
                    Defendant.              )
                                            )
                                            )
                                            )
_____ )

Plaintiffs Amy, Erika, Jane Smith as next of friend for Tori, minor, Jenny, Jessica, Lily, Sarah, John Doe as court appointed conservator for Sierra and Sally, minors, Jane Doe as court appointed conservator of Skylar and Savannah, minors, Maureen, William L.E. Dussault as Guardian ad Litem for Violet, minor, Jane Roe, as next of friend for Pia and Mya, (collectively as "Plaintiffs") make the following initial disclosures as required by Fed. R. Civ. P. 26(a).

These disclosures are based upon, and therefore limited by, records and information in existence, presently recollected, and thus far discovered in the course of preparing these disclosures. Plaintiffs reserve the right to supplement and/or amend these disclosures due to inadvertent errors or omissions or if additional or more accurate information becomes available.

**A.   NAME, ADDRESS, AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION (Fed. R. Civ. P. 26(a)(1)(A)(i)**

The following person(s) are likely to have discoverable information that the Plaintiffs may use to support their claims or defenses:

**Shailika Shah Kotiya**
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue
11th Floor
San Francisco, CA 94102
415−436−7443

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  2

Julie Garcia
United States Attorney's Office
Southern District of Ohio
Cincinnati, OH 45202

Ms. Kotiya and Ms. Garcia may have knowledge of the facts of defendant's offense(s), of

the investigation of the offense(s), the criminal prosecution, the discovery conducted and/or

provided to defendant during the course of the prosecution, which forms the basis of this case,

and the Defendant's subsequent conviction, sentence, and entry of the restitution stipulation and

order..

**Special Agent Jason Popper**
Department of Homeland Security Immigration and Customs Enforcement
Jason.popper@ice.dhs.gov
415-844-5301

**Special Agent Michael Kress**
Homeland Security Investigations
San Francisco International Airport
(415) 844-0815

Group Supervisor Agent Christina Barfuss
Cyber Crimes Child Exploitation
Department of Homeland Security
630 Sansome Street
San Francisco, CA 94111

Agents Popper, Kress, and Barfuss, and additional law enforcement agents involved in

the investigation and prosecution of the Defendant which, on information and belief, include

those from the Department of Homeland Security as revealed in the discovery provided to

Defendant in the course of the criminal prosecution, including but not limited to retired Agent

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES - 3

Jerald Kawai whose current location is unknown to Plaintiffs, as well as related and affiliated Federal Bureau of Investigation officers and special agents.

Special Agent Christina Barfuss is the Group Supervisor of Homeland Security Cyber Crimes/Child Exploitation Cyber Crimes Investigations Center.  She may have knowledge of the request for ECD Technical Assistance at NCMEC  that files be reviewed for any known child victims that were identified by law enforcement in past investigations in the form of a DVD obtained from Randall Steven Curtis.

These law enforcement agents may have knowledge of facts of the criminal offenses and investigation of those offenses which underlie this civil matter.

**Special Agent Madonia**
Homeland Security

Special Agent Madonia received one (1) DVD from the submitting agent.  A formal request was made that the files be reviewed for any known child sex abuse image exploitation victims that were identified by law enforcement in past investigations.

**Special Agent Kristina Eyler**
703-675-9760

Special Agent Eyler transferred evidence to HSI office in Washington, DC.

**Shawn Halbert**
Law Offices of Shawn Halbert
214 Duboce Avenue
San Francisco, CA. 94103
Phone:  415-703-0993

And

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  4

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
PO BOX 17718
SEATTLE, WA 98127
TEL: (206) 957-7272 / FAX: (206) 957-7273

1

2  **Ethan A. Balogh**
Coleman & Balogh, LLP
3  235 Montgomery Street, Suite 1070
San Francisco, CA. 94104
4  Phone:  415-391-0440

5       Ms. Halbert and Mr. Balogh may have knowledge of the facts of the Defendant's

6  offense(s), the investigation of the offense(s), the criminal prosecution, and the discovery

7  provided to the Defendant during the course of the prosecution which forms the predicate

8  criminal conduct for this case.

