UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| "AMY," *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>RANDALL STEVEN CURTIS,<br><br>            Defendant. | Case No. 19-cv-02184-PJH   (RMI)<br><br>**ORDER ON DEFENDANT'S REQUEST TO COMPEL DISCOVERY RESPONSES**<br><br>Re: Dkt. No. 160 |

Currently pending before the court is a jointly-filed letter brief (dkt. 160) through which Defendant seeks to compel the production of "four requests aimed at obtaining documents Plaintiffs exchanged with members of Congress with respect to their years-long efforts to have Congress amend the statute [pertaining to a civil remedy and damages for persons depicted in child pornography], and then to amend it again." *Ltr. Br.* (dkt. 160) at 1. Plaintiffs respond, *inter alia*, that they do not possess any such documents. *Id*. at 4. Accordingly, for the reasons discussed below, the most significant of which is that Plaintiffs cannot produce that which they do not possess, Defendant's request is denied.[1]

Defendant wishes to compel the production of documents that were supposedly exchanged between Plaintiffs and members of Congress. *Id*. at 1. The essence of the four requests for production is the targeting of any documents sent to, or received from, any member of either chamber of the United States Congress, related to amending 18 U.S.C. § 2255. *See* Balogh Decl., Exh. 1 (dkt. 156-1) at 11-13. Each request uses the term "you," when identifying senders and

---

[1] Pursuant to Civ. Local R. 7-1(b), the court finds that this matter is suitable for disposition without oral argument.

1  recipients of such documents, and, the RFPs define the term, "you," quite broadly as including:
2  "the responding Plaintiff, together with all present and former agents, representatives, attorneys, or
3  any other persons acting or purporting to act on behalf of the responding Plaintiff." *Id*. at 7.
4  Defendant then suggests that "Plaintiffs' presentations regarding their desire to change the statute
5  is (sic) relevant to this case" because of certain arguments that Defendant now wishes to pursue.
6  *Ltr. Br.* (dkt. 160) at 1. Specifically, after his affirmative defenses were stricken (*see Order* (dkt.
7  130) at 6-16), Defendant has moved for judgment on the pleadings, and alternatively, for partial or
8  complete summary judgment. *See* Pl.'s Mot. (dkt. 142). Therein, Defendant argues that "the
9  proscription against bills of attainder further compels application of the statute in effect in
10 September of 2016 – the time of Defendant's [] conduct – and *not* the amended version" enacted
11 after the entry of Defendant's criminal conviction. *Id*. at 12-13 (emphasis in original). Defendant
12 then adds that "[a]pplication of the constitutional proscription against bills of attainder is further
13 compelled by Plaintiffs' and their counsel's participation in the passing of the 2018 amendments
14 *after* they had raised claims against Defendant directly." *Id*. at 13 (emphasis in original).
15 Therefore, because Defendant is of the understanding that a person named James Marsh – who is
16 neither a Plaintiff in this case nor an attorney who has entered an appearance in this case – has
17 supposedly sent and received some communications with members of Congress about an
18 amendment to a federal statute under which a civil remedy and a provision for liquidated damages
19 is set forth such that tort victims can recover damages from their torfeasors, Defendant suggests
20 that this is the substantial equivalent of a legislative act singling him out for what is essentially a
21 criminal conviction and a criminal punishment without a trial.[2] The issue of whether or not § 2255

---

[2] A bill of attainder is a "law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of General Services*, 433 U.S. 425, 468 (1977). To be viable, a bill of attainder claim needs three ingredients: "[1] specification of the affected persons, [2] punishment, and [3] lack of a judicial trial." *Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 847 (1984). Further, the Supreme Court has also identified the following "necessary inquiries" that would indicate whether or not a particular law inflicts "punishment" in this context: "(1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, 'viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes'; and (3) whether the legislative record 'evinces a congressional intent to punish.'" *Id.* at 852 (quoting *Nixon*, 433 U.S. at 473, 475-76, 478); *see also Fowler Packing Co. v. Lanier*, 844 F.3d 809, 816-18 (9th Cir. 2016).

constitutes an impermissible bill of attainder is not before the undersigned. Suffice it to say that Defendant has failed to persuade the court that there is any logical relevance whatsoever between his suggestion that a recent amendment to § 2255 somehow constitutes a bill of attainder (an argument which seems, in and of itself, unclear) and his suggestion that a person who is neither a party to this action, nor counsel appearing in this action, may have been involved with Congress during the period wherein an amendment was being contemplated.

In any event, Defendant contends that the court should compel production here for two reasons. *See Ltr. Br.* (dkt. 160) at 3. First, Defendant contends that "Plaintiffs['] failure to respond timely to Defendant[']s RFPs Set Two leads to one clear result: waiver of all objections including claims of privilege and work product." *Id*. Second, Defendant contends that Plaintiffs' objections "are frivolous" because "[a]fter bragging in multiple fora about their efforts to amend existing law . . . Plaintiffs are suddenly shy, and claim that producing evidence in a matter they brought would violate their First Amendment rights to petition the [g]overnment . . . [which] is sophistry at best, and just plain obstruction." *Id*. At bottom, Defendant submits that "James Marsh represents multiple Plaintiffs in this case and communicated with Congress on behalf of those Plaintiffs with respect to amending the statute at issue . . . he was Plaintiffs' agent at all relevant times respecting these requests [for production] [and] [t]he court should compel a complete production forthwith." *Id*. An important fact, which Defendant has failed to address, is Plaintiffs' response to the effect that "[Mr.] Marsh is not a party . . . [nor] record counsel in this case . . . [and that] none of the Plaintiffs in this case possess any communications between Plaintiffs and Congress." *Id*. at 4. The undersigned finds that Defendant's refusal to address this key fact – the fact that Plaintiffs do not possess the documents he seeks – renders his request to compel the production of that which is not in Plaintiffs' possession, frivolous.

Rule 26 allows the scope of discovery to reach "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. Proc. 26(b)(1). When moving to compel discovery, the moving party has the burden of demonstrating relevance. *See Kolker v. VNUS Med. Techs., Inc.*, No. C 10-0900 SBA (PSG), 2011 U.S. Dist. LEXIS 122810, at *7 (N.D. Cal. Oct. 24, 2011) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). Even if it were

3

possible to overlook the fact that Defendant has failed to establish any concrete and articulable relevance regarding any communications between members of Congress and Mr. James Marsh "to the claim or defense of any party,"[3] it is very much impossible to overlook the fact that there is no basis to compel Plaintiffs to provide information they simply do not possess. *See e.g., Steshenko v. McKay*, No. C 09-5543 RS, 2012 U.S. Dist. LEXIS 91696, at *4 (N.D. Cal. July 2, 2012). Accordingly, Defendant's request to compel Plaintiffs to produce documents which they do not possess, and which are attended with no apparent relevance to this case, is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 12, 2021

ROBERT M. ILLMAN
United States Magistrate Judge

---

[3] While Defendant contends that Plaintiffs' "desire to change the statute is relevant to this case," (*Ltr. Br.* (dkt. 160) at 1) he does not offer any real explanation that might establish *how* or *why* this alleged desire on Plaintiffs' part is logically relevant to any claim or defense at the heart of this case.