COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
RANDALL STEVEN CURTIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| "AMY," *et al.*,<br><br>Plaintiffs,<br><br>RANDALL STEVEN CURTIS,<br><br>Defendant. | Case No. 4:19 Cv 2184 PJH<br><br>DEFENDANT CURTIS'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE<br><br>Date Filed: April 23, 2019<br>Trial Date: June 21, 2021<br><br>Before the Honorable Phyllis J. Hamilton<br>Chief United States District Judge |

Pursuant to 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, and Civil L.R. 72-2, Defendant Randall Curtis, by and through his counsel, files this Motion for Relief from Nondispositive Pretrial Order of the Magistrate Judge filed at ECF 161.

**THE MAGISTRATE COURT ERRED BY (1) FINDING THAT NO PLAINTIFFS POSSESED DOCUMENTS RESPONSIVE TO DEFENDANT'S REQUESTS FOR PRODUCTION; (2) FINDING THAT JAMES MARSH IS NOT THE AGENT AND REPRESENTATIVE OF PLAINTIFFS AMY, JENNY, JESSICA, ERIKA AND TORI WITH REPSECT TO THESE REQUESTS; (3) REFUSING TO APPLY THE WAIVER OF OBJECTIONS BASED ON PLAINTIFFS' FAILURE TO RESPOND TIMELY TO THE DISCOVERY REQUESTS; (4) HOLDING THAT DEFENDANT'S DISCOVERY REQUESTS DO NOT SEEK RELEVANT DOCUMENTS; AND (5) FINDING FACTS NOT SUPPORTED BY THE BRIEFING AND FOR NOT HOLDING A HEARING, WHICH AIDED THE MAGISTRATE JUDGE TO HIS ERRONEOUS RULINGS.**

## FACTS

On October 29, 2020, the last day on which a party could propound fact discovery, Defendant served his Request for Production of Documents, Set Two ("RFPs Set Two"), that set forth four requests aimed at obtaining documents Plaintiffs exchanged with members of Congress with respect to their years-long efforts to have Congress amend the statute, and then amend it again. *See* ECF 156-1, Ex. F (RFPs and Plaintiffs' response).[1]

Plaintiffs' presentations regarding their desire to change the statute is relevant to this case. *See* ECF 142 at 12:9-13:18 (arguing against bills of attainder); *see also id.*, at 10:11-17:10 (arguing that the presumption against retroactivity makes the predecessor version of the statute—"Masha's law"—applicable to Defendant, rather than the current version of the statute that was amended in 2018, *viz.*, *after* Defendant's conduct, *after* Defendant's conviction, *after* Plaintiffs received notice that Defendant may have possessed images of them, and *after* Plaintiffs had raised claims against Defendant). In sum, after knowing Defendant's alleged conduct and his identity, Plaintiffs Amy, Jenny, Jessica, Erika and/or Tori successfully lobbied Congress to amend 18 U.S.C. § 2255 and now seek to apply that amended statue against Defendant. According to

[1] The parties agreed to the form of RFPs Set Two so that Defendant could direct each request at al l5 Plaintiffs on one pleading, and Plaintiffs thereafter could respond in one pleading. *See* ECF 160 at 1, n.1.

Plaintiffs, they and their counsel were instrumental in amending the statute with respect to Masha's law, and amending it again with respect to the current version of the statute; this evidence includes:

> James R. Marsh, *Masha's Law: A Federal Civil Remedy for Child Pornography Crimes*, 61 Syracuse L. Rev. 459, 461 (2011) (Plaintiffs' counsel declaring: "In late 2005, I was instrumental in enhancing the federal civil legal rights of children who are victims of child pornography" and claiming credit for enactment of Masha's Law);
>
> ECF 94-5 (Declaration of James Marsh claiming that "[i]n 2017, I assisted Senator Diane Feinstein in updating 18 U.S.C. 2255")[;] and
>
> ECF 96-2 at Ex. 16 (at AMY000060) (In 2014, "Amy" lamenting her loss in *Paroline v. United States*, 572 U.S. 434 (2014), and expressing "hopes [that] the lingering problems will be solved by the legislation that Mr. Marsh is working on."

