UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

"AMY," et al.,

    Plaintiffs,

v.

RANDALL STEVEN CURTIS,

    Defendant.

Case No. 19-cv-02184-PJH

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

Re: Dkt. No. 163

    Before the court is defendant's motion for relief from nondispositive pretrial order of magistrate judge. Dkt. 163. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**I.    Background**

    Fact discovery in this case closed on October 29, 2020. Dkt. 87. Defendant served discovery requests on that same day, seeking an interrogatory response and production of documents from plaintiffs. Plaintiffs did not serve responses to these discovery requests.

    The parties filed a joint discovery letter on February 10, 2021. Dkt. 160. Through the discovery letter, defendant sought to compel responses to the requests of October 29, 2020: communications between attorney James Marsh and members of Congress related to amending Title 18 U.S.C. § 2255 in 2018. Plaintiffs' portion of the joint letter resisted defendant's discovery requests.

    Magistrate Judge Illman entered an order denying defendant's request to compel

discovery on February 12, 2021.  Dkt. 161.  Defendant filed the present motion for relief from nondispositive pretrial order of magistrate judge on February 18, 2021.  Dkt. 163.  Plaintiffs filed their opposition to defendant's motion on March 4, 2021.  Dkt. 167.

## II.    Legal Standard

A district court may modify or set aside an order of a magistrate judge on a non-dispositive matter only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this "deferential" standard, the district court may not "substitute its judgment" for that of the magistrate judge.  United States v. Abonce-Barrera, 257 F.3d 959, 968 (9th Cir. 2001); Grimes v. City & Cty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).  A finding of fact may be set aside as clearly erroneous only if the court has "a definite and firm conviction that a mistake has been committed."  Burdick v. C.I.R., 979 F.2d 1369, 1370 (9th Cir. 1992).  However, the "magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law."  Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citations omitted).

## III.    Analysis

Defendant alleges that the 2018 amendments to Section 2255 amount to a "bill of attainder" against him, particularly arguing that James Marsh, counsel for some of the plaintiffs in separate matters, successfully lobbied Congress for the amendment of statutory minimum damages to liquidated damages after learning of defendant's criminal plea.  Defendant argues that the magistrate judge "erred by (1) finding that no plaintiffs possessed documents responsive to defendant's requests for production; (2) finding that James Marsh is not the agent and representative of plaintiffs Amy, Jenny, Jessica, Erika, and Tori with respect to these requests; (3) refusing to apply the waiver of objections based on plaintiffs' failure to respond timely to the discovery requests; (4) holding that defendant's discovery requests do not seek relevant documents; and (5) finding facts not supported by the briefing and for not holding a hearing, which aided the magistrate judge in his erroneous rulings."   Dkt. 163 at 2 (all caps and bold removed).

Plaintiffs counter by arguing that (1) defendant's discovery requests were untimely and unenforceable; (2) defendant lacks good cause to compel discovery because the correspondence he seeks is not relevant to the case; (3) requests for correspondence with elected representatives violate the First Amendment rights of plaintiffs; and (4) contrary to defendant's argument, there is no right to a hearing on a discovery dispute.

This court does not find it necessary to reach the issue considered by the magistrate judge—whether plaintiffs, through their agent, possessed documents responsive to defendant's requests for production. Dkt. 161. Defendant's objections to the order of the magistrate judge are overruled for a few distinct reasons. First, defendant's October 29, 2020, discovery requests were untimely under the local rules. Civil L.R. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cutoff are not enforceable, except by order of the Court for good cause shown"). Second, defendant's present effort to compel discovery responses is also untimely. Civil L.R. 37-3 ("Where the Court has set separate deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off"). Third and most significantly, defendant's effort to compel discovery seeks information that is not relevant to a claim or defense in this case. As discussed more thoroughly in the court's order denying defendant's motion for judgment on the pleadings, defendant's assertion that the 2018 amendments to Section 2255 constitute a bill of attainder against him is simply not colorable. Defendant is not entitled to the discovery he seeks to compel.

## IV. Conclusion

For these reasons, defendant's motion for relief from nondispositive order of magistrate judge is DENIED.

**IT IS SO ORDERED.**

Dated: March 8, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge