UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "AMY," et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>RANDALL STEVEN CURTIS,<br><br>        Defendant. | Case No. 19-cv-02184-PJH<br><br>**ORDER**<br><br>Re: Dkt. Nos. 140, 170 |

      By order entered March 8, 2021, the court directed plaintiffs to provide a chart reflecting where the materials they rely upon in support of their motion for summary judgment could be located in the current record. Dkt. 170. Plaintiffs were instructed that they could not add materials to the current record. Id. at 2:24-25. Defendant will be permitted an opportunity to object if the chart references material not already part of the record. Id. at 3:13-15.

      The court attempted to be as clear as possible as to how the chart should be constructed, but today, plaintiffs' counsel has requested by email to the courtroom deputy that the court review an initial draft of the chart before they complete it. Defendant has emailed an objection.

      While we have grown to rely more on email for communication during the pandemic, an email to the courtroom deputy is not the appropriate procedure for requesting clarification of a prior court order. Such a request should take the form of a formal or administrative motion. Nonetheless, because the court requested the chart to assist in its review of the voluminous record in this case, the court provides the following

clarification of its prior order.

For the "identity" column, the court does not ask for plaintiffs' real names. Rather, the court asks for the location in the record where plaintiff, parent, or POC confirms that a particular plaintiff is depicted in the media proffered. For example, Amy confirms that she recognizes herself as the person depicted in the media in paragraph 5 of her declaration. Dkt. 139-4 at 375.

For the "sexual content" column, the court does not ask for a detailed description of the images involved. Rather, the court asks for the location in the record where any declarant confirms that the media is sexual in nature or otherwise fits within the definition of child pornography. See, e.g., Laws Decl. ¶ 10, Dkt. 139-4 at 158.

For the "found in defendant's possession" column, the court asks for the location in the record of evidence that the media involved was found on defendant's computer.

To further clarify, the court seeks references in the record that the same image or CSAM (including sanitized images or the underlying contraband images) is relied upon in each column.

**IT IS SO ORDERED.**

Dated: March 10, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge