COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Defendant
RANDALL STEVEN CURTIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| "AMY," *et al.*,<br><br>　　　　Plaintiffs,<br><br>RANDALL STEVEN CURTIS,<br><br>　　　　Defendant. | Case No. 4:19 Cv 2184 PJH<br><br>DEFENDANT CURTIS'S OBJECTIONS AND REPLY TO PLAINTIFFS' SUPPLEMENTAL PRESENTATION IN SUPPORT OF SUMMARY JUDGMENT<br><br>Date Filed: April 23, 2019<br>Trial Date: June 21, 2021<br><br>Before the Honorable Phyllis J. Hamilton<br>Chief United States District Judge |

As permitted by the Court, *see* ECF 170 at 3:10-15, Defendant Randall Curtis, by and through his counsel, files these Objections and Reply to Plaintiffs' Supplemental Presentation in Support of Summary Judgment, filed at ECF 175.

**UNDISPUTED FACTS AND GENERAL OBJECTIONS AND REPLY**

1. "Fact discovery in this case closed on October 29, 2020."  ECF 171 (Order) at 1:19. The evening before then, on October 28, Plaintiffs provided notice of 32 additional witnesses upon which they would rely, including law enforcement "points of contact."  ECF 146-18 (Ex. E to unredacted Declaration of Ethan A. Balogh).  Defendant could not seek discovery from any of these witnesses before the October 29 discovery cut-off.  ECF 171 (Order) at 3:9-13 ("Discovery requests that all for responses or depositions *after* the applicable discovery cutoff are not enforceable[,]" citing Civil L. R. 37-3.[1]  Plaintiffs have provided no reason why they failed to provide notice of their intent to rely on these witnesses before October 28, most of whom Plaintiffs claim they have known and known about since no later than the time of the disclosure of their abuse by their fathers, family members, and caregivers.  *See e.g.*, ECF 159 & 176 at 10:14-12:25.  While the Court ruled that Plaintiffs "disclosed [these witnesses] within the discovery cut-off period[,]" ECF 176 at 30:9-10, they did so on the second-to-last-day, and thus at a time when Defendant could *not* seek discovery from or about them because the requests would require "responses or depositions after the applicable discovery cutoff[.]"  ECF 171 (Order) at 3:9-13.  As a result, Plaintiffs' supplemental disclosures were not timely under Rule 37 because they divested Defendant of his ability to exercise *any* discovery rights with respect to the testimony Plaintiffs would later offer from these individuals.  *See also* ECF 148 at 9:3-10:20.

With respect to these fact witnesses, Plaintiffs never produced any expert reports pursuant Fed. R. Civ. P. 26(b)(2), such that Plaintiffs plainly did not disclose that any would be called upon to serve as expert witnesses at trial.  *See* ECF 146-11 ¶ 2 (unredacted Declaration of Ethan A. Balogh) & 146-17 (unredacted Ex. D to Declaration of Ethan A. Balogh); *see also* ECF 176 at

---

[1] For all ECF citations, we cite to the ECF-generated page numbers atop each page.

28:14-17 (Plaintiffs' counsel conceding that Plaintiffs failed to disclose any expert reports respecting the POC witnesses).  So too, Plaintiffs do not explain how they could obtain and present declarations from POC witnesses but could not prepare and produce expert reports identifying any areas of expertise and proffered expert testimony upon which they might rely.  Considering that some POC witnesses are retired law enforcement, Plaintiffs' suggestion that their active status somehow affected their testimony is even less persuasive.

In any event, for these reasons presented above, Plaintiffs' 23rd hour disclosures are untimely, *see* Fed. R. Civ. P. 37(c)(1); *Yetti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Hoffman v. Constr. Protective Services, Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008).  As a result, the Court may not consider any evidence offered through these untimely-disclosed witnesses, because Defendant had no opportunity to seek discovery from them.  *See also* ECF 149 at 8:16-9:20.

2.   The expert for which Plaintiffs disclosed expert reports, as required to present expert testimony, *see* Fed. R. Civ. P. 26(b)(2), Kevin Laws, could not locate *any* images of Plaintiffs Amy, Erika, Tori, Sarah, Lily, Jessica, Pia, Mya, or Maureen on the media S/A Popper told him was seized from Defendant.  *See* ECF 149 at 19:5-22; ECF 146-15 at 0001-48; ECF 146-13 at 127:7-129:4, 150:8-12); *see also* ECF 176 at 8:7:25-8:14 (confessing Laws inability to identify the majority of Plaintiffs) and thus relying on further hearsay from Barfuss about subsequent "redacted" photographs that may or may not have come from Defendant's media.) Laws did not inspect any chain of custody, and did not confirm in any way that "copy" of the media that Popper provided to him, and made representations about, was in fact the media seized from Defendant.  ECF 146-5 at 95:5-97:18.  Instead of undertaking such important tasks, Laws simply accepted S/A Popper's and "his supervisor's" statements that the "copied" drive he reviewed, in fact, contained files seized from Defendant's specific media devices.  *Id*. at 97:14-18.  In other words, Laws entire analysis ignored any verification or inspection of the actual

////

////

////

media seized from Defendant, and instead relies on hearsay about some purported "copy" of those files.[2]

3. Plaintiffs never served ECF 139-4 upon Defendant, despite Defendant's repeated requests and complaints, *see e.g.*, ECF 156 ¶ 7.  Although the rules require such service and proof of service with respect to sealed filings, *see* Civil L. R. 75-9(e), Fed. R. Civ. P. 5, Defendant's objection to the continued lack of service at the time of the summary judgment hearing fell on deaf ears.  *See* ECF 176 at 35:17-37:13.  Defendant contends that Plaintiffs failure of service compels denial of their motion pursuant to the Federal Rules of Civil Procedure and this Court's local rules.

