UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

"AMY", et al.,

    Plaintiffs,

    v.

RANDALL STEVEN CURTIS,

    Defendant.

Case No. 19-cv-02184-PJH

**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**

Re: Dkt. Nos. 139, 146, 158, and 174

    Before the court are multiple administrative motions to seal portions of the parties' briefs and documents submitted related to plaintiffs' motion for summary judgment.

    In this case involving child sexual abuse materials, the court granted a modified stipulated protective order. Dkt. 61. The protective order provides that documents and photos which tend to reveal the identity of these plaintiffs shall remain confidential. The protective order further provides that government-originated discovery material from the underlying criminal case, United States v. Curtis, 16-cr-510-SI, shall remain subject to the protective orders in that matter (Dkt. 13 and 89). Based in part on this stipulated protective order, the parties submitted these four (4) administrative motions to file under seal portions of their briefing and supporting documents related to plaintiffs' motion for summary judgment. See Dkt. 139, 146, 158, and 174. None were opposed.

     A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case"—regardless whether that motion is "technically dispositive"—must demonstrate that there are compelling reasons to keep the documents under seal. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092,

1  1101-02 (9th Cir. 2016).

2        Here, the parties submit materials related to plaintiff's motion for summary
3  judgment, which is more than tangentially related to the merits of the case.  Much of the
4  information the parties seek to seal relates to plaintiffs' location information.  Plaintiffs
5  report a substantial risk that the publication of personally identifying information in this
6  case would lead to significant embarrassment through public recognition as well as
7  threats to their safety from Internet stalkers and others.  Plaintiffs also report that the
8  descriptions of the child sexual abuse material, if left in the public record, "would serve
9  only to titillate the prurient interests of child sex offenders."  Hepburn Decl. ¶ 5 (Dkt. 139-
10 1 at 3).  The court finds these are compelling reasons to keep the documents under seal.

11       The court GRANTS plaintiffs' motion to file under seal portions of their motion for
12 summary judgment and supporting documents.  Dkt. 139.

13       The court GRANTS defendant's motion to file under seal portions of his opposition
14 to plaintiff's motion for summary judgment and portions of his supporting documents.
15 Dkt. 146.

16       The court GRANTS plaintiffs' motion to file under seal portions of their reply brief
17 in support of the motion for summary judgment.  Dkt. 158.

18       The court GRANTS plaintiffs' motion to file under seal portions of the chart
19 regarding their motion for summary judgment.  Dkt. 174.

20       **IT IS SO ORDERED.**

21 Dated: April 13, 2021

22       /s/ Phyllis J. Hamilton
23       PHYLLIS J. HAMILTON
      United States District Judge