John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel: (805)272-4001
Fax: (805)719-6858
Email: jk@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA 98008
(425)747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA 98127
Tel: (206)957-7272
Fax: (206)957-7273
Email: carol@hepburnlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ""AMY," "ERIKA," JANE SMITH, as next of friend for "TORI," minor, "JENNY," and "JESSICA," "LILY," "SARAH," JOHN DOE as court appointed conservator for "SIERRA," and "SALLY," minors, JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH," minors, "MAUREEN," WILLIAM L.E DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE, as next of friend for "PIA," and "MYA," minors,<br><br>Plaintiffs,<br><br>v. | NO. 4:19-cv-02184-PJH<br><br>PLAINTIFFS' MOTION TO APPROVE MINORS' SETTLEMENTS<br><br>Date: October 28, 2021<br>Time: 9:30 a.m.<br>Before the Honorable Magistrate Judge Laurel Beeler<br>United States District Court<br>San Francisco Courthouse, Courtroom B – 15th Floor |

| | |
|---|---|
| 1 | RANDALL STEVEN CURTIS |
| 2 | |
| 3 | Defendant. |

### NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that, on October 28, 2021, at 9:30 am., or as soon thereafter as counsel may be heard,

Plaintiffs Skylar, Savannah, Sally, Violet, and Pia, minors, and Sierra who is subject to conservatorship proceedings, will and hereby do move the Court for approval of minor settlements.

This motion is based upon this Notice of Motion and Motion, the Declarations of counsel, Declarations of Parents, Proposed Order Granting Motion to Approve Minor Settlements, all pleadings and papers on file in this action and upon such other matters as may be presented to the Court at the time of hearing.

**An unredacted copy of this Motion has been lodged as an Exhibit to Plaintiffs' Administrative Motion to Seal [Doc. 202, Exh. 2].  Plaintiffs filed the present redacted Motion for the purpose of reserving a hearing date pending a ruling on their Motion to Seal.**

DATED this 20th day of September, 2021.

CARPENTER, ZUCKERMAN & ROWLEY

s/John A. Kawai
John A. Kawai, 260120
407 Bryant Circle, Suite F
Ojai, CA 93023
805-272-4001
jk@czrlaw.com

DEBORAH A. BIANCO, PLLC

s/Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA 98008
(425) 747-4500
deb@debbiancolaw.com

CAROL L. HEPBURN, P.S.

s/Carol L. Hepburn
Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA 98127
(206) 957-7272
carol@hepburnlaw.net

Attorney for Plaintiffs

## MOTION

Plaintiffs Jane Doe for "Skylar" and "Savannah", minors, John Doe for "Sally" minor and "Sierra," who is subject to conservatorship proceedings, William L.E. Dussault for "Violet" and Jane Roe for "Pia," minor bring this motion for approval of the proposed settlements for minors "Skylar", "Savannah", "Sally", "Violet", and "Pia" and for "Sierra" who is the subject of a conservatorship.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    RELIEF REQUESTED**

This matter comes on the motion of the Plaintiffs for approval by the court of a settlement reached in this matter involving, in part, the compromise of claims made on behalf of the minors in this action. With the assistance of Magistrate Thomas Hixson through two settlement conferences

and the assistance of Magistrate Laurel Beeler through a final settlement conference the parties have reached this tentative agreement.

At the time of the settlement at the final settlement conference, the parties agreed that this Motion would be presented before Magistrate Beeler.

Plaintiffs further request approval of the attorneys fees and costs advanced reimbursement proposed.

## II. BACKGROUND

This matter was brought by the Plaintiffs for civil remedies under 18 U.S.C. 2255(a).  The Court has previously approved Plaintiffs' proceeding via pseudonym ECF 7.  Each of the Plaintiffs herein are victims of child sex abuse image crimes.  The Defendant was convicted on plea of guilty of possession of child sex abuse images.

