John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F
Ojai, CA 93023
Tel: (805)272-4001
Fax: (805)719-6858
Email: jk@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA 98008
(425)747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA 98127
Tel: (206)957-7272
Fax: (206)957-7273
Email: carol@hepburnlaw.net

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "AMY," "ERIKA," JANE SMITH, as next of friend for "TORI," minor, "JENNY," and "JESSICA," "LILY," "SARAH," JOHN DOE as court appointed conservator for "SIERRA," and "SALLY," minors, JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH," minors, "MAUREEN," WILLIAM L.E DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE, as next of friend for "PIA," and "MYA," minors, <br><br> Plaintiffs, <br><br> v. | NO. 4:19-cv-02184-PJH <br><br> DECLARATION OF CAROL L. HEPBURN IN SUPPORT OF MOTION TO APPROVE MINOR SETTLEMENTS AND ENTER AN ORDER OF DISMISSAL <br><br> HEARING DATE: <br><br> TIME: 10:00 am <br><br> COURTROOM: <br><br> BEFORE HONORABLE MAGISTRATE JUDGE LAUREL BEELER <br> UNITED STATES DISTRICT COURT |

RANDALL STEVEN CURTIS

                Defendant.

I, CAROL L. HEPBURN, hereby declare the following:

1. I represent the Plaintiffs herein. I make this declaration based upon my own personal knowledge and professional experience as an attorney, in support of Plaintiffs' Motion to Approve Minor Settlements.

2. **Qualifications.** I have been licensed to practice law in the State of Washington since 1978 and in the State of Oregon since 2003. I am, and have been, in good standing in both states throughout that time.

3. I began my practice in 1978 as a deputy prosecuting attorney for King County in Seattle, Washington. At that time, among other matters, I prosecuted sexual assault crimes. After leaving the County in 1982 and over the following years to date my practice has involved a large number of sexual assault related claims. For approximately eight years following my leaving the prosecutor's office I defended individuals charged with sexual assault crimes. Later my practice included family law cases involving alleged child sex abuse, civil sexual harassment matters both for plaintiffs and defendants, investigating sexual harassment allegations for employers, and civil sexual assault tort cases.

4. In 2008, I began representing victims of child pornography and online exploitation crimes. I have represented such victims in both criminal restitution and civil cases. I have participated in appeals of restitution orders entered under 18 USC 2259 and was a part of the team which took the case of *Paroline v. United States,* 572. U.S. 464 (2014), to the United States Supreme Court. The work on these restitution issues included appeals pending in the Ninth, Third, Fourth,

and Seventh Circuits as well as *Paroline* which arose in the Fifth Circuit. Multiple petitions for certiorari to the Supreme Court were filed prior to the court accepting *Paroline* for review.

5. Since the *Paroline* decision in 2014, I have participated in representing the victims' viewpoint in meetings with Congressional staffers concerning amendments now passed to Sections 2255 and 2259 of Title 18. Through meetings with victim advocacy agencies and other attorneys representing this population of victims, and through my representation of multiple such clients over the last thirteen years I believe that there are less than a dozen lawyers who regularly represent victims of child pornography crimes in criminal restitution matters and even fewer who bring civil claims under Section 2255 on more than an isolated basis.

6. Additionally, I have been active in non-legal advocacy efforts to support victim rights and well-being through the Canadian Centre for Child Protection in Winnipeg, Manitoba, CA and the National Center for Missing and Exploited Children in Alexandria, VA. These activities include among other things participating in an international working group which created the first ever survey for data on the experience of child pornography victims, participation in a project to produce video victim impact statements for these victims, and assisting in bringing together a first ever group of such victims for community building and mutual support.

7. The issues presented by this matter are fairly unique in that few civil cases brought by victims of the crime of child sex abuse material exploitation have been brought across the nation. Many of the legal issues arising under these claims have not been developed and remain uncertain. Approximately 75% of my practice at this time is devoted to representing these victims on all matters relating to their status as survivors of child pornography claims. Not all such efforts result in generation of fees. The remainder of my practice is focused on general personal injury matters. Pursuing this matter has meant that I have not pursued other matters in my practice with more reliable outcomes.

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF MOTION TO APPROVE MINOR
SETTLEMENTS - 3

8.     **Representation of Adults and Their Agreement to Proposed Settlement**. I individually have represented Lily and Sarah for a number of years.  Deborah A. Bianco, counsel of record for Plaintiffs herein, is co-counsel with me in representing Maureen and Mya.  All are adults and live outside of the state of California and all have approved this settlement.

9.     For the purpose of this litigation, I represent Amy, Jessica, Erika, Tori, and Jenny as counsel of record while working together with the Marsh Law Firm PLLC whose attorneys are their primary counsel in matters related to their status as crime victims.   All these young women are adults and reside outside the state of California.  I have communicated with them via their primary counsel James Marsh and Margaret Mabie, and they have approved this proposed settlement.

