John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel: (805)272-4001
Fax: (805)719-6858
Email: jk@czrlaw.com

Deborah A. Bianco, *Pro Hac Vice*
PO Box 6503
Bellevue, WA 98008
(425)747-4500
Email: deb@debbiancolaw.com

Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA 98127
Tel: (206)957-7272
Fax: (206)957-7273
Email: carol@hepburnlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ""AMY," "ERIKA," JANE SMITH, as next of friend for "TORI," minor, "JENNY," and "JESSICA," "LILY," "SARAH," JOHN DOE as court appointed conservator for "SIERRA," and "SALLY," minors, JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH," minors, "MAUREEN," WILLIAM L.E DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE, as next of friend for "PIA," and "MYA," minors,<br><br>Plaintiffs,<br><br>v. | NO. 4:19-cv-02184-PJH<br><br>DECLARATION OF JOHN A. KAWAI IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE MINOR SETTLEMENTS<br><br>Date:<br>Time:<br>Before the Honorable Magistrate Judge Laurel Beeler<br>United States District Court |

1   RANDALL STEVEN CURTIS

2

3                    Defendant.

4

5                          **DECLARATION**

6       I, John A. Kawai, hereby declare as follows:

7

8   1.  I am over the age of eighteen, and an attorney at law who is licensed to practice before Courts in

9       the States of California, Washington, and Nevada. I am a trial lawyer at CARPENTER,

10      ZUCKERMAN & ROWLEY ("CZR"), attorneys of record for Plaintiffs.

11

12  2.  This Declaration is submitted in support of Plaintiff's counsel's attorney's fees and

13      reimbursement of costs for the representation of the plaintiffs in this action.

14  3.  If called to testify at the hearing on this motion, I could and would competently testify to the

15      following based upon my own personal knowledge.

16

17  4.  I have worked extensively on this case as local counsel and co-counsel to Carol L. Hepburn and

18      Deborah A. Bianco, and have been involved at every stage of the civil proceedings.  CZR

19      handles personal injury and wrongful death cases for Plaintiffs across the nation on a

20      contingency basis. This is 99% of our practice. We would typically agree to a 40% contingency

21      fee for a case of this nature, but have taken this case with a 33 1/3% contingency. Absent such

22      contingency fee agreements, we would be forced to limit our practice to cases that are less novel

23      and cheaper to prosecute. Our clients, who typically cannot afford to pay substantial legal fees,

24      would not have us to help them balance the playing field against wealthy bad actors with

25

DECLARATION OF JOHN A. KAWAI IN
SUPPORT OF PLAINTIFFS' MOTION TO
APPROVE MINOR SETTLEMENTS - 2

disproportionately vast financial resources.

5. The fees in this case are reasonable based on the number of hours invested by the attorneys in working up the case and preparing it for trial, as well as the unique experience and knowledge the particular trial attorneys involved in this case brought to bear. An exceedingly small number of attorneys in the nation (on the order of magnitude of 10!) handle the types of claims involved in this case, and my co-counsel Carol L. Hepburn and Deborah A. Bianco are preeminent among them. I serve as local counsel for them in California and Nevada, and am unaware of any attorney in these states other than myself representing plaintiffs in such child sex abuse imagery civil restitution cases.

6. The services undertaken in this lawsuit include but are not limited to verifying the facts underlying the claim and Defendant's liability, collecting and collating all the evidence, including court documents, marshalling evidence in HSI custody, any relevant medical records, meeting with the clients and/or the family, and expert witnesses and consultants, preparing the pleadings and filings, serving summons and subpoenas, investigating the assets of the defendant and researching specific defense contentions, corresponding with and negotiating with opposing counsel, attending two Settlement Conferences, Discovery hearings, a hearing on a Motion for Summary Judgment and a Motion to Dismiss (which for Plaintiff's counsel required air travel), reviewing and preparing the Motions and Oppositions in this matter, and making arrangements for the post-settlement distribution of settlement proceeds sought to be approved by means of this Motion.

7. There was considerable novelty and difficulty in the questions involved that required an

DECLARATION OF JOHN A. KAWAI IN
SUPPORT OF PLAINTIFFS' MOTION TO
APPROVE MINOR SETTLEMENTS - 3

exceptional degree of skill to competently perform legal services in this case. All law firms involved devoted considerable time and resources – including in the months prior to the filing of the case– to addressing the liability challenges and collectability challenges in this case.  In fact, new law was created in the process of litigating this case.

8.  This matter was ultimately resolved pursuant to settlement negotiations between the parties, at a second settlement conference, before United States Magistrate Judge Beeler. In my opinion, this was an excellent settlement relative to the risks inherent in the case and the defendant's ability to pay.

9.  This result was in part a product of CZR's and my experience, resources, and skill, and especially the specific lawyers who worked on this matter. Our offices have handled numerous cases involving physical and emotional injuries to children, and we have obtained seven- and eight-figure jury verdicts, many purely noneconomic damages verdicts, throughout the nation including the State of California. As mentioned before, I am unaware of another attorney in California who is representing plaintiffs in child sex abuse imagery cases involving the claims made in this case. Taking on these cases meant that I have taken away time from other serious personal injury cases that make up most of my firm's practice. The estimated time I have spent on this case is in excess of 175 hours, inclusive of preparing this application, and does not include my staff's time or my co-counsel's time or their staff.

10. CZR advanced costs totaling $18,629.79 in this case for courier and messenger services and expert witness and consultant fees. My separate law firm, John A. Kawai Law Offices, Inc. advanced electronic filing fees for the complaint and pro hac vice petitions, as well as the

1    reasonable and necessary expenses for my travel to and from Court for the August 28, 2019

2    Motion to Dismiss, a total of $1,409.75.

3

4        I hereby declare under penalty of perjury under the laws of the United States of America that

5    the foregoing is true and correct to the best of my knowledge.

6

7        Executed this 7th day of September, 2021, at Ventura, California.

8

9

10   _____

11                              JOHN A. KAWAI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF JOHN A. KAWAI IN
SUPPORT OF PLAINTIFFS' MOTION TO
APPROVE MINOR SETTLEMENTS - 5