1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNI

San Francisco Division

| "AMY", et al., | Case No. 19-cv-02184-PJH (LB) |
| Plaintiffs, | |
| v. | **ORDER APPROVING MINORS' COMPROMISE** |
| RANDALL STEVEN CURTIS, | Re: ECF No. 202 |
| Defendant. | |

## INTRODUCTION

The plaintiffs brought a suit for civil remedies under 18 U.S.C. § 2255(a). Each is a victim of child sex abuse image crimes, and the defendant was convicted following a plea of guilty to possession of child sex abuse images.[1]

Five of the fifteen plaintiffs are minors: Skylar, Savannah, Sally, Violet, and Pia. Sierra has attained majority but is the subject of conservatorship proceedings in her home state. The conservatorship in her home state lasts until age 21 by statute, and she has not yet reached that age. Until August 19, 2021, Sierra was also the subject of a formal guardianship. Mya and Tori, who were minors when the Complaint was filed, have since obtained majority. Therefore, the

---

[1] Pl's. Mot. To Approve Minor Settlements – ECF No. 202-8 at 4. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

1  parties ask the Court for approval of the settlements of Skylar, Savannah, Sally, Sierra, Violet, and

2  Pia in this motion.[2]

3      Blocked accounts have been set up pursuant to previous court orders for each of the minors

4  and for Sierra. All funds obtained on account of their status as victims of child sex-abuse image

5  crimes for all save Pia are placed in blocked accounts monitored by their home state court. A

6  blocked account for Pia is set up in Seattle Washington, the home state of her legal counsel. Each

7  account precludes withdrawal of funds absent a court order. Plaintiffs proposed that, within forty-

8  five days of receipt of any funds for the minors herein which may be approved by the court,

9  Plaintiffs' counsel will file with the court a declaration verifying the deposit of the funds into the

10  blocked accounts. Counsel also asked that any bond be waived.[3]

11     The court can decide the unopposed motion without oral argument, Civ. L. R. 7-1(b), and

12  grants the motion.

13                              **ANALYSIS**

14     "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to

15  safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181

16  (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court must appoint a guardian

17  ad litem — or issue another appropriate order — to protect a minor or incompetent person who is

18  unrepresented in an action." *Id.* (cleaned up). "In the context of proposed settlements in suits

19  involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to

20  determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v.*

21  *Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

22     In cases involving the settlement of federal claims, district courts "limit the scope of their

23  review to the question whether the net amount distributed to each minor plaintiff in the settlement

24  is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in

25  similar cases," and "evaluate the fairness of each minor plaintiff's net recovery without regard to

26

27  _____
   [2] Pl.'s. Mot. To Approve Minor Settlements – ECF No. 202-8 at 4.

28  [3] *Id.*

1    the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel

2    — whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing

3    *Dacanay*, 573 F.2d at 1078).

4        The settlement terms are listed precisely in the underlying documents. Mr. Curtis will pay a

5    specified total for the benefit of all Plaintiffs on or before October 5, 2021, to the plaintiffs'

6    counsel's trust account. These funds are to remain in the trust account pending the outcome of the

7    minor settlement process should it not be complete by this time. Plaintiffs understand that this

8    payment requires a liquidation of or mortgage of a portion of Mr. Curtis' assets.[4]

9        The Plaintiffs, by prior agreement among themselves, agree to an equal sharing of any

10   proceeds of the resolution of this matter as well as an equal sharing of the costs of the litigation.

11   With the proposed settlement each of the plaintiffs would receive a share of the total paid by Mr.

12   Curtis minus fees and costs to the attorneys.[5]

13       There are no subrogated expenses to be paid from the settlement funds.

14       Plaintiffs' attorneys have advanced all costs necessary in pursuit of this action. No funds have

15   been advanced by any of the plaintiffs themselves.

16       Plaintiffs' counsel have submitted a joint estimate of fees for attorney time. This does not

17   count time spent by counsel's paralegals who have expended additional time on initial drafts of

18   documents, correspondence, communications with clients, and scheduling.[6]

19       The minor plaintiffs' parents and the Settlement Guardian ad Litem for Violet entered into fee

20   agreements with counsel Hepburn and Bianco at the outset of representation providing for a

21   contingent fee together with reimbursement of reasonable out of pocket costs. Attorney Hepburn

22   has represented the minors Sally, Skylar, Savannah, and their sister Sierra and also the minor

23   Violet since 2015 under this fee agreement. Attorneys Hepburn and Bianco have represented the

24   minor Pia since 2016, under a similar contingent fee agreement. These agreements have

25

26

27

28

United States District Court
Northern District of California

---

[4] Pl.'s. Mot. To Approve Minor Settlements – ECF No. 202-8 at 5–6.

[5] *Id.* at 6.

[6] *Id.*

1  previously been approved by multiple courts in similar matters and the

2  conservatorship/guardianship matters. For purposes of this action, each of the plaintiffs agreed for

3  Attorney Kawai to act as local counsel. That agreement provides that Mr. Kawai's fees would be a

4  part of the contingent fee and that the plaintiffs would pay no greater fee because of his

5  participation as local counsel.[7]

6

7  **CONCLUSION**

8  The court approves the minors' compromise and orders that the settlement be implemented

9  according to its terms (and as described above). The court orders that all parties must complete all

10  necessary documents, and that all funds must be distributed consistent with the specifications

11  described in the settlement's own terms and in this order. The recovery will be paid by the

12  defendant to the plaintiffs' counsel's trust account on or before October 5, 2021.[8]

13

14  **IT IS SO ORDERED.**

15  Dated: September 30, 2021

16  _____

17  LAUREL BEELER
United States Magistrate Judge

---

[7] Pl.'s. Mot. To Approve Minor Settlements at 7.

[8] *Id.* at 5–6.

ORDER – No. 19-cv-02184-PJH          4

United States District Court
Northern District of California