9  **Defendant Randall Steven Curtis**
Register No.:  24061-111
10  FCI Beaumont (Low)
PO Box 26025
11  Beaumont, TX. 77720-6025

12

13       The Defendant has knowledge of the facts and circumstances of his own conduct and

14  criminal offense(s), the investigation of the offense(s), the criminal prosecution, the discovery

15  conducted and provided to him and his attorney during the course of the prosecution which

16  forms the basis of this case. The Defendant also has knowledge of his assets and resources

17  available to satisfy all or part of any judgment.

18

19  **Kevin J. Laws**
K&S Teaching and Consulting LLC
20  10816 Crest Street
Fairfax, VA 22030
21  Phone: 703-473-9499

22

23       Based on his extensive education, training, and experience concerning the investigation

24  of child sex abuse image exploitation crimes, Mr. Laws is familiar with the images/videos

25  discovered during the investigation of the Defendant's predicate criminal activity which forms

26  the basis for this case, and can identify the individual Plaintiffs depicted in the images/videos

27  PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  5
28

discovered during the investigation of the Defendant's predicate criminal acts. Mr. Laws has

viewed the child sex abuse material which is included in the evidence of the underlying criminal

investigation and has met with each of the plaintiffs herein.  It is anticipated that Mr. Laws will

offer testimony on identification of Plaintiffs' images within Defendant's collection of child

pornography.

**Lauren Coffren**
Director of the Exploited Children Division of NCMEC
National Center for Missing and Exploited Children
333 John Carlyle Street, Suite 125
Alexandria, VA. 22314-5950
703-224-2150

　　　Ms. Coffren is the Director of the Exploited Children Division of NCMEC and is

responsible for overseeing the ECD's Child Victim Identification Program (CVIP) analysts and

support personnel.  She has knowledge of  the procedures involving CVIP reports and their

processing by NCMEC, including the procedures used to generate and maintain reports.

**Signy Arnason**
Associate Executive Director
Canadian Centre for Child Protection
615 Academy Road
Winnipeg, MB R3N 0E7
Canada
<u>1-800-532-9135</u>

　　　Ms. Arnason, the Associate Executive Director from the Canadian Centre for Child

Protection has knowledge of the hash values of the child pornography images and/or videos of

each of the plaintiffs herein, the circulation of the images and/or videos of each Plaintiff and can

identify some of the plaintiffs in the child pornography possessed by Defendant Randall Steven

Curtis.

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  6

**Matthew Stein**
ECD Staff
NCMEC
333 John Carlyle Street, Suite 125
Alexandria, VA. 22314-5950
703-224-2150

     Mr. Stein has knowledge that child pornography images were identified as a result of

additional analysis and searches of ECD Technical Assistance of NCMEC from files obtained

from the criminal investigation of Randall Steven Curtis.

SA Jeffrey Stetler
Agency: Federal Bureau of Investigation
Email: jfstetler@fbi.gov
Phone Number: 360-239-9300

**Special Agent Scott Saxon - retired**
**FBI**
███████████

**Scott.saxon@ic.fbi.gov**

     Special Agent Stetler is the current, and Special Agent Saxon is the former Law

Enforcement Point of Contact regarding the At School series victim, Case No. ████████

████████  They are  familiar with the images/videos in this series and able to verify Violet's

identity and age.

**Special Agent Tina Fourkas**
FBI
███████████

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  7

Tina.fourkas@ic.fbi.gov

Special Agent Fourkas is the former Law Enforcement Point of Contact regarding the four victims of the Jan_Socks series, Sierra, Sally, Skylar and Savannah, Case No. ███████ ███  She is familiar with the images/videos in this series and able to verify their identities and ages.  She is not at this time performing point of contact duties with regard to this series and will not be called as a witness in this case.  She is listed here as she is a person with knowledge who is known to Plaintiffs' counsel.