As Mr. Marsh has attested *in this case*: he is "the lead attorney for the Plaintiffs known as Amy, Jenny, Jessica, Erika and Tori in all matters concerning restitution in criminal matters as well as in other civil matters." ECF 95-4 § 2. Further, he has "represented Amy since 2006, Jenny since 2016, Jessica since 2013, and Erika and Tori since 2016 in matters concerning their status as victims of child sex abuse image exploitation." *Id*. It is in that capacity that he lobbied Congress with respect to amendments to section 2255, as well as other statutes. *See e.g.*, The Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), Pub. L. 115–299.[2, 3]

To be sure, Mr. Marsh's comments on this subject ultimately have assisted Defendant. For example, Plaintiffs' counsel admitted in the referenced law review article that Defendant's reading of Masha's law is correct, and that section 2255's elements requiring proof that any particular Plaintiff (1) was a victim of a violation of 14 predicate offenses and (2) who suffers

[2] "Vicky" now goes by "Lily" in this case.

[3] Respectfully, Plaintiffs' successful efforts to persuade Congress to amend the operative statute and then apply it against the Defendant they already had identified and made claims against, and document requests focused, in part, on Plaintiffs' representations regarding the limits of the prior statute, is "logically relevant" to Defendant's bill of attainer arguments and other challenges in this case. *See* 142. Defendant thus respectfully disagrees with, and objects to, the Magistrate Judge's contrary finding. *See* ECF 161 at 3:1-6.

personal injury as a result of such violation are *different*, and each must be proven to obtain damages, including the $150,000 "floor." Marsh, *supra.*, at 494-95. In a section counsel helpfully labeled "The Personal Injury Requirement[,]" he (1) admitted that "[i]n order to obtain statutory damages, a plaintiff must show that she suffered 'personal injury' as a result of the defendant's predicate act[,]" which he recognized is "much more difficult to conceptualize and prove" in possession cases, amongst others, (2) agreed that plaintiffs must "prove[] personal injury" before being entitled to damages, including the $150,000 "floor[;]" and (3) discussed his "*theory* that child pornography in and of itself causes personal injury" (citing *Ferber*). *Id.*, at 494-95 (emphasis added).

But when Plaintiffs' responses to Defendant's RFPs Set Two seeking this evidence came due on Monday, December 1, 2020, *see* Fed. R. Civ. P. 34, Plaintiffs did not even respond, much less produce responsive documents. *See* ECF 160. Then, when Defendant inquired of Plaintiffs in January 2021, Plaintiffs' counsel suggested that because Defendant did not respond to an email query about the RFPs following service, Plaintiffs' query by email somehow served to excuse Plaintiffs' obligations under Fed. R. Civ. P. 34. But that is not the law. And after conference, Plaintiffs refused to provide *any* responsive documents based on the following objections:

> Objection: beyond the scope of permissible discovery as not likely to lead to any admissible evidence; violative of Plaintiffs' First Amendment rights to petition Congress as the compelled disclosure of communications as requested exerts a chilling effect on the exercise of those rights. Further, Defendant's request is violative of California Code of Civil Procedure 425.16 which prohibits actions ". . . against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California constitution in connection with a public issue . ."

*See* ECF 156 ¶¶ 2-5 & ECF 156-1 (Ex. F).

**ARGUMENT**

The Magistrate Judge first erred by failing to give effect to Plaintiffs' waiver of objections. The law is clear: Plaintiffs failure to respond timely to Defendants RFPs Set Two resulted in waiver of all objections, *including* claims of privilege and work product. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Thus, the magistrate

court should have disregarded Plaintiffs' untimely objections, and should have ordered production of all responsive documents forthwith and without exception.