4. Defendant objects to the Court's participation in the litigation, rather than simply ruling upon the parties' competing presentations as is required.  *See United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020).  For example, while Plaintiffs proffered Kevin Laws as an expert on the question of Plaintiffs' identities, provided expert reports about the same, *see* ECF 146-3, 146-5, 146-6 & 146-9, and Laws testified about the same, *see e.g.*, ECF 146-5 at 79:15-88:22, this Court declared "[t]hat's not his job[,]" ECF 176 at 5:16-19, although Plaintiffs had declared that *was* his job.  Defendant further contends that Plaintiffs attempted to foster additional judicial participation when they provided a draft their supplemental presentation to the Court's clerk for comment and/or editing by the Court *before* filing.  *See* Declaration of Ethan A. Balogh filed March 19, 2021 ("Balogh Supp. Decl.") ¶ 2 and Exs. A & B.

This state of affair is especially concerning here, where Plaintiffs declared that their motion sufficed, and Plaintiffs did not seek *any* dispensation, and instead urged the Court to rule on their papers.  ECF 140 & 159.  Because their showings have fallen short, the answer should be clear: a denial of summary judgment and requiring the parties to proceed to trial.

5. Defendant objects that the Court's post trial ruling was one-sided and reflects bias by providing Plaintiffs seven days to prepare there supplemental presentation, while limiting the time

---

[2] It cannot be disputed that Plaintiffs could have sought discovery from the United States, including Rule 30 deposition testimony from Popper and/or Barfuss, to obtain evidence to present to this Court.  Plaintiffs decided *not* to proceed in that most regular of manners, and their failure of proof lies on their shoulders, and no other party's.

for Defendant to respond to four days.  ECF 170; *see also Liteky v. United States*, 510 U.S. 540, 543-555 (1994).

      6.   Defendant continues to object to the Court's instruction that it will take evidence from Agent Popper, *ex parte* and in camera, to resolve the fact questions presented by Plaintiffs' claims.  ECF 170 at 3:27-4:5.  Defendant contends that Fifth Amendment due process, his Sixth Amendment right confront witnesses against him, and his Seventh Amendment jury trial right each and collectively condemn the use a judicial star chamber to obtain and assess evidence to decide the pending motions.

**SPECIFIC OBJECTIONS AND REPLIES TO PLAINTIFFS' INDIVIDUAL SHOWINGS**

    **1.   Plaintiff "Amy"**

"Amy" contends that file "!12[1200].jpg contains sexual content, citing ECF 139-4 ¶ 5, p. 375, , 11. 13-20, p. 377.[3]

First, Defendant was not provided the opportunity to depose "Amy." Rather, the Court accepted the basis of this testimony—that "Amy" is in fact a victim of sexual abuse—as the basis to deny Defendant his Rule 30 rights to depose her and examine her on that predicate factual question.  ECF 131.  Respectfully, that circular logic gets it backward: "Amy's" "identity remains subject to proof[,]" ECF 131 at 4:21, and it improper to assume the answer in her favor without providing Defendant the opportunity to test that claim.  *See e.g.*, ECF 117.

So too, at the time the Court issued that ruling, Plaintiff "Amy" had declared that "identity is not an issue for discovery as the criminal court found each of the Plaintiffs to be victims of the predicate crime[,]" ECF 127 at 5:1-2, which of course, was patently false.  ECF 131 at 4:6-20.[4]

---

[3] As stated, Plaintiffs have not served upon Defendant any copy of ECF 139-4, and as a result, it is far from clear that the materials provided by Plaintiffs match up with that pleading. Defendant objects to this state of affairs, as set forth above, presented in the motion hearing, and set forth in counsel's February 5 declaration.  Defendant shall work off the publicly-filed ECF 140 (at 372 for Amy, which presents some version of a declaration purportedly from "Amy.") with respect to responding to Plaintiffs' supplemental presentation.

[4] Indeed, as Plaintiffs then conceded, "[w]ere Plaintiffs herein not identified in the underlying criminal case . . .  it might be appropriate to order further discovery." ECF 127 at 5:14-15.

As for her untested claim of identity, "Amy" declares that she is the person reflected in Ex. 1 to her declaration. But Exhibit 1 is completely redacted, and Defendant further has been deprived of any ability to challenge that contention of fact. (The same is true for all of the redactions on the publicly-filed brief; Defendant, while maintaining his objections to Plaintiffs' lack of proper service, will work of the set of materials provided by Plaintiffs, as he has no other choice.)