Five of the fifteen Plaintiffs herein are currently minors---- Skylar, Savannah, Sally, Violet, and Pia.  Sierra has attained majority but is the subject of a conservatorship proceedings in her home state.  The conservatorship in her home state lasts until age 21 by statute and she has not yet reached that age.  Until August 19, 2021 Sierra was the subject of a formal guardianship as well. Mya and Tori, who were minors at the time of filing of the Complaint, have since obtained majority.  Therefore, the parties ask the Court for approval of the settlements of Skylar, Savannah, Sally, Sierra, Violet, and Pia in this motion.

Blocked accounts have been set up pursuant to previous court orders for each of the minors and for Sierra.  All funds obtained on account of their status as victims of child sex abuse image crimes for all save Pia are placed in blocked accounts monitored by their home state court.  A blocked account for Pia is set up in Seattle Washington, the home state of her legal counsel.  Each of these accounts preclude withdrawal of funds absent court order.   Plaintiffs proposed that within forty-five (45) days of receipt of any funds for the minors herein which may be approved by the

court that Plaintiff's counsel files with the court a declaration verifying the deposit of such funds into the blocked account. It is further requested that any bond be waived.

### III. EVIDENCE RELIED UPON

The parties rely upon Declarations of parents Jane Doe, John Doe, the mother of Violet, Jane Smith, and Jane Roe, and the Declarations of Plaintiffs' counsel Carol L, Hepburn, Deborah A. Bianco, and John A. Kawai, as well as the records and files herein.

### IV. ISSUES PRESENTED

A. Whether the settlements proposed for the minors are fair and reasonable.

B. Whether the attorneys fees and costs reimbursement requested are fair and reasonable.

C. Whether the provision for deposit of funds for minors into blocked accounts is reasonable.

### V. LEGAL AND FACTUAL ISSUES

This court has a special duty to protect the interests of the minors herein. *Robidoux v. Rosengren*, 638 F.3d 1177 (9th Cir. 2011). The question before the court is whether the net settlement to be distributed to the minors is fair and reasonable in light of the facts and circumstances of the case *Robidoux, supra* at 1181-82.

Plaintiffs have sought by their complaint statutory liquidated damages of $150,000 each plus attorneys fees as provided by 18 U.S.C. 2255(a). The parties have engaged in extensive discovery and litigation of the issues presented by this matter as is evidenced by the Court's Docket herein.

Relatively few cases have been brought under this statute for victims of child sex abuse image crimes and far fewer have been litigated fully or tried. Little caselaw has been developed in other cases concerning the issues presented

///

### VI. PROPOSED SETTLEMENT AND SOURCE OF FUNDS

There is no insurance policy which might cover the claims against Mr. Curtis or the costs of defense. Plaintiffs understand that through the course of the final settlement conference with Magistrate Judge Beeler that Defendant Mr. Curtis and his counsel candidly disclosed the extent of his assets and their liquidity. Plaintiffs further understand that Mr. Curtis' commercial legal counsel provided information to defense counsel herein and/or to the court which was germane to the question of resources available for settlement. Plaintiffs' counsel engaged in investigation of such matters to the extent that they were able given the application of various privacy laws.

The settlement tentatively reached by the parties provides for Mr. Curtis to pay a total of $950,000.00 for benefit of all Plaintiffs on or before October 5, 2021 to Plaintiffs' counsel's trust account in settlement and resolution of all claims herein. These funds would remain in the trust account pending the outcome of the minor settlement process should it not be complete by this time. Plaintiffs understand that this payment requires a liquidation of or mortgage of a portion of Mr. Curtis' assets.

Further litigation of this matter in the absence of settlement would further consume the finite resources available for settlement

The Plaintiffs, by prior agreement among themselves, agree to an equal sharing of any proceeds of the resolution of this matter as well as an equal sharing of the costs of the litigation. With the proposed settlement each of the plaintiffs would receive $63,333.33 gross. As explained below, after proposed fees of $21,111.11 each, and costs of $3,331.78 each, the net to each plaintiff, including each of the minors, would be $38,890.44.