10.     **Minor Violet.**  I have represented the minor Violet since 2015 in matters concerning her status as a victim of child pornography crimes.  In Violet's home state I petitioned the state court at the outset of my representation of her for appointment of a Settlement Guardian ad Litem (GAL.) The court appointed attorney William L.E. Dussault, and he has served in that position continuously since that time.  I have consulted with GAL Dussault throughout this litigation, and he has provided his declaration, filed herewith, approving the proposed settlement.

11.     Pursuant to the state court's GAL order for Violet and court rule I opened a blocked account for Violet. All moneys collected on her behalf as a function of her being a victim of child pornography crimes have been deposited by me into that account.  No withdrawals have been made and reports concerning efforts and collections made in the course of the representation have periodically been submitted to and approved by the court.

The following is the text of the pertinent portion of the court rule in Violet's home state concerning handling of funds received pursuant to settlement on behalf of a minor:

> (h)  Deposit in Court and Disbursements. Except for any structured portion of a settlement, the total judgment or total settlement shall be paid into the registry of the court, or as otherwise ordered by the court.  All sums deductible

therefrom, including costs, attorney's fees, hospital and medical expenses, and any other expense, shall be paid upon approval of the court.

12. **Minors Skylar, Savannah, and Sally, and Sierra**. I have represented Skylar, Savannah, Sally and Sierra, all biological sisters, since 2015. At the outset of this representation, I engaged local counsel in their home state who petitioned the state court for appointment of conservators for them.

13. Jane Doe is the adoptive mother of Skylar and Savannah and has been appointed by her local court as their conservator. Skylar and Savannah are each minors and reside outside the state of California. I have communicated with Jane Doe concerning this matter and she is in agreement with the settlement, and she has signed a declaration to that effect which is filed contemporaneously herewith. Pursuant to the conservatorship order and local court rule, blocked accounts were established for each Skylar and Savannah. No withdrawals may be made from these accounts without court order. All funds recovered on their behalf have been deposited into these accounts and reports to the court made each year. All reports have been approved by the court. Fee agreements signed by Jane Doe and her husband as Skylar and Savannah's parents at the outset of my representation provide for attorneys fees of one-third contingency fee plus out of pocket costs for any civil matter.

14. John Doe is the adoptive father of Sally and Sierra and has been appointed by his local court as the conservator for Sally. Both Sally and Sierra reside outside the state of California. Sally is still a minor. Sierra has reached majority, but is also the subject of a conservatorship which, under the rules of her home state, continue until age 21. She is not yet 21. For this reason, we ask that the court approve her settlement herein as well. John Doe participated in the final settlement

conference in this matter with the court on June 7, 2021 and he is in agreement with the settlement. He has signed a declaration to that effect which is filed contemporaneously herewith. Pursuant to the conservatorship order and local court rule, blocked accounts were established for each Sally and Sierra. No withdrawals may be made from these accounts without court order. All funds recovered on their behalf have been deposited into these accounts and reports to the court made each year. All reports have been approved by the court. Fee agreements signed by John Doe and his wife as Sally and Sierra's parents at the outset of my representation provide for attorneys fees of one-third contingency fee plus out of pocket costs for any civil matter. Once Sierra reached majority, she signed a new fee agreement again providing for attorneys fees of one-third on a contingency basis.

15. **Minor Pia.** I have represented Pia and Mya (biological sisters) since 2016. Deborah A. Bianco, counsel of record for Plaintiffs herein is co-counsel with me in representing Pia and Mya, with regard to civil and criminal matters related to their status as victims of child pornography crimes. These young women are residents of Canada. Since the outset of this litigation Mya has reached the age of majority under the laws of the United States. Jane Roe, next friend for both Pia and Mya at the outset of this litigation, has signed her declaration filed herein indicating her approval of the settlement for Pia and that Mya is now an adult. The fee agreement signed by Jane Roe as Pia and Mya's mother at the outset of our representation provides for attorneys fees of one-third contingency fee plus out of pocket costs for any civil matter.

16. As the result of a prior civil settlement a blocked account was established for Pia on which I am a signor and into which funds obtained for her have been deposited. This account is the subject of prior court order requiring that the funds obtained from this, and

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF MOTION TO APPROVE MINOR
SETTLEMENTS - 6