Special Agent Adam L. Krob
Special Agent Allison Hirsch
FBI – ███████
alkrob@fbi.gov
alhirsch2@fbi.gov
███████

Special Agents Krob and Hirsch are the current Law Enforcement Points of Contact regarding the four victims of the Jan_Socks series, Sierra, Sally, Skylar and Savannah, Case No. ███████.  They are familiar with the images/videos in this series and will be able to verify the identities and ages of Sierra, Sally, Skylar and Savannah.  It is anticipated that Agent Krob may be called as a witness herein.

**Special Agent Daniel Ben-Meir**
Department of Homeland Security Immigration and Customs Enforcement
███████
Daniel.ben-meir@ice.dhs.gov

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  8

Special Agent Ben-Meir is the Law Enforcement Point of Contact regarding the victim of the Jenny Series, Case No. ██████████. He is familiar with the images/videos in this series and able to verify Jenny's identity and age.

Detective Daniel Fandrey
Agency: ██████ County Police Department
Email: daniel.fandrey██████████.gov

and

**Detective Rory Forrestal - retired**
██████ County Police Department, Computer Crimes
ForreRo██████████.gov

Detective Fandry is the current,  and  Detective Forrestal is the former, Law Enforcement Point of Contact regarding the victim of the Jessica Series, Case No. ██████. They are familiar with the images/videos in this series and able to verify Jessica's identity and age.

**Detective Andy Byers - retired**
██████ State Police
(Currently on leave)
abyers@██████.gov

and/or

**SSA J. Thomas Rothrock, retired**
Department of Homeland Security Immigrations and Customs Enforcement
██████████

Supervisory Special Agent Rothrock is at this time the Law Enforcement Point of Contact regarding Maureen of the Lighthouse Series, Case No ██████. SSA Rothrock and Det. Byers were involved in the original rescue and production case related to the Lighthouse series, are

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
PO BOX 17718
SEATTLE, WA 98127
TEL: (206) 957-7272 / FAX: (206) 957-7273

familiar with the images/videos in this series and able to verify Maureen's identity and age.

Agent Byers is currently on leave and is not performing any duties relative to the Lighthouse

case.  He will not be called as a witness in this matter, but is listed here as he is a person with

knowledge who is known to Plaintiffs' counsel.

**Detective Deborah Behymer - retired**
███████ County Sheriff's Office

debbiebehymer@yahoo.com

Retired Detective Behymer is the Law Enforcement Point of Contact regarding Sarah of

the Marineland Series.  She is familiar with the images/videos in this series and able to verify

Sarah's identity and age.

**SA Kevin Shanley**
FBI
███████
Kevin.shanley@ic.fbi.gov

Special Agent Shanley is the Law Enforcement Point of Contact regarding Amy of the

Misty Series.  He is familiar with the images/videos in this series and able to verify her identity

and age.

**SA Jamie West**
Department of Homeland Security Immigration and Customs Enforcement
███████
Jamie.west@dhs.gov
Case No. ███████

And/or

**Detective Sergeant John Merrigan**
███████ State Police – ███████

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  10

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
PO BOX 17718
SEATTLE, WA 98127
TEL: (206) 957-7272 / FAX: (206) 957-7273

Case No. ███████████

Special Agent West and/or Detective Sergeant John Merrigan are the Law Enforcement Points of Contact regarding Erika and Tori of the PinkHeartSisters Series. SA West and Detective Sergeant Merrigan are familiar with the images/videos in this series and able to verify their identities and ages.

**Corporal Amanda Garner**
**Corporal Adelle Brown**
**Constable Lana Chui**
**Sergeant Natalie Davis**
**E Division Major Crime Section**

Or

Integrated Child Exploitation
**Victim Identification Unit**

Corporals Garner and Brown, Constable Chui, and Sgt. Natalie Davis or the Victim Identification Unit of the Integrated Child Exploitation Unit of the ███████████

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES - 11

█████ are the Law Enforcement Points of Contact regarding Pia and Mya of the Sweet Sugar

Series.  They are familiar with the images/videos in this series and able to verify Pia's and Mya's

identities and ages.