The magistrate court's next errors arise from Plaintiffs' misleading presentation, and the court's failure to hold a hearing. While magistrate court found that Plaintiffs "do not possess" any responsive documents, ECF 161 at 1, that's not quite what Plaintiffs represented, and the court would have gotten to the heart of the matter had it held a hearing. Plaintiffs Amy, Jenny, Jessica, Erika and Tori do not deny that Mr. Marsh is their counsel (read: representative, attorney, and/or person acting on their behalf, *see* ECF 161 at 2 (reciting discovery scope of discovery request)), nor do they deny that Mr. Marsh lobbied Congress to change section 2255, (and with respect to Amy, twice), on their behalf. *See* ECF 160 at 3-6. While Plaintiffs carefully contended that Mr. Marsh's communications "had anything to do with either Mr. Curtis or this case[,]" *id.*, at 4, that's a dodge: it doesn't address (much less deny) whether he possesses documents, presented to and received from Congress pursuant to *his* representation of Plaintiffs Amy, Jenny, Jessica, Erika and/or Tori, that address the requested changes in section 2255 and the bases therefore. Thus, whether Plaintiffs Amy, Jenny, Jessica, Erika and/or Tori *personally* possess the responsive documents—the finding that animated the magistrate court's ruling, *compare* ECF 160 at 4 *with* ECF 161 at 1—doesn't answer the question.

Mr. Marsh is their attorney, representative, and agent, has obtained discovery *in this case* pursuant to the Protective Order as Plaintiffs Amy, Jenny, Jessica, Erika and Tori's "Outside Counsel of Record," has previously searched for and provided responsive documents to Defendant *in this case* on Plaintiffs' behalf, hired Plaintiffs' expert witness and gave him directions *in this case*, and, along with another attorney from his firm, attended at least a portion of the depositions of expert witnesses *in this case*. *See e.g.*, ECF 146-5 at 66-67 & 196; ECF 146-8 at Laws Depo. Exs. 00186; *see also* ECF 61 ¶ 3.3. Thus, as the attorney, agent, and representative of Plaintiffs Amy, Jenny, Jessica, Erika, and Tori, Mr. Marsh can and should be required to produce the responsive documents in his possession in that capacity. Most simply, where Plaintiffs' attorney, representative, and agent possesses responsive documents, Plaintiffs possess responsive documents. While Plaintiffs' carefully-constructed representations elided

over this point, the magistrate court erred in its conclusion. Most directly, James Marsh possesses responsive documents that he obtained and maintains as Plaintiffs Amy, Jenny, Jessica, Erika, and Tori's counsel, and thus those documents are required to be produced pursuant to Defendant's Requests for Production of Documents. *See* Fed. R. Civ. P. 26. The Court should certainly require Plaintiffs to address the magistrate court's error arising from their misleading presentation.

Finally, Plaintiffs' objections—which do *not* deny possession by counsel of responsive documents—are frivolous, and the magistrate court correctly did not credit them. In sum, after bragging in multiple fora about their efforts to amend existing law, Plaintiffs claim—without citation to any case—that producing the documents reflecting their interpretation of the old versions of section 2255 and the need for serial amendments, Plaintiffs are suddenly shy, and claim that producing evidence in a matter they brought would violate their First Amendment rights to petition the Government. That is sophistry at best, and just plain obstruction. Nothing in Defendant's RFPs Set Two infringes on Plaintiffs' rights, and Plaintiffs present zero authority to support their waived objections. So too, the notion that these non-Californians can invoke California state court procedural rules to avoid producing discovery in this federal matter borders on the absurd, which also explains Plaintiffs' lack of supporting authority. Similarly unsustainable is the notion that Defendant's RFPs Set Two constitute an "action[] … against a person" arising from their speech. Rather, RFPs Set Two are simply requests for documents in possession of Plaintiffs' agent, representative, and counsel that inform the litigation of this matter.

The Court should thus sustain Defendant's objections and compel production of responsive documents as requested.

Respectfully submitted,

DATED: February 18, 2021

COLEMAN & BALOGH LLP
*/s/ E. A. Balogh*
By: ETHAN A. BALOGH

Attorneys for Defendant
RANDALL CURTIS