Next, Plaintiffs assert that with respect to file name "!12[1200].jpg, "Amy describes the sexual content of the image at paragraph 5 of her declaration." ECF 175 at 2:25-28. But that is not true. Nothing in her declaration filed at ECF 140 identifies the file name at all. Rather, this photograph, which Amy has never seen before, does not include her face and is from at least 25 years ago. *See* ECF 140 at 373 ¶ 5. Even further, with respect to the photograph, Amy's declaration establishes she has been told it is a picture of her, not that she authenticated any such fact. *Id.* ("My attorney showed me the photo attached as Ex. 1 and I understand that it is one of the child sex abuse photographs that the police confiscated from Randall Curtis.")

Confusing matters worse is Plaintiffs assertion that Ex.1 is the "same image as 2" found in the declaration of Kevin Laws ECF 139-4. ECF 175 at 3:5-12. But no witness has attested to that alleged fact.

Finally, and dispositively, Plaintiff relies on inadmissible hearsay—an NCMEC report—to declare that the image they present constitutes "image: !12[1200].jpg" that was allegedly found on Defendant's computer media. *See* Fed. R. Evid. 801.[5] As each NCMEC report makes plain at its header: "The following does not constitute verification of the identity of the child." And not only do these hearsay reports expressly disclaim accuracy or reliability, Plaintiffs' attempt to use them here are even more problematic more problematic, because no witness has presented evidence that the image presented with Amy's declaration (1) was found on Defendant's media,

---

[5] Plaintiffs' counsel have conceded that the notifications they receive with respect to alleged victim identification are not reliable because they sometimes incorrectly identify alleged victims. ECF 140 at 137 (Declaration of Margaret Mabie in Support of Motion for Summary Judgment) ¶¶ 3-4.

or (2) is, in fact, "image: !12[1200].jpg." In the Declaration of Kevin Laws in support of Plaintiffs' Motion for Summary Judgment that Defendant possesses, *see* ECF 140 at 144, Laws makes *no* mention of Amy, and makes *no* mention of "image: !12[1200].jpg." And while Laws tries to rely on hearsay to suggest that these images were found on Defendant's media, he doesn't in fact go that far. *See* ECF 140 at 158 ¶ 11 ("The file names on the redacted images correspond to a number, but not all, of those images viewed by me in the course of my evidence review in this matter. The file names of the redacted *photos correspond as well as to file names* listed in the NCMEC report for the various series") (emphasis added).[6]

Thus not only does Plaintiff Amy rely on inadmissible, testimonial hearsay, *viz.*, that S/A Popper or S/A Barfuss told Laws which images purportedly came from Defendant's media, the redacted images he provided aren't even those, but instead are "images representing the Plaintiffs' child exploitation *series*[,]" and *not* the actual images found on Defendant's media.

For each of these reasons, Amy has failed to meet her burden to obtain summary judgment, and the Court should set her case for trial.

**2. Plaintiffs "Erika" and "Tori."**

The mother of Erika and Tori could not determine which person is purportedly depicted in the image she attaches to her declaration. *See* ECF 140 at 364 (Declaration of Jane Smith) ¶ 6 ("The redacted photograph attached as Exhibit 1 is a photograph of Erika or Tori.") Thus neither Erika nor Tori has established her identity by a preponderance of the evidence.

Next, Plaintiffs claim that "File Name: mAM8xEc.jpg" constitutes child pornography based on a confidential settlement letter sent by defense counsel. ECF 175 at 3:13-20. But Fed. R. Evid. 408 & 801 preclude reliance on that hearsay letter to prove the facts of this case. *See also* ECF 148 at 24:12-21. Moreover, nothing in that letter reflects that it relates to File Name:

---

[6] Plaintiffs' careful construction of that sentence, which was drafted by Plaintiffs' counsel Carol Hepburn, and not Laws, *see* ECF 149 at 15:1-16:9 & n.11, to state that the sanitized photos "correspond to files names" without claiming of specifying (1) the photographs correspond to "all" file names or (2) identifying *which* files names they correspond to, as well as the content of *those* files, is a dodge, and insufficient, as Defendant has argued and now is plain yet again. *See* ECF 149 at 18:18-19:5.

mAM8xEc.jpg, and Plaintiffs concede that they did not produce in support of summary judgment any "declaration [that] describes the redacted content of" the image they present. ECF 175 at 3:23-28.