There are no subrogated expenses to be paid from the settlement funds.

### VII.    ATTORNEYS FEES AND COSTS

This action is brought under 18 U.S.C. 2255(a) and is still relatively novel in terms of the broad sweep of subject matter of federal court actions. Few such actions have apparently been tried

across the country. Plaintiffs' counsel are aware of only approximately ten attorneys including themselves, nationwide, who regularly represent victims of child sex abuse image exploitation crimes in civil matters or criminal restitution matters.

Plaintiffs' attorneys have advanced all costs necessary in pursuit of this action. No funds have been advanced by any of the plaintiffs themselves.

Plaintiffs' counsel jointly estimate that they have expended a hours in prosecuting this matter approximating $400,000 in fees for attorney time. This does not count time spent by counsel's paralegals who have expended additional time on initial drafts of documents, correspondence, communications with clients, and scheduling.

Minor Plaintiffs' parents and the Settlement Guardian ad Litem for Violet entered into fee agreements with counsel Hepburn and Bianco at the outset of representation providing for a one-third contingent fee together with reimbursement of reasonable out of pocket costs. Attorney Hepburn has represented the minors Sally, Skylar, Savannah, and their sister Sierra and also the minor Violet since 2015 under this fee agreement. Attorneys Hepburn and Bianco have represented the minor Pia since 2016, also under a one-third contingent fee agreement. These agreements have previously been approved by multiple courts in similar matters and the conservatorship/guardianship matters. For purposes of this action, an agreement for association of Attorney Kawai as local counsel was also entered into by each of the Plaintiffs. This agreement provides that Mr. Kawai's fees would be a part of the one-third contingent fee and that Plaintiffs would pay no greater fee because of his participation as local counsel.

Declarations of each counsel are filed herewith attesting to the time and efforts expended in this matter. An itemization of costs advanced is included with each declaration.

Plaintiffs' counsel have brought other similar actions under 18 U.S.C. §2255 for these plaintiffs. Despite similar issues, the outcomes vary substantially depending on the development of record in the underlying criminal proceedings and the assets and circumstances of the particular

defendant.  Many such resolutions by settlement result in contingent fees at less than counsel's hourly rate.

Plaintiffs rely on the Declarations of counsel Carol L. Hepburn, Deborah A. Bianco, Margaret Mabie, and John Kawai in support of their request for approval of attorneys fees and costs as well as the declarations of the parents of the minors and of William L. E. Dussault, Settlement Guardian ad Litem for Violet.  .

Defendant does not object to the granting of this motion.

Respectfully submitted on this 20th day of September, 2021.

        CARPENTER, ZUCKERMAN, & ROWLEY

        By  /s John A. Kawai
        John A. Kawai, CSBA No. 260120
        407 Bryant Circle, Suite F
        Ojai, CA 93023
        805-272-4001
        jk@czrlaw.com
        Attorney for Plaintiffs

        CAROL L. HEPBURN, P.S.

        By  /s Carol L. Hepburn
        Carol L. Hepburn, WSBA No. 8732, *Pro Hac Vice*
        PO Box 17718
        Seattle, WA  98127
        (206) 957-7272
        (206) 957-7273 fax
        Email:  carol@hepburnlaw.net
        Of Attorneys for Plaintiffs

///

| | |
|---|---|
| 1 | DEBORAH A. BIANCO, P.S. |
| 2 | By /s Deborah A. Bianco |
| 3 | Deborah A. Bianco, WSBA No. 19826, *Pro Hac Vice* <br> PO Box 6503 |
| 4 | Bellevue, WA 98008 <br> Phone: 425-747-4500 |
| 5 | Email: deb@debbiancolaw.com |
| | Of Attorneys for Mya, Maureen and Jane Roe for Pia |

PLAINTIFFS' MOTION TO APPROVE
MINORS' SETTLEMENTS - 9

NO. 4:19-cv-02184-PJH