1  other civil settlements would be placed and held without any withdrawals absent court order
2  until Pia reaches the age of majority.
3     17.    Plaintiffs understand that the Defendant will pay $█████████ to settle the claims of
4  fifteen victims.  Plaintiffs have agreed previously to divide the settlement proceeds equally and to
5  share equally per capita in the fees and costs.  This means that each plaintiff would receive
6  $█████████ gross before fees and costs are deducted.
7     18.    The amount of the settlement in this case is within the range of the amounts many of
8  my adult child pornography clients have received where the defendant has comparable assets.
9  Plaintiffs' counsel have conducted an investigation to the extent they are able given privacy laws into
10 the assets of the defendant.  There is no insurance coverage for this loss.  This proposed agreement is
11 specifically premised on the financial representations that Defendant has made.
12    19.    Given the circumstances of this case I believe that this is a reasonable settlement and
13 in the best interests of all plaintiffs.  This is my independent judgment based on my knowledge and
14 experience with other similar cases, my analysis of the legal issues and our investigation into the
15 circumstances of the defendant.
16    20.    Plaintiffs' legal team estimates that as a whole they have expended the equivalent of
17 at least $400,000.00 worth of time in legal fees.  As the docket of this matter illustrates, the case has
18 been aggressively litigated.  Not shown on the docket are the extensive documents produced in
19 discovery and the many hours of "meet and confer" time that counsel have spent on discovery
20 matters.  The defendant served separate requests for production on each of the fifteen plaintiffs and
21 contested the sufficiency of their answers and documents produced.  Four supplementations were
22 produced for plaintiffs Amy, Erika, Tori, Jenny and Jessica and five supplementations were produced

for plaintiffs Lily, Sarah, Maureen, Mya, Pia, Sally, Savannah, Sierra, Skylar and Violet. The many hours of attorney time in this matter include include investigation of the prospect of filing this matter, prefiling communications with defense counsel, drafting of pleadings, review and revision of pleadings drafted by co-counsel, drafting of a complete set of written discovery and disclosures including Rule 26 initial disclosures, including one set of requests for production, and two sets of requests for admission to defendant, drafting of settlement memorandums for three separate settlement conferences, travel roundtrip to San Francisco from Seattle for the hearing on the defendant's Motion to Dismiss Pursuant to Rule 12(b)6), multiple communications with defense counsel concerning discovery and other issues, hearings on discovery motions, two hearings on the parties dispositive motions, drafting of a proposed settlement agreement, drafting of the instant motion and supporting declarations for approval of the minors' settlement, communications with clients, and communications with co-counsel.

21.    This does not count time spent by my paralegal of thirty years' experience who has expended additional time on obtaining documentation as needed, initial drafts of correspondence and some pleadings, scheduling, and client communications.

22.    This also does not count time which may be expended in appearance for any hearing on the instant motion.

23.    My normal hourly rate for fees is $450.00 which is commensurate with that of other attorneys in the Seattle area of my tenure and in my area of practice.

24.    Each of the minor plaintiffs in this matter engaged their attorney's services by entering into a fee agreement at the outset of representation providing for a one-third contingent fee together with reimbursement of reasonable out of pocket costs. This agreement was approved by the guardianship court for Violet and the conservatorship court for Sierra, Sally, Savannah, and Skylar.

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF MOTION TO APPROVE MINOR
SETTLEMENTS - 8

For purposes of this action, an agreement for association of Attorney Kawai as local counsel was also entered into by each of the Plaintiffs including the parents of each of the minors herein. This agreement provides that Mr. Kawai's fees would be a part of the one-third contingent fee and that there would be no greater fee because of his participation as local counsel. The adult plaintiffs in this matter are represented under identical fee agreements.

25. I have advanced $20,387.06 in costs for this matter. None of the clients advanced any money for costs. The largest expense has been for retention and services of plaintiffs' forensic expert for purposes of reviewing the digital evidence in this matter under 18 U.S.C.§3509(m). Further detail of the costs expended is contained at Exhibit 2 attached hereto which is a true and correct itemization of the costs I have advanced in this matter.

26. The attorneys' fees of one third of the gross settlement for each plaintiff would be $███████. The costs advanced by each of the participating firms are as follow:

| Firm | Amount |
|---|---|
| Carol L. Hepburn PS | $20,387.06 |
| Deborah A. Bianco PLLC | $ 6,981.10 |
| John A. Kawai | $ 1,409.75 |
| Carpenter Zuckerman and Rowley | $18,629.79 |
| The Marsh Law Firm | $ 2,569.00 |
| Total | $49,976.70 |

Dividing equally the gross recovery and the costs between the plaintiffs, each minor (and each of the adult plaintiffs as well) would net $██████ ($██████ minus $██████ fees, minus $██████ costs = $██████.) Given the assets we understand are held by the defendant, the lack of insurance to cover the loss, liquidity, the issues presented, and the time and costs expended, it is my opinion

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF MOTION TO APPROVE MINOR
SETTLEMENTS - 9

that the net proceeds proposed to the minors are reasonable and the fees and costs requested are reasonable and well within the norm for such cases. The unfortunate truth is that for all of these children there will likely be other lawsuits to file against the offenders who download their images and videos. This case is not the sole source of funds to aid in their attempts to cope with their injuries.

27.   I respectfully ask the Court to approve the settlement of this matter along with the associated attorneys' fees and expenses.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 13th day of September, 2021, at Seattle, Washington.

CAROL L. HEPBURN, P.S.

By /s Carol L. Hepburn
Carol L. Hepburn , *Pro Hac Vice*
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Of Attorneys for Plaintiffs

DECLARATION OF CAROL L. HEPBURN IN
SUPPORT OF MOTION TO APPROVE MINOR
SETTLEMENTS - 10