**And**

**Sgt. Bev Csikos – former LEPOC**

███████████████████████

████████████████

Case No. ████████

  Sgt. Csikos of the ██████████████████ is the former Law Enforcement Point

of Contact regarding Pia and Mya of the Sweet Sugar Series.  She is familiar with the

images/videos in this series and able to verify their identities and ages.

**SSA Joshua Findley**
Department of Homeland Security Immigration and Customs Enforcement
████████████
Joshua.s.findley@dhs.gov

And

**Detective Roy Shepherd, retired**
████████ Police Department
████████
Roy.shepherd31@gmail.com

  Supervisory Special Agent Joshua Findley is the current, and Retired Detective Roy

Shepherd is the former,  Law Enforcement Point of Contact regarding Lily of the Vicky Series.

SSA Findley and Detective Shepherd are able to verify her identity and age.

**Jane Smith**

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
PO BOX 17718
SEATTLE, WA 98127
TEL: (206) 957-7272 / FAX: (206) 957-7273

**Contact through Plaintiffs' counsel**

      **Jane Smith is the mother of Tori and can verify her identity and age.**

Jane Doe and her husband
Contact through Plaintiffs' counsel

      Jane Doe and her husband are the parents of Skylar and Savannah and can verify their

identities and ages.

John Doe and his wife
Contact through Plaintiff's counsel

      John Doe and his wife are the parents of Sierra and Sally and can verify their identities

and ages.

Mother of Violet as identified through confidential documents in discovery
Contact through Plaintiffs' counsel

      Mother of Violet is the parent of Violet and can verify her identity and age.

Jane Roe
Contact through Plaintiffs' counsel

      Jane Roe is the mother of Pia and Mya and can verify their identities and ages.

## DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS IN ITS POSSESSION, CUSTODY, OR CONTROL
### (Fed. R. Civ. P. 26(a)(1)(A)(ii)

      The Plaintiffs describe the following documents, electronically stored information, and

tangible things in their possession, custody, or control which may be used to support their claims:

    1) All documents filed in *United States v. Randall Steven Curtis*, United States District
       Court, Northern District of California, San Francisco, Case 3:16-cr-00510-SI-1,
       including but not limited to:

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  13

a) Indictment;

b) Criminal Minutes Change of Plea Proceedings;

c) Stipulation Re Restitution to Claimants Other Than "CC";

d) Government's Sentencing Memorandum including Exhibits 1-11;

e) Amended Judgment in a Criminal Case as to Randall Steven Curtis;

f) Transcript of Proceedings Regarding Plea Agreement

g) Transcript of Sentencing Hearing.

2) Notices received from the Department of Justice Victim Notice System concerning the Defendant's prosecution.

3) Current Curriculum Vitae and testimony log of Kevin J. Laws

4) Fee Schedule of Kevin J. Laws

5) <u>Documentation of identities of all plaintiffs including names, birth dates and the original child sex abuse image exploitation perpetrators.</u>

6) Name change documentation for Plaintiff Lily.

7) Final Decrees of Adoption for Sierra, Sally, Skylar and Savannah of the Jan_Socks series.

8) Affidavit of Lauren Coffren, Director of the Exploited Children Division (ECD) at the National Center for Missing and Exploited Children with records related to Randall Steven Curtis, ECD Technical Assistance Report ███████ which provides information related to the plaintiffs herein from files submitted by law enforcement from the criminal investigation of Randall Steven Curtis.

9) The Attorney Series Information Reports from NCMEC of the plaintiffs series of child sex abuse image exploitation images as follows:

a) Vicky series;

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
PO BOX 17718
SEATTLE, WA 98127
TEL: (206) 957-7272 / FAX: (206) 957-7273

b)  Marineland series;

c)  Jan_Socks series;

d)  At School series;

e)  Lighthouse series;

f)  Sweet Sugar series;

g)  Misty series;

h)  Jenny series;

i)  Jessica series; and

j)  PinkHeartSisters series.

9)      Sanitized images of Plaintiffs' child sexual assault material.

The Plaintiffs also plan on requesting the discovery received by the Defendant from the government in his criminal prosecution in *United States v. Randall Steven Curtis*, United States District Court, Northern District of California, Case No. 3:16-cr-00510-SI-1.