Finally, and dispositively, Plaintiffs rely on hearsay that is inadmissible pursuant to Fed. R. Evid. 801, *et seq.*—an NCMEC report—to declare that the image they present constitutes image "mAM8xEc.jpg" that was allegedly found on Defendant's computer media.[7] As each NCMEC report makes plain at its header: "The following does not constitute verification of the identity of the child." And not only do these hearsay reports expressly disclaim accuracy or reliability, Plaintiffs' attempt to use them here are even more problematic because no witness has presented evidence that the image presented with Smith's declaration (1) was found on Defendant's media, or (2) is, in fact, image "mAM8xEc.jpg". In the Declaration of Kevin Laws in support of Plaintiffs' Motion for Summary Judgment that Defendant possesses, *see* ECF 140 at 144, Laws makes *no* mention of Erika or Tori, and makes *no* mention of image "mAM8xEc.jpg". And while Laws tries to rely on hearsay to suggest that these images were found on Defendant's media, he doesn't in fact go that far. *See* ECF 140 at 158 ¶ 11 ("The file names on the redacted images correspond to a number, but not all, of those images viewed by me in the course of my evidence review in this matter. The file names of the redacted photos correspond as well as to file names listed in the NCMEC report for the various series." *See also* n.6, *supra.*)

Thus not only do Plaintiffs rely on inadmissible, testimonial hearsay, *viz.*, that S/A Popper or S/A Barfuss told Laws which images purportedly came from Defendant's media, the redacted images he provided aren't even those, but instead are "images representing the Plaintiffs' child exploitation *series*[,]" and *not* the actual images found on Defendant's media.

For each of these reasons, Erika and Tori have failed to meet their burden to obtain summary judgment, and the Court should set their cases for trial.

////

////

---

[7] *See* n.5 *supra.*, re: lack of reliability in "victim notification" reports.

### 3. Plaintiff "Jenny"

First, Defendant was not provided the opportunity to depose "Jenny." Rather, the Court accepted the basis of this testimony—that "Jenny" is in fact a victim of sexual abuse—as the basis to deny Defendant his Rule 30 rights to depose her and examine her on that predicate factual question. ECF 131. Respectfully, that circular logic gets it backward: "Jenny's" "identity remains subject to proof[,]" ECF 131 at 4:21, and it improper to assume the answer in her favor without providing Defendant the opportunity to test that claim. *See e.g.*, ECF 117.

So too, at the time the Court issued that ruling, Plaintiff "Jenny" had declared that "identity is not an issue for discovery as the criminal court found each of the Plaintiffs to be victims of the predicate crime[,]" ECF 127 at 5:1-2, which of course, was patently false. ECF 131 at 4:6-20.[8]

In addition, Jenny relies on the hearsay, inadmissible letter from defense counsel made during settlement negotiations in the criminal case, *see* Fed. R. Evid. 408 & 801, to suggest that image "Sw1HqoEuks.jpg" was found on Defendant's media. But she cannot rely on that letter based on the cited rules of evidence, and in any case, that letter doesn't identify any file name or image as Jenny suggests to this Court.

So too, Jenny relies on hearsay—an NCMEC report—to declare that the image she presents constitutes image "Sw1HqoEuks.jpg" that was allegedly found on Defendant's computer media.[9] As each NCMEC report makes plain at its header: "The following does not constitute verification of the identity of the child." And not only do these hearsay reports expressly disclaim accuracy or reliability, Plaintiffs' attempt to use them here are even more problematic because no witness has presented evidence that the image presented with Jenny's declaration (1) was found on Defendant's media, or (2) is, in fact, image "Sw1HqoEuks.jpg". In the Declaration of Kevin Laws in support of Plaintiffs' Motion for Summary Judgment that Defendant possesses, *see* ECF

---

[8] Indeed, as Plaintiffs then conceded, "[w]ere Plaintiffs herein not identified in the underlying criminal case . . . it might be appropriate to order further discovery." ECF 127 at 5:14-15.

[9] *See* n.5 *supra.*, re lack of reliability in "victim notification" reports.

8

140 at 144, Laws makes *no* mention of Jenny, and makes *no* mention of image "Sw1HqoEuks.jpg". And while Laws tries to rely on hearsay to suggest that this image was found on Defendant's media, he doesn't in fact go that far. *See* ECF 140 at 158 ¶ 11 ("The file names on the redacted images correspond to a number, but not all, of those images viewed by me in the course of my evidence review in this matter. The file names of the redacted photos correspond as well as to file names listed in the NCMEC report for the various series." *See also* n.6, *supra.*)

Thus not only does Plaintiff rely on other inadmissible, testimonial hearsay, *viz.*, that S/A Popper or S/A Barfuss told Laws which images purportedly came from Defendant's media, the redacted images he provided aren't even those, but instead are "images representing the Plaintiffs' child exploitation *series*[,]" and *not* the actual images found on Defendant's media.

For each of these reasons, Jenny has failed to meet her burden to obtain summary judgment, and the Court should set her case for trial.

4. **Plaintiff "Jessica"**

Like her co-plaintiffs, Jessica seeks to rely on defense counsel's negotiations, addressing unidentified images, to prove that Defendant possessed an illicit image of her. For the reasons stated, Jessica may not rely on defense counsel's negotiations in this way. Fed. R. Evid. 408 & 801. Moreover, nothing in that letter establishes that Defendant possessed image "!at22.jpg" which Jessica asserts is the image she has presented, but for which she has provided no evidence that Defendant possessed it. *See* ECF 175 at 4:24–5:10. Even further, Jessica concedes that she did not produce in support of her motion for summary judgment any "declaration [that] describes the redacted content of" the image she presents. ECF 175 at 5:6-11.