**B.      COMPUTATION OF DAMAGES
        (Fed. R. Civ. P. 26(a)(1)(A)(iii)**

The Plaintiffs provide the following computation of each category of damages:

1)  Liquidated Damages – each Plaintiff is seeking liquidated damages of $150,000 pursuant to 18 U.S.C. 2255.

2)  Attorney Fees – Plaintiffs are seeking attorney fees pursuant to 18 U.S.C. 2255 in excess of $10,000 subject to a final determination by the Court after trial.

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
PO BOX 17718
SEATTLE, WA 98127
TEL: (206) 957-7272 / FAX: (206) 957-7273

C.   **INSURANCE AGREEMENTS**
     **(Fed. R. Civ. P. 26(a)(1)(A)(iv)**

Plaintiffs request discovery of any insurance agreements, including excess and umbrella policies, under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Plaintiffs reserve the right to supplement and/or amend this list as additional discovery, documents, and information are produced by the parties, and as discovery proceeds in this case.

Dated this 28th day of October, 2020.

/s/ John A. Kawai
John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F
Ojai, CA 93023
Phone: 805-272-4001
Email: jk@czrlaw.com
Attorney for Plaintiffs


/s/ Carol L. Hepburn
Carol L. Hepburn, *Pro Hac Vice*
CAROL L. HEPBURN, P.S.
200 First Ave. West, Suite 550
Seattle, WA 98119
Phone: 206-957-7272
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah, Skylar, Savannah, Sally, Sierra, Violet, Amy, Erika, Tori, Jenny and Jessica


/s/ Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice*
DEBORAH A. BIANCO, PLLC
14535 Bel-Red Road, #201
Bellevue, WA 98007

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  16

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
PO BOX 17718
SEATTLE, WA 98127
TEL: (206) 957-7272 / FAX: (206) 957-7273

Phone: 425-747-4500
Email: deb@debbiancolaw.com
Attorney for Maureen, Pia, and Mya

PLAINTIFFS' SUPPLEMENTAL RULE 26(a)(1)
REQUIRED INITIAL DISCLOSURES -  17

John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:  (805) 272-4001
Fax:  (805) 719-6858
Email: jk@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia, and Mya

Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550
Seattle, WA  98119
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah,
Skylar, Savannah, Sally, Sierra, Violet,
Amy, Erika, Tori, Jenny, and Jessica

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| "AMY," "ERIKA," JANE SMITH as next of friend for "TORI" minor, "JENNY," "JESSICA," "LILY," "SARAH," JANE DOE as court appointed conservator for  "SKYLAR" and "SAVANNAH" minors,  JOHN DOE as court appointed conservator for "SALLY" and "SIERRA" minors, "MAUREEN," WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET" minor, and JANE ROE as next of friend for "PIA," and "MYA," <br><br>                              Plaintiffs, <br><br> v. <br><br> RANDALL STEVEN CURTIS, <br><br>                              Defendant. | NO.  19 CV 2184 PJH <br><br> DECLARATION OF DEBORAH A. BIANCO IN SUPPORT OF PLAINTIFFS' REPLY TO  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT <br><br> NOTE ON MOTION CALENDAR: <br> Date:  February 25, 2021 <br> Time: 1:30 pm <br> Judge: Honorable Phyllis J. Hamilton <br> Chief United States District Court Judge |

I, DEBORAH A. BIANCO, hereby declare the following:

1.      I am an attorney licensed to practice law in the States of Washington, Missouri and Illinois, and I am admitted Pro Hac Vice for this case, in the United States District Court, Northern District of California.

2.      I represent the Plaintiffs herein. I make this Declaration in support of Plaintiffs' Reply to the Motion for Summary Judgment.

3.      In preparation for the Motion for Summary Judgment I conferred with the plaintiff known as Jane Roe, the mother of Pia and Mya, and prepared a Declaration for her signature. The Declaration was transmitted to her electronically, and transmitted back to us, electronically. There were some changes in format, but the substance of the Declaration we received with Jane Roe's signature was identical to the Declaration I sent her. We submitted to the Court the signed declaration we received from Jane Roe.