Finally, Plaintiff Jessica relies on hearsay that is inadmissible pursuant to Fed. R. Evid. 801, *et seq.*—an NCMEC report—to declare that the image she presents constitutes image "!at22.jpg" that was allegedly found on Defendant's computer media.[10] As each NCMEC report makes plain at its header: "The following does not constitute verification of the identity of the

---

[10] *See* n.5 *supra.*, re lack of reliability in "victim notification" reports.

9

child." And not only do these hearsay reports expressly disclaim accuracy or reliability, Plaintiff Jessica's attempt to use them here are even more problematic because no witness has presented evidence that the image presented with Jenny's declaration (1) was found on Defendant's media, or (2) is, in fact, image "@at22.jpg". In the Declaration of Kevin Laws in support of Plaintiffs' Motion for Summary Judgment that Defendant possesses, *see* ECF 140 at 144, Laws makes *no* mention of Jessica, and makes *no* mention of image "!at22.jpg". And while Laws tries to rely on hearsay to suggest that these images were found on Defendant's media, he doesn't in fact go that far. *See* ECF 140 at 158 ¶ 11 ("The file names on the redacted images correspond to a number, but not all, of those images viewed by me in the course of my evidence review in this matter. The file names of the redacted photos correspond as well as to file names listed in the NCMEC report for the various series." *See also* n.6, *supra.*)

Thus not only do Plaintiffs rely on inadmissible, testimonial hearsay, *viz.*, that S/A Popper or S/A Barfuss told Laws which images purportedly came from Defendant's media, the redacted images he provided aren't even those, but instead are "images representing the Plaintiffs' child exploitation *series*[,]" and *not* the actual images found on Defendant's media.

For each of these reasons, Jessica has failed to meet her burden to obtain summary judgment, and the Court should set her case for trial.

### 5. Plaintiff "Lily"

First, Plaintiff "Lily" relies on one federal agent (Findley) and one retired police detective (Shepherd) to attempt to establish identity. ECF 175 at 5:11-28. But Lily did not disclose her intended reliance on Findley and Shepherd as witnesses until October 28, the day before the discovery cutoff, *viz.*, a time at which Defendant could not seek any discovery from either witness because the requests would require "responses or depositions after the applicable discovery cutoff[.]" ECF 171 (Order) at 3:9-13. Both witnesses claim to know Lily since the time of her abuse by father more than 15 years ago. Lily's untimely disclosures of these two witnesses mean the Court may not permit Lily to rely on this proffered evidence in any motion or at trial. Fed. R. Civ. P. 37(c)(1); ); *Yetti by Molly Ltd.*, 259 F.3d at 1106; *Hoffman*, 541 F.3d at 1179-80.

So too, Plaintiff Lily relies on multiple layers of inadmissible hearsay *see* Fed. R. Evid. 801, *et seq.*—an NCMEC report and statements attributed to federal agent Barfuss to declare that image "6HYPoh3.jpg" was found on Defendant's media. ECF 175 at 5:11-25. [11]  But there is no record of Barfuss's hearsay statement, and Barfuss provided no testimony nor any declaration, nor was Barfuss subject to cross examination nor timely disclosed by Plaintiffs as a potential witness upon which any of them would rely.  For the reasons stated above, Lily may neither rely upon the unreliable, hearsay NCMEC report nor Barthus's hearsay to meet her burden here.

For each of these reasons, Lily has failed to meet her burden to obtain summary judgment, and the Court should set her case for trial.

### 6. Plaintiff "Maureen"

First, Defendant was not provided the opportunity to depose "Maureen."  Rather, the Court accepted the basis of this testimony—that "Maureen" is in fact a victim of sexual abuse—as the basis to deny Defendant his Rule 30 rights to depose her and examine her on that predicate factual question.  ECF 131.  Respectfully, that circular logic gets it backward: "Maureen's" "identity remains subject to proof[,]" ECF 131 at 4:21, and it improper to assume the answer in her favor without providing Defendant the opportunity to test that claim.  *See e.g.*, ECF 117.

So too, at the time the Court issued that ruling, Plaintiff "Maureen" had declared that "identity is not an issue for discovery as the criminal court found each of the Plaintiffs to be victims of the predicate crime[,]" ECF 127 at 5:1-2, which of course, was patently false.  ECF 131 at 4:6-20.[12]

In addition, Maureen attests that she has not seen the images of her alleged childhood abuse, and does not want to.  ECF 140 at 281 ¶ 7.  As a result, Maureen's reliance on her own declaration to provide identify, *see* ECF 175 at 6:12-19, does not meet her burden of proof at all.

////

---

[11] *See* n.4 *supra.*, re lack of reliability in "victim notification" reports.

[12] Indeed, as Plaintiffs then conceded, "[w]ere Plaintiffs herein not identified in the underlying criminal case . . .  it might be appropriate to order further discovery." ECF 127 at 5:14-15.