4.      I subsequently mailed Jane Roe a paper copy of her Declaration, which she signed and returned, and which I attach hereto a true and correct copy as Exhibit 1.  I have omitted the partially redacted CSAM pictures which were exhibits to the original declaration. Otherwise, it is identical in content to the Declaration signed by Jane Roe and submitted to the Court at the time the Motion for Summary Judgment was filed. I have partially redacted Jane Roe's signature.

5.  Defense counsel served his initial disclosures herein  on August 7, 2019 and at that time named the next friends (parents), conservators (parents), and William L.E. Dussault, (Violet's Guardian ad Litem) as persons with discoverable information.  Defense counsel served amended initial disclosures on August 22, 2019 and again on November 4, 2019, both of which

again named the next friends (parents), conservators (parents), and William L.E. Dussault,

(Violet's Guardian ad Litem) as persons with discoverable information.

I hereby declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct to the best of my knowledge.

DATED this 5th day of February, 2021.

DEBORAH A. BIANCO, P.S.

By  /s Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA 98008
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Attorney for Plaintiffs

DECLARATION OF DEBORAH A. BIANCO IN SUPPORT OF
PLAINTIFFS' REPLY TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT  - 3

1

2 John A. Kawai, CSBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
3 407 Bryant Circle, Suite F,
Ojai, CA 93023
4 Tel:  (805) 272-4001
Fax:  (805) 719-6858
5 Email: jk@czrlaw.com
Of Attorneys for Plaintiffs

6 Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
7 Bellevue, WA 98007
(425) 747-4500
8 Email: deb@debbiancolaw.com
Attorney for Plaintiffs Maureen, Pia, and Mya

9
Carol L. Hepburn, *Pro Hac Vice*
10 200 First Avenue West, #550
Seattle, WA  98119
11 Tel: 206) 957-7272
Fax: (206) 957-7273
12 Email: carol@hepburnlaw.net
Attorney for Plaintiffs Lily, Sarah,
13 Skylar, Savannah, Sally, Sierra, Violet,
Amy, Erika, Tori, Jenny, and Jessica

14
UNITED STATES DISTRICT COURT
15 FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION
16

17 | "AMY," "ERIKA," JANE SMITH as next of | NO.  19 CV 2184 PJH |
friend for "TORI" minor, "JENNY,"
18 "JESSICA," "LILY," "SARAH," JANE DOE     DECLARATION OF JANE ROE RE:
as court appointed conservator for  "SKYLAR"   MYA/SWEET PINK SUGAR AND
19 and "SAVANNAH" minors,  JOHN DOE as     PIA/SWEET WHITE SUGAR IN SUPPORT
court appointed conservator for "SALLY" and   OF PLAINTIFFS' MOTION FOR
20 "SIERRA" minors, "MAUREEN," WILLIAM     SUMMARY JUDGMENT
L.E. DUSSAULT as Guardian ad Litem for
21 "VIOLET" minor, and JANE ROE as next
friend for "PIA," and "MYA,"     NOTE ON MOTION CALENDAR:
22                                                          Date:

23                          Plaintiffs,     Time:
Judge: Honorable Phyllis J. Hamilton
24                                                          Chief United States District Court Judge
v.
25

26 RANDALL STEVEN CURTIS,

27                          Defendant.

28

DECLARATION RE: SWEET PINK SUGAR AND SWEET
WHITE SUGAR IN SUPPORT OF PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT  - 1

I, Jane Roe, hereby declare the following:

1.     I am the biological mother of two of the Plaintiffs in this matter: Mya and Pia. I make this declaration in support of Plaintiffs Mya and Pia, and their Motion for Summary Judgment.

2.     I make this statement based on my personal knowledge having been the parent of these two young women. I have had sole custody of them since their father's arrest and conviction. My daughters are depicted in what is known as the "Sweet Sugar" series of child sex abuse images (CSAM).