Next Maureen relies on one retired federal agent Rothrock to attempt to establish identity. ECF 175 at 6:21-28. But Maureen did not disclose her intended reliance on Rothrock as a witness until October 28, the day before the discovery cutoff, *viz.*, a time at which Defendant could not seek any discovery from him because the requests would require "responses or depositions after the applicable discovery cutoff[.]" ECF 171 (Order) at 3:9-13. Rothrock claims to know Maureen since the time of her abuse approximately 20 years ago. Maureen's untimely disclosures of this witness means the Court may not permit her to rely on this proffered evidence in any motion or at trial. Fed. R. Civ. P. 37(c)(1); ); *Yetti by Molly Ltd.*, 259 F.3d at 1106; *Hoffman*, 541 F.3d at 1179-80.

So too, Plaintiff Maureen relies on multiple layers of inadmissible hearsay *see* Fed. R. Evid. 801, *et seq.*—an NCMEC report and statements attributed to federal agent Barfuss to declare that image "180x240_d2e67a324e8df6c242cc.jpg" was found on Defendant's media. ECF 175 at 6:12-25. [13] But Laws makes *no* mention of Maureen *or* that file in this declaration, *see* ECF 140 at 144-159. And while Laws tries to rely on hearsay to suggest that these images were found on Defendant's media, he doesn't in fact go that far. *See* ECF 140 at 158 ¶ 11 ("The file names on the redacted images correspond to a number, but not all, of those images viewed by me in the course of my evidence review in this matter. The file names of the redacted photos correspond as well as to file names listed in the NCMEC report for the various series." *See also* n.6, *supra.*)

Thus not only do Plaintiffs rely on inadmissible, testimonial hearsay, *viz.*, that S/A Popper or S/A Barfuss told Laws which images purportedly came from Defendant's media, the redacted images he provided aren't even those, but instead are "images representing the Plaintiffs' child exploitation *series*[,]" and *not* the actual images found on Defendant's media.

For each of these reasons, Maureen has failed to meet her burden to obtain summary judgment, and the Court should set her case for trial.

////

---

[13] *See* n.4 *supra.*, re lack of reliability in "victim notification" reports.

### 7. Plaintiff "Mya"

Plaintiffs rely on untimely disclosed witnesses Jane Roe and Corporal Brown to assert identity. ECF 175 at 7:11-28. For the reasons set forth above, Rule 37 precludes Mya from relying on those witnesses at any motion or at trial.

Second, without citation to the record, Mya simply lists file name "p0pxBjTOzZ.jpg" as evidence of pornographic content. The lack of any witness to support that assertion dooms Mya's request for summary judgment.

Finally, Mya relies on multiple layers of inadmissible hearsay *see* Fed. R. Evid. 801, *et seq.*—an NCMEC report, and statements attributed to federal agent Popper, to declare that image "p0pxBjTOzZ.jpg" was found on Defendant's media. ECF 175 at 7:11-26.[14] Because Laws makes plain his reliance on Popper's hearsay statements to support this contention of fact, *see* ECF 140 at 147 ¶ 8, the Court may not rely on those contentions to support summary judgment.

For each of these reasons, Mya has failed to meet her burden to obtain summary judgment, and the Court should set her case for trial.

### 8. Plaintiff "Pia"

Pia asserts that Corporal Brown establishes the sexual content of file "9ztrPeL.jpg." ECF 175 at 8:15-21. That assertion is not accurate. Brown makes no mention of that file, nor does she connect any such file to Pia, much less Defendant.

Second, Pia relies on multiple layers of inadmissible hearsay *see* Fed. R. Evid. 801, *et seq.*—an NCMEC report, and statements attributed to federal agent Popper, to claim that image "9ztrPeL.jpg." was found on Defendant's media. ECF 175 at 8:15-25. Because Laws makes plain his reliance on Popper's hearsay statements to support this claim of fact, *see* ECF 140 at 147 ¶ 8, the Court may not rely on those contentions to support summary judgment. Indeed, Laws makes no mention of file "9ztrPeL.jpg" at any point in his declaration. *See* ECF 140 at 153-156.

For each of these reasons, Pia has failed to meet her burden to obtain summary judgment, and the Court should set her case for trial.

---

[14] *See* n.4 *supra.*, re lack of reliability in "victim notification" reports.

**9. Plaintiff "Sally"**

In her motion, Sally relied on a non-pornographic image, which she claims is file "180x240_4780244fc4d111bb6902.jpg". *Compare* ECF 140 at 152-53 with ECF 149 at 15:23-18:28. Sally now abandons that showing in full. ECF 175 at 9:7-20.

Instead, she now asserts that file "270x330_f28718ae8410b28" includes her in the image (asserting "expanded" frame shows Sally), but she offers no evidence that support that contention. Her expert Kevin Laws made *no* such claim in his declaration or deposition. *See* ECF 140 at 148-50. No person identifies Sally as depicted in "270x330_f28718ae8410b28", and Plaintiffs cite to no such evidence. ECF 175 at 9:7-20. The failure to disclose this so-called expert opinion means Plaintiffs cannot rely upon it in any event. *See* Fed. R. Civ. P. 26(b)(2); *see also* ECF 146-11 (Balogh Declaration); ECF 146-17 (Plaintiffs' expert disclosures).