3.     At the time the crimes were committed all of the children involved were minors. My middle daughter is known as "Mya" the pseudonym she is recognized by in court proceedings. Her name was ███████████. I changed my daughters' last names to ███ after their father's conviction.  Mya's date of birth is █████████ Her younger sister, known as "Sweet White Sugar" or "Pia," in court proceedings, is still a minor. Her name was ██████████████ and I changed her last name to ████ as well. Her date of birth is ████████████ Both girls continue to reside with me.

4.     At the time of the arrest/investigation Pia was ████████████ years old and Mya was █████████████ years old.  The production of child pornography and the exploitation occurred on multiple occasions in our home, in ████ and the images traveled in international as well as interstate commerce.  It has been over 10 years since the police intervened, and my former husband was arrested. In the years since the arrest and prosecution of my former husband I have received numerous notices of prosecutions in the U.S. In 2016, I retained counsel in the U.S. to represent my daughters.

DECLARATION RE: SWEET PINK SUGAR AND SWEET
WHITE SUGAR IN SUPPORT OF PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT  - 2

5.      The entire set of images and videos in this series has been known as the "Sweet Sugar" Series but has now been broken down by victim.  Images/videos of Pia are now known as the "Sweet White Sugar" Series and images of Mya are known as the "Sweet Pink Sugar" Series.

6.      The redacted photograph attached to this declaration as Exhibit 1 is a photograph which I recognize to be an image of my daughter, known in this action as Mya. The redacted photo attached hereto as Ex. 1 is a photo of Mya taken during the sexual exploitation she endured as a child. The background behind her head is pink and she is smiling. I recognize the background as being Mya's bed sheet. I recognize the image of Mya as she appeared when she was            old.

7.      The redacted photograph attached to this declaration as Exhibit 2 is a photograph which I recognize to be an image of my daughter known as Pia in this action.  The photo attached hereto as Ex. 2 is a photo of Pia taken during the sexual exploitation she endured as a child. Pia is wearing a blue Cinderella dress-up outfit that she wore when she was about            old. I also recognize the bed, dresser and shelves in the background of the photograph as being the same as those in Mya and Ava's bedroom in our home when the girls were younger, and before their father was arrested.

8.      The redacted photograph attached to this declaration as Exhibit 3 is a photograph which I recognize to be an image of my daughter, known in this action as Pia. The redacted photo attached hereto as Ex. 3 is a photo of Pia taken during the sexual exploitation she endured as a child. Pia had long blonde curly hair, that was (as it is in this picture) frequently in two ponytails. Because her hair was fine, we used clips, such as the blue clips shown in her hair in this photo to help keep her hair in ponytails. I recognize my daughter's facial features as they appeared when she was            old. Based on the color of the walls, and the background that I can see in this photo, it was taken in Mya and Ava's bedroom in our home..

DECLARATION RE: SWEET PINK SUGAR AND SWEET
WHITE SUGAR IN SUPPORT OF PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT - 3

9.     I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 30th day of November, 2020.

Jane Roe, Plaintiff and Next Friend

DECLARATION RE: SWEET PINK SUGAR AND SWEET
WHITE SUGAR IN SUPPORT OF PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT  - 4

1

2  John A. Kawai, CSBN 260120
   CARPENTER, ZUCKERMAN & ROWLEY
3  407 Bryant Circle, Suite F,
   Ojai, CA 93023
4  Tel:  (805) 272-4001
   Fax:  (805) 719-6858
5  Email: jk@czrlaw.com
   Of Attorneys for Plaintiffs

6  Deborah A. Bianco, *Pro Hac Vice*
   14535 Bel-Red Road, #201
7  Bellevue, WA 98007
   (425) 747-4500
8  Email: deb@debbiancolaw.com
   Attorney for Plaintiffs Maureen, Pia, and Mya

9
   Carol L. Hepburn, *Pro Hac Vice*
10 200 First Avenue West, #550
   Seattle, WA  98119
11 Tel: 206) 957-7272
   Fax: (206) 957-7273
12 Email: carol@hepburnlaw.net
   Attorney for Plaintiffs Lily, Sarah,
13 Skylar, Savannah, Sally, Sierra, Violet,
   Amy, Erika, Tori, Jenny, and Jessica