Sally also cites to image "240x180_82571efbaa76d6b3cdd3.jpg"—an image she claims is of "Sierra"—has some import to this case, but doesn't claim at all that that image contains pornographic content depicting Sally. So too, this so-called expert opinion was never disclosed, and thus may not be considered now. *See* Fed. R. Civ. P. 26(b)(2); *see also* ECF 146-11 (Balogh Declaration); ECF 146-17 (Plaintiffs' expert disclosures).

Last, on question of whether "270x330_f28718ae8410b28"—the only picture Sally claims is pornographic, but without citing to any evidence that supports that bare contention—was found on Defendant's media, Sally (like the other Plaintiffs), relies on multiple layers of inadmissible hearsay *see* Fed. R. Evid. 801, *et seq.*—an NCMEC report, and statements attributed to federal agent Popper, to claim that image a photograph not depicting Sally, "240x180_82571efbaa76d6b3cdd3.jpg" was found on Defendant's media. ECF 175 at 9:7-18.[15] Because Laws makes plain his reliance on Popper's hearsay statements to support this claim, *see* ECF 140 at 147 ¶ 8, the Court may not rely on those contentions to support summary judgment.

For each of these reasons, Sally has failed to meet her burden to obtain summary judgment, and the Court should set her case for trial.

---

[15] *See* n.5 *supra.,* re lack of reliability in "victim notification" reports.

    **10. Plaintiff "Sarah"**

First, Defendant was not provided the opportunity to depose "Sarah." Rather, the Court accepted the basis of this testimony—that "Sarah" is in fact a victim of sexual abuse—as the basis to deny Defendant his Rule 30 rights to depose her and examine her on that predicate factual question. ECF 131. Respectfully, that circular logic gets it backward: "Sarah's" "identity remains subject to proof[,]" ECF 131 at 4:21, and it improper to assume the answer in her favor without providing Defendant the opportunity to test that claim. *See e.g.*, ECF 117.

So too, at the time the Court issued that ruling, Plaintiff "Sarah" had declared that "identity is not an issue for discovery as the criminal court found each of the Plaintiffs to be victims of the predicate crime[,]" ECF 127 at 5:1-2, which of course, was patently false. ECF 131 at 4:6-20.[16]

Next, Sarah asserts that the record establishes that image "Carved[136]8460].jpg" contains pornographic content. ECF 175 at 9:21-10:3. But contrary to her assertion, neither her declaration, *see* ECF 140 at 293, nor Detective Behymer, *see* ECF 140 at 299, declare any such thing. (And, as before, the untimely disclosure of Detective Behymer as a witness precludes Sarah from relying on her as a witness for motion practice or trial. *See* Fed. R. Civ. P. 37(c)(1)).

So too, Sarah relies on hearsay that is inadmissible pursuant to Fed. R. Evid. 801, *et seq.*—an NCMEC report—to declare that the image she presents constitutes image "Carved[136]8460].jpg" that was allegedly found on Defendant's computer media.[17] As each NCMEC report makes plain at its header: "The following does not constitute verification of the identity of the child."

And not only do these hearsay reports expressly disclaim accuracy or reliability, Plaintiff Sarah's attempt to use them here are even more problematic because no witness has presented

---

[16] Indeed, as Plaintiffs then conceded, "[w]ere Plaintiffs herein not identified in the underlying criminal case . . . it might be appropriate to order further discovery." ECF 127 at 5:14-15.

[17] *See* n.5 *supra.*, re lack of reliability in "victim notification" reports.

evidence that the image presented (1) constitutes "Carved[136]8460].jpg" or (2) that image "Carved[136]8460].jpg" was found on Defendant's media. *Compare* ECF 175 at 9:21-10:4 *with* ECF 140 at 144-49 (Laws Declaration omitting any mention of "Carved[136]8460].jpg".) More directly, in the Declaration of Kevin Laws in support of Plaintiffs' Motion for Summary Judgment that Defendant possesses, *see* ECF 140 at 144, Laws makes *no* mention of image "Carved[136]8460].jpg". And while Laws tries to rely on hearsay to suggest that these images were found on Defendant's media, he doesn't in fact go that far. *See* ECF 140 at 158 ¶ 11 ("The file names on the redacted images correspond to a number, but not all, of those images viewed by me in the course of my evidence review in this matter. The file names of the redacted photos correspond as well as to file names listed in the NCMEC report for the various series." *See also* n.6, *supra.*)

Thus not only do Plaintiffs rely on inadmissible, testimonial hearsay, *viz.*, that S/A Popper or S/A Barfuss told Laws which images purportedly came from Defendant's media, the redacted image Sarah relies on aren't necessarily those, but instead are "images representing the Plaintiffs' child exploitation *series*[,]" and *not* the actual images found on Defendant's media.

For each of these reasons, Sarah has failed to meet her burden to obtain summary judgment, and the Court should set her case for trial.

**11. Plaintiff "Savannah"**

Savannah asserts that image "180x240_06ad74ac075b5bb1d517.jpg" depicts child pornography. ECF 175 at 10:17-26. But Savannah relies on hearsay that is inadmissible pursuant to Fed. R. Evid. 801, *et seq.*—an NCMEC report—to declare that this image was found on Defendant's media.[18] As each NCMEC report makes plain at its header: "The following does not constitute verification of the identity of the child."