14
                    UNITED STATES DISTRICT COURT
15            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                         OAKLAND DIVISION
16

17 "AMY," "ERIKA," JANE SMITH as next of    NO.  19 CV 2184 PJH
   friend for "TORI" minor, "JENNY,"
18 "JESSICA," "LILY," "SARAH," JANE DOE      DECLARATION OF KEVIN J. LAWS IN
   as court appointed conservator for "SKYLAR"  SUPPORT OF PLAINTIFFS' REPLY TO
19 and "SAVANNAH" minors,  JOHN DOE as       PLAINTIFFS' MOTION FOR SUMMARY
   court appointed conservator for "SALLY" and  JUDGMENT
20 "SIERRA" minors, "MAUREEN," WILLIAM
   L.E. DUSSAULT as Guardian ad Litem for
21 "VIOLET" minor, and JANE ROE as next      NOTE ON MOTION CALENDAR:
   friend for "PIA," and "MYA,"              Date:  February 25, 2021
22                                           Time: 1:30 pm
                                             Judge: Honorable Phyllis J. Hamilton
23                 Plaintiffs,               Chief United States District Court Judge

24
   v.
25
   RANDALL STEVEN CURTIS,
26
                   Defendant.
27

28
   DECLARATION OF KEVIN J. LAWS IN SUPPORT OF
   PLAINTIFFS' REPLY TO PLAINTIFFS' MOTION FOR
   SUMMARY JUDGMENT  - 1

I, KEVIN J. LAWS, hereby declare the following:

1.      I am an adult over the age of 18 years, and fully competent to make this declaration in support of Plaintiffs' Reply In Support of Plaintiffs' Motion for Summary Judgment on my personal knowledge.

2.      I make this declaration to respond to assertions and implications in the defendant's response to plaintiffs' summary judgment motion.  The information in this declaration was not inquired about in my deposition of January 26, 2021.

3.      **Timing of Evidence Review.**  The review of evidence in this case was only the first evidence review of evidence in any Homeland Security Investigations (HSI) to the best of my knowledge.  And it was only the second such evidence review with any agency so far as I know.  I had done one prior in Nevada.  In order to perform an evidence review I had to purchase a special laptop which would be solely dedicated to this purpose.  I had to research what software would be available to a person outside of law enforcement which would be sufficient to accomplish the task at hand.  I also needed to assemble as many hash values for the child sex assault images of the victims in question as I could.  This process took several months.

4.      In the meantime, and having worked with HSI for many years, I knew that I could not simply show up on the doorstep of the case agent and expect to see the evidence even though the new statute allowed for it.  I knew that the agency would want a protocol in place for such a process.  To that end I contacted a senior person in the Child Exploitation section of HSI.  I asked for a meeting to discuss the prospect of an evidence review.  This meeting took at

DECLARATION OF KEVIN J. LAWS IN SUPPORT OF
PLAINTIFFS' REPLY TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT - 2

least two months to arrange but did take place in mid-January 2020. At the meeting no resolution was reached due to the need of the agency to have their legal counsel weigh in on the process. It was another two months (March 2020) before I heard back that we were able to proceed.

5.      In March of 2020 the Covid19 lockdowns began. We had to consider how HSI could accommodate the request for the evidence review in light of their lockdown. The first date offered to me by the HSI supervisor in San Francisco was the week of July 13, 2020 and I immediately confirmed that time for our review.

6.      I purposely did not want to receive sanitized images from the case against Mr. Curtis before I conducted the evidence review. I did not want those images in my mind before conducting a search on my own of the computer media. After conducting the evidence review, and on or about October 13, 2020 I received from Supervisor Barfuss at the HSI San Francisco office an email with password protected sanitized images she advised were from the Curtis case. A number of these I recognized from having done the evidence review; some I did not.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this ___5th___ day of February, 2021.

*Kevin J. Laws* _____

KEVIN J. LAWS

DECLARATION OF KEVIN J. LAWS IN SUPPORT OF
PLAINTIFFS' REPLY TO PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT - 3