So too, Laws declaration relies on Popper's and/or Barfuss's inadmissible hearsay statements to assert that this image was found on Defendant's media. *See* ECF 140 at 147 ¶ 8.[19]

---

[18] *See* n.5 *supra.*, re lack of reliability in "victim notification" reports.

[19] *See* n.5 *supra.*, re lack of reliability in "victim notification" reports.

So too, the untimely disclosure of Barfuss as a potential witness in this matter bars her testimony pursuant to Fed. R. Civ. P. 37(c)(1).

For each of these reasons, Savannah has filed to meet her burden to obtain summary judgment, and the court should set her case for trial.

### 12. Plaintiff "Sierra"

Sierra asserts that image "270x330_f28718ae8410b289b47e.jpg" depicts child pornography.  ECF 175 at 11:4-12.  But Sierra relies on hearsay that is inadmissible pursuant to Fed. R. Evid. 801, *et seq.*—an NCMEC report and statements from Popper and Barfuss—to declare that this image was found on Defendant's media.  *Id.* at 11:4-20.[20]  As each NCMEC report makes plain at its header: "The following does not constitute verification of the identity of the child."  So too, Laws declaration relies on Popper's and Barfuss's inadmissible hearsay statements to assert that this image was found on Defendant's media.  *See* ECF 140 at 147 ¶ 8.  So too, the untimely disclosure of Barfuss as a potential witness in this matter bars her testimony pursuant to Fed. R. Civ. P. 37(c)(1).

For each of these reasons, Sierra has failed to meet her burden to obtain summary judgment, and the court should set her case for trial.

### 13. Plaintiff "Skylar"

Skylar contends that image "17btguD.jpg" depicts child pornography.  ECF 175 at 11:21-28.  But Skylar relies on hearsay that is inadmissible pursuant to Fed. R. Evid. 801, *et seq.*—an NCMEC report and statements from Popper and Barfuss—to declare that this image was found on Defendant's media.  *Id.* at 11:4-20.[21]  As each NCMEC report makes plain at its header: "The following does not constitute verification of the identity of the child."  So too, Laws declaration relies on Popper's and Barfuss's inadmissible hearsay statements to assert that this image was found on Defendant's media.  *See* ECF 140 at 147 ¶ 8.  So too, the untimely disclosure of Barfuss as a potential witness in this matter bars her testimony pursuant to Fed. R. Civ. P. 37(c)(1).

---

[20] *See* n.5 *supra.*, re lack of reliability in "victim notification" reports.

[21] *See* n.5 *supra.,* re lack of reliability in "victim notification" reports.

For each of these reasons, Skylar has failed to meet her burden to obtain summary judgment, and the court should set her case for trial.

**14. Plaintiff "Violet."**

Violet contends that image "180x240_f86cc9955c6acb773216.jpg" depicts child pornography. ECF 175 at 12:9-23. But she relies on untimely disclosed witness Jeffrey Stetler to make that claim, *see id.*, and Stetler's declaration makes no mention of image "180x240_f86cc9955c6acb773216.jpg". (And Plaintiffs' untimely disclosure of STetler bars consideration of his "evidence" in any case. *See* Fed. R. Civ. P. 37(c)(1). Nor does Laws identify this image in his declaration. *See* ECF 140 at 148 ¶ 9. For this reason alone, the Court should deny Violet summary judgment.

So too, Violet relies on hearsay that is inadmissible pursuant to Fed. R. Evid. 801, *et seq.*—an NCMEC report and statements from Popper and Barfuss—to declare that this image was found on Defendant's media. *Id.* at 11:4-20.[22] (But, again, Laws did *not* attest that image "180x240_f86cc9955c6acb773216.jpg" was found on Defendant's media. *See* ECF 140 at 148 ¶ 9, and Plaintiffs' did not disclose any such testimony in their expert disclosures, barring consideration of this evidence in any event. *See* ECF 146-11 & ECF 146-17.) Moreover, as each NCMEC report makes plain at its header: "The following does not constitute verification of the identity of the child." So too, Laws declaration relies on Popper's and Barfuss's inadmissible hearsay statements to assert that some *other* image was found on Defendant's media. *See* ECF 140 at 147 ¶ 8. So too, the untimely disclosure of Barfuss as a potential witness in this matter bars her testimony pursuant to Fed. R. Civ. P. 37(c)(1).

For each of these reasons, Violet has failed to meet her burden to obtain summary judgment, and the court should set her case for trial.

////

////

---

[22] *See* n.5 *supra.,* re lack of reliability in "victim notification" reports.

# CONCLUSION

Based on the arguments set forth above, as well as the arguments presented at ECF 146 and ECF 149-154, the Court should deny Plaintiffs and each of them summary judgment and set this matter for trial.

                                                Respectfully submitted,

                                                COLEMAN & BALOGH LLP

DATED: March 19, 2021                */s/ E. A. Balogh*
                                                ETHAN A. BALOGH

                                                Attorneys for Defendant
                                                RANDALL